DAVID GOLUBCHIK (State Bar No. 185530)
YIHAN SHE (State Bar No. 348334)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYG.COM; YAS@LNBYG.COM

Bankruptcy Counsel for
Erin Elizabeth Burke, Debtor and Debtor in
Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ERIN ELIZABETH BURKE,<br><br>       Debtor and Debtor in<br>       Possession. | Case No. 2:24-bk-14882-BB<br><br>Chapter 11<br>Subchapter V<br><br>**DEBTOR'S SUB CHAPTER V PLAN OF REORGANIZATION**<br><br>Status Conference:<br>Date:  October 8, 2024<br>Time: 10:30 a.m.<br>Courtroom: 1539<br>Place: 255 E. Temple Street<br>          Los Angeles, CA 90012 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................. 1

II. FACTUAL BACKGROUND OF THE DEBTOR ........................................... 1

    Objectives of the Chapter 11 Case ................................................................. 4

    Assets and Liabilities ....................................................................................... 5

    Historical Financials ........................................................................................ 5

    Restructuring Strategy ..................................................................................... 6

III. TREATMENT OF UNCLASSIFIED CLAIMS ............................................. 7

    3.1    *Administrative Claims* .......................................................................... 7

    3.2    *Priority Tax Claims* ............................................................................... 9

IV. CLASSIFICATION AND TREATMENT OF CLAIMS .............................. 11

    4.1    Class 1 – *Allowed Secured Claim* ...................................................... 11

    4.1.1    Class 1A – *Allowed Secured Claim of U.S. Bank Trust National Association* ........................................................................................... 11

    4.1.2    Class 1B – *Allowed Secured Claim of Bank of America, N.A.* .......... 11

    4.3    Class 2 – All *General Unsecured Claims (Except Claim 15 of Zions Bancorporation, N.A.).* ....................................................................... 12

V. MEANS OF EXECUTION AND IMPLEMENTATION OF THIS PLAN ........ 13

    5.1    Source of Funding for Plan Payments .................................................. 13

    5.2    Post-Confirmation Management ........................................................... 14

    5.3    Retention of Professionals .................................................................... 14

    5.4    Resolution of Pending Litigation ......................................................... 15

    5.6    Resolution of Tax Claims ..................................................................... 15

    5.7    Reporting Requirements ........................................................................ 15

    5.8    Claims Objection Process ..................................................................... 16

    5.9    Distribution Process .............................................................................. 16

    5.10    Effective Date Actions .......................................................................... 16

VI. BEST INTEREST OF CREDITORS TEST AND PLAN FEASIBILITY ............ 16

i

VII. TREATMENT OF CREDITORS' CLAIMS UNDER THE PLAN ........................................ 18

    1.    Post-Confirmation Management and Compensation .................................................. 18

    2.    Objections to Claim ................................................................................................... 18

    3.    Avoidance Actions, Strong Arm Powers, and Causes of Action ............................. 18

    4.    Employment of Professionals by the Reorganized Debtor and
        Payment of Professional Fees and Expenses after the Effective Date ................... 19

    5.    Distributions to be Made Pursuant to the Plan ........................................................ 19

    6.    Exculpations and Releases ........................................................................................ 19

    7.    Injunctions ................................................................................................................ 19

    8.    Executory Contracts and Unexpired Leases ............................................................ 21

    9.    Changes in Rates Subject to Regulatory Commission Approval ............................ 21

    10.    Retention of Jurisdiction ......................................................................................... 21

VIII. EFFECT OF PLAN CONFIRMATION ........................................................................... 23

    A.    Discharge .................................................................................................................. 23

    B.    Modification of the Plan .......................................................................................... 23

    C.    Post-Confirmation Status Report ............................................................................ 24

    D.    Final Decree ............................................................................................................. 24

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Statutes**

U.S.C.
    §§ 1192 and 1141(d)............................................................................................23

1 U.S.C.
    §§ 1192 and 114l (d)...........................................................................................23

11 U.S.C. 1181(a) ..................................................................................................1

11 U.S.C.
    § 326 ...................................................................................................................17
    § 502(b)...............................................................................................................21
    § 505 ...................................................................................................................10
    § 511 .....................................................................................................................9
    § 1129(a)(7) ........................................................................................................16
    § 1141(d).............................................................................................................23
    § 1191(a)........................................................................................................23, 24
    § 1191(b)........................................................................................................23, 24
    § 1191(b), (2) .....................................................................................................24

26 U.S.C.
    § 6621 .................................................................................................................10

28 U.S.C.
    § 1930(a)(6) ........................................................................................................25

Bankruptcy Code
    §§ 327 through 331, 363 and 1103 .......................................................................9
    § 502(c)...............................................................................................................18
    § 507(a)...............................................................................................................12
    § 507(a)(8) ......................................................................................................9, 10
    § 1112(b).............................................................................................................25
    § 1129(a)(9)(C)....................................................................................................9
    § 1193 .................................................................................................................23

## I.    INTRODUCTION

On June 20, 2024 (the "Petition Date"), Erin Elizabeth Burke (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California, Los Angeles Division.  The Debtor has elected to proceed under Subchapter V of Chapter 11 and continues to administer her estate as a debtor in possession pursuant to title 11 of the Bankruptcy Code sections 1182(2) and 1184.  The Office of United States Trustee appointed Gregory Kent Jones as the Subchapter V Trustee (the "Sub V Trustee").

Subchapter V of Chapter 11 permits the Debtor (and only the Debtor) to propose a plan.  11 U.S.C. 1181(a).  This document is the Debtor's plan (the "Plan"), which includes: (i) background related to the Debtor's Chapter 11 proceeding, (ii) a liquidation analysis, and (iii) projections and declarations with respect to the ability of the Debtor's to make payments under the Plan.  The information in this Plan is provided to help creditors and interested parties understand the Plan and to decide whether to vote to accept or reject the Plan or otherwise file objections.

The effective date of the Plan (the "Effective Date") will be the later of (i) the first day of the calendar month which is at least fourteen days after the entry of the Court's order confirming the Plan (the "Plan Confirmation Order"), and the satisfaction or waiver by the Debtor of all of the following conditions to the effectiveness of the Plan: (a) there shall not be any stay in effect with respect to the Plan Confirmation Oder; (b) the Plan Confirmation Order shall not be subject to any appeal or rehearing; and (c) the Plan and all documents, instruments and agreements to be executed in connection with the Plan have been executed and delivered by all parties to such documents, instruments and agreements.  The Debtor following the Effective Date, shall be referred to as the reorganized debtor (the "Reorganized Debtor").

## II.    FACTUAL BACKGROUND OF THE DEBTOR

The Debtor, Erin Elizabeth Burke, is an accomplished individual entrepreneur with diverse business interests, primarily focused on the home furnishings sector.  Her business acumen has led

to the creation and management of a network of interconnected companies that leverage synergies across e-commerce and retail.

Ms. Burke's primary business is centered around Burke Décor, LLC (the "<u>Burke Décor</u>"), a high-end home furnishings and décor retailer.  Burke Décor operates primarily as an e-commerce platform, offering a curated selection of luxury home furnishings and décor to a discerning customer base.  To complement its online presence, Burke Décor maintains a physical showroom on Beverly Boulevard in Los Angeles, California and in Youngstown, Ohio, both of which serves as both a showcase for the brand's offerings and a strategic touchpoint for customers preferring an in-person shopping experience.

In addition to Burke Décor, the Debtor holds 100% ownership interests in several other limited liability companies, including:

a. Furnishings LA, LLC (no operations);

b. 222 N. Brand Blvd Realty LLC (owns commercial building in middle of renovation);

c. 7373 Market Street Realty LLC (owns commercial building);

d. 300 Boardman Poland Road Realty LLC (owns commercial building);

e. Au Marche LLC (no operations);

f. Enchante LLC (no operations); and

g. DH Décor LLC (no operations).

These entities were involved in various aspects of the Debtor's business operations, including real estate holdings and complementary business ventures in the home furnishings and décor space.

Despite Burke Décor's historically strong brand recognition and loyal customer base, the company has faced significant challenges in recent years.  The e-commerce home furnishings space has become increasingly competitive, putting pressure on Burke Décor's margins and market share. This competitive landscape has been further complicated by supply chain disruptions and increased inventory costs, particularly in the wake of global economic uncertainties.

The company has also grappled with operational inefficiencies between its online platform and brick-and-mortar showroom, resulting in higher than anticipated costs.  These challenges were exacerbated by an overleveraged balance sheet, a consequence of rapid expansion efforts that stretched the company's financial resources.

The confluence of these challenges led to severe liquidity constraints for Burke Décor.  In an effort to keep the business afloat, the Debtor personally guaranteed various business obligations, thereby incurring substantial personal liability.  This intertwining of personal and business finances would prove to be a critical factor in the events that followed.

Further complicating matters, AMPLA, LLC, the primary lender to Burke Décor, commenced a collection action against Burke Décor and the Debtor, as guarantor of the debt, which action is pending in the U.S. District Court for the Northern District of Ohio.  Moreover, Burke Décor became the subject of a consumer protection matter before the Ohio Attorney General's Office.  Adding to these issues, Metropolitan Warehouse & Delivery Corp. brought suit against both Burke Décor, LLC and the Debtor, personally, in the Superior Court of New Jersey.

Finally, through her wholly-owned LLC, 222 N. Brand Blvd Realty LLC, the Debtor owns a commercial property in Glendale, CA, which is undergoing substantial renovations.  The property is subject to a first priority lien in the amount of approximately $5 million.  Based on the costs associated with the renovation (an additional estimated $1.2 million is needed), the Debtor placed the property on the market for sale.  Notwithstanding the Debtor's efforts, a sale was not consummated for an amount sufficient to pay off the loan and provide a distribution to the owner. The Debtor understands that the lender intends to proceed with a foreclosure of the property.

The foregoing legal actions and real estate pressures not only added to the financial strain but also consumed valuable time and resources, further exacerbating the company's, and the Debtor's position.

By early 2024, the mounting financial pressures made it clear that a comprehensive restructuring was necessary.  The Debtor recognized that any effective solution would need to

1  address not only the operational challenges faced by Burke Décor but also her own personal

2  financial situation and the potential personal exposure that the Debtor faced as a result of Burke

3  Décor.    In order to obtain a respite from litigation and other pressures while reorganizing her

4  efforts, the Debtor determined that this filing was necessary and proper.

5  **Objectives of the Chapter 11 Case**

6        Through this chapter 11 case, the Debtor seeks to address her financial challenges

7  comprehensively and position herself and her businesses for future success.  At the core of her

8  strategy is the restructuring and satisfaction of debt being asserted against the Debtor, individually,

9  with the aim of creating a sustainable financial future.

10

11        In an overabundance of caution, the Debtor's schedules included personal debt as well as

12  Burke Décor business debt which the Debtor is not personally liable for to ensure that all putative

13  creditors receive notice and assert claims.  This has occurred and certain filed claims are clearly not

14  the obligation of the Debtor.  The Debtor intends to file claim objections to address such claims.

15        In addition, this bankruptcy filing has resulted in a stay of litigation, which provided the

16  Debtor with an opportunity to analyze her assets and finances in order to propose a feasible plan of

17  reorganization for the benefit of all creditors.

18

19        The Debtor has utilized the time in this bankruptcy case to, not only analyze her assets, but

20  to formulate a reorganization strategy, as discussed below.  While the Debtor has listed the real

21  properties owned by her LLCs for sale, the process has taken a long time and, in today's market,

22  the timing and likely prospects are uncertain.  Fortunately, as evidenced by the accompanying

23  Declaration of Michele Burke, through negotiations and discussions with certain family members,

24  the Debtor has received commitment that, not later than seven (7) day before the Effective Date,

25  the Debtor's family members will contribute to the Debtor all funds required under this Plan.  This

26  will result in maximum and quickest payment to creditors under the circumstances of this case.  In

27  addition, since funds will be on hand by the date of the Plan confirmation hearing, there should be

28

4

no issue with feasibility analysis under the Plan.  The Debtor believes that this is a huge benefit for all creditors and parties in interest herein.

**Assets and Liabilities**

The Debtor's financial portfolio comprises a mix of personal and business-related assets and liabilities.  Among her primary assets is her personal residence in Los Angeles, California, a significant piece of real estate in a competitive market.  Additionally, the Debtor holds 100% ownership interests in several limited liability companies, as discussed above.  These business interests form a substantial portion of her asset base and represent her ongoing involvement in the home furnishings and real estate sectors.  Complementing these major assets are various forms of personal property, including investments, retirement accounts, and other liquid assets, which provide some financial flexibility.

On the liabilities side, the majority of the Debtor's  debt consists of guaranties of Burke Decor's corporate debt.  In addition to these guarantees, the Debtor has direct loans and lines of credit that were utilized over the years, as well as personal guaranties of real estate loans to her LLC entities.

Please note that this overview provides only a high-level summary of the Debtor's financial situation.  For a more comprehensive and detailed breakdown of the Debtor's assets and liabilities, please refer to the Schedules and Statement of Financial Affairs filed with the Bankruptcy Court (Case Dkt. 20), copies of which are attached hereto as **Exhibit "A"**.

**Historical Financials**

The Debtor's income situation is complex and has undergone significant changes in recent years.  Historically, the Debtor receive income from two (2) sources:

1.    Burke Décor; and
2.    Truck World.

Based on the financial difficulties suffered by Burke Décor, the Debtor has received minimal, if any, income therefrom.  The Debtor continues to receive income from Truck World.  However, her monthly income is insufficient to fund her living expenses.

Based on the foregoing, this Plan is not based on net disposable income to fund a plan. Rather, the Debtor has conducted a thorough valuation of her assets and LLC interests and is proposing to pay to creditors 100% of the estate's net value in such assets in an amount substantially greater than liquidation value.

**Restructuring Strategy**

The Debtor's plan of reorganization is designed to address her financial challenges comprehensively while balancing the interests of all stakeholders.  At its core, the plan aims to maximize recovery for creditors based on the current financial situation and available assets. Importantly, to achieve this goal, the Debtor has secured a commitment from her family members to fund the entirety of the Plan prior to the Effective Date to ensure the proposed distributions to creditors.

For claims that the Debtor identifies as objectionable, funds which would otherwise be utilized for distribution will be set aside and distributed upon the Court's resolution of any claim objection(s).

The Debtor's family will contribute 100% of the estate's net value as prepared by the Debtor's financial advisor on the effective date of the plan, a copy of which is attached hereto as **Exhibit "B"**, which proposed amount is substantially in excess of the liquidation value.  In exchange for this contribution, the family will receive liens on the real properties held by the Debtor's LLCs.  This arrangement provides immediate liquidity for creditor distributions.

The plan also addresses tax liabilities. The Debtor or her affiliate(s) will engage a qualified tax professional to review and amend tax returns, which may alter the amount of the IRS priority claim. Pending such resolution, funds will be reserved for the IRS and maintained in an account held by LNBYG.

By addressing all issues in tandem, the Debtor believes this Plan will maximize value for all stakeholders.  It offers a balanced and proactive approach that not only addresses the immediate financial pressures but also lays the groundwork for future success, providing a viable path forward

for the Debtor's business enterprises and ensuring that all parties are able to benefit from the reorganization process.

### III.  TREATMENT OF UNCLASSIFIED CLAIMS

As required by the Bankruptcy Code, the Plan classifies certain Claims and Interests in various Classes according to their right to priority and leaves other types of Claims unclassified as specified in Section IV of the Plan.  Also, as required by the Bankruptcy Code, the Plan states whether each Class of Claims or Interests is impaired or unimpaired and describes the treatment each class will receive.

3.1    *Administrative Claims*

Administrative Claims are Claims for costs or expenses of administering the Debtor's Bankruptcy Case that are allowed under Section 507(a)(2).  The Bankruptcy Code requires that all Administrative Claims that are allowed to be paid on the Effective Date unless a particular claimant agrees to a different treatment.

The following chart lists all of the Debtor's estimated § 507(a)(2) Administrative Claims for professionals employed by the Estate (the "Professional Fee Claims") that will be owed as of the Effective Date and their treatment under the Plan.

| Name | Amount Owed | | Treatment |
|---|---|---|---|
| Clerk's Office Fees | $0 | | Paid in full on the Effective Date |
| Levene, Neale, Bender, Yoo & Golubchik L.L.P., the Debtor's bankruptcy counsel | $0 | | It is anticipated that no payments will be required through the Effective Date in excess of pre-petition retainer received. |
| Gregory Kent Jones, Subchapter V Trustee | $20,000 (est.) | | Paid in full on the later of the Effective Date or entry of a court order approving fees and costs |
| Armory Consulting Co., Financial | $30,000 (est. amount in excess | | Paid in full on the later of the Effective Date or entry |

| Advisor to Debtor | of pre-petition retainer) | | of a court order approving fees and costs |
|---|---|---|---|

The Court must approve all professional fees and expenses listed in this chart before they may be paid.  For all professional fees and expenses (except fees owing to the Clerk of the Bankruptcy Court), the professional in question must file and serve a properly noticed fee application and the Bankruptcy Court must rule on the application.  Only the amount of fees and expenses allowed by the Bankruptcy Court will be required to be paid under the Plan.  The Administrative Claim amounts set forth above simply represent the Debtor's best estimates as to the amount of the administrative claims in the Bankruptcy Case.  The actual administrative claims may be higher or lower.  Much of whether the actual administrative claims described above for professional will be dependent upon whether the Debtor will be required to engage in any substantial litigation regarding the confirmation of the Plan and / or objecting to claims.  To the extent the Debtor is required to engage in any such substantial litigation, the Debtor will incur professional fees and expenses in excess (and possibly substantially in excess) of the figures set forth above.  By voting to accept the Plan, creditors are not acknowledging the validity of, or consenting to the amount of, any of these professional fee claims, and creditors are not waiving any of their rights to object to the allowance of any of these claims.  By including the figures described above, the Debtor is not acknowledging the validity of, or consenting to the amount of, any of these claims, and the Debtor or the Reorganized Debtor are not waiving any of their rights to object to the allowance of any of claims.  Similarly, professionals who have been employed in this bankruptcy case are not being deemed to have agreed that the figures contained herein represent any ceiling on the amount of fees and expenses that they have incurred or are entitled to seek to be paid pursuant to Bankruptcy Court order as such fees and expenses are just estimates provided at the time of the preparation of the Plan.

To the extent Administrative Claims are allowed prior to the Effective Date, such allowed Administrative Claims may be paid by the Debtor out of the Debtor's funds provided the Debtor has sufficient funds to pay them.  To the extent administrative claims are allowed after the Effective Date, such allowed administrative claims will be paid by the Reorganized Debtor.

**Payment of Post-Effective Date Professional Fees and Expenses.**

Except as otherwise provided in this Plan or ordered by the Bankruptcy Court, on and after the Effective Date, the Reorganized Debtor shall, in the ordinary course of business without any further notice or action, order or approval of the Bankruptcy Court, pay with available cash the reasonable legal, professional, or other fees and expenses related to implementation and consummation of this Plan incurred by Professionals retained by the Debtor, and incurred by the Trustee.  Upon the Effective Date, the requirement that Professionals comply with Sections 327 through 331, 363 and 1103 of the Bankruptcy Code after such date shall terminate, and the Debtor may employ any Professional in the ordinary course of business without any further notice to or action, order, or approval of the Bankruptcy Court.

3.2    *Priority Tax Claims*

Prepetition priority tax claims include certain unsecured income, employment and other taxes described by Section 507(a)(8) of the Bankruptcy Code.  Section 1129(a)(9)(C) of the Bankruptcy Code requires that each holder of such a Section 507(a)(8) priority tax claim receive regular installment payments of a total value, as of the Plan Effective Date, equal to the allowed amount of such allowed tax claims, over a period ending not later than five years after the Petition Date, and not less favorable than other creditors paid under the Plan.  Interest rates on these claims are conclusively determined by applicable non-bankruptcy law as of the month that the Plan is confirmed.  11 U.S.C. § 511.

Under the Plan, all allowed Section 507(a)(8) priority tax claims will be paid in full on the Effective Date or as soon thereafter as is practicable after resolution of any objections or determination of debt after the filing of amended returns, however the case may be.

A failure by the Debtor to make a payment on the priority tax claims pursuant to the terms of the Plan will be an event of default.  If the event of default is not cured within thirty (30) days after service of written notice of default from the taxing authority, then the taxing authority may enforce its applicable remedies exclusively by application to the Bankruptcy Court and with jurisdiction maintained exclusively by the Bankruptcy Court.  The chart below indicates all priority tax claims which were either scheduled by the Debtor or asserted by the taxing agencies in timely

filed proofs of claim.  The inclusion of the claims in the chart below is intended simply to reflect

the claims that have been scheduled and/or asserted in timely filed proofs of claim as priority tax

claims, and is not intended to be a concession by the Debtor regarding the validity of the amount of

any such claims or the classification of such claims as priority tax claims under Section 507(a)(8)

of the Bankruptcy Code.

| Description | Treatment |
|---|---|
| Claimant:<br><br>Internal Revenue Service<br><br>Type of Claim: Priority Claim and General Unsecured Claim (Claim No. 7)<br><br>Claim Amount: $705,263.53 (Priority Claim)<br><br>$105,908.08 (General Unsecured Claim) | (a) Priority Portion: The Debtor is working on analyzing and, if appropriate, amending her prior tax returns which may affect this tax liability.  In the event that the Debtor does not file her amended returns prior to the Effective Date, then, on the Effective Date or as soon as practical thereafter, the Debtor shall pay to the IRS $705,263.53 on account of its priority unsecured claim.  In the event that amended tax return(s) is/are filed prior to the Effective Date, payment shall be delayed until a new assessment or amendment by the IRS.  Any payment delays shall include interest at the applicable statutory rate under 26 U.S.C. § 6621.<br><br>(b) General Unsecured Portion: The general unsecured portion of the IRS claim in the amount of $105,908.08 shall be treated as a Class 2A General Unsecured Claim.<br><br>The Debtor reserves the right to object to this claim and to seek determination of tax liability under 11 U.S.C. § 505. |
| Claimant:<br><br>Pennsylvania Department of Revenue<br><br>Type of Claim: Priority Claim and General Unsecured Claim (Claim No. 11)<br><br>Claim Amount: $49,057.57 (Priority Claim)<br><br>$11,790.91 (General Unsecured Claim) | (a) Priority Portion: The Debtor is working on analyzing and, if appropriate, amending her prior tax returns which may affect this tax liability.  In the event that the Debtor does not file her amended returns prior to the Effective Date, then, on the Effective Date or as soon as practical thereafter, the Debtor shall pay to claimant $49,057.57 on account of its priority unsecured claim.  In the event that amended tax return(s) is/are filed prior to the Effective Date, payment shall be delayed until a new assessment or amendment by claimant.  Any payment delays shall include interest at the applicable statutory rate under 26 U.S.C. § 6621.<br><br>(b) General Unsecured Portion: The general unsecured portion of the claim in the amount of $11,790.91 shall be treated as a Class 2A General Unsecured Claim.<br><br>The Debtor reserves the right to object to this claim and to seek determination of tax liability under 11 U.S.C. § 505. |

# IV.  <u>CLASSIFICATION AND TREATMENT OF CLAIMS</u>

4.1    Class 1 – *Allowed Secured Claim*

Class 1 consists of all Allowed Secured Claims.  Each holder of an Allowed Secured Claim shall be treated as a separate subclass for voting and distribution purposes.

4.1.1    Class 1A – *Allowed Secured Claim of U.S. Bank Trust National Association*

| Class # | Description | Voting (Y/N) | Treatment |
|---|---|---|---|
| 1A | <u>Claimant</u>: U.S. Bank Trust National Association c/o NewRez LLC d/b/a Shellpoint Mortgage Servicing<br><br><u>Type of Claim</u>: Allowed Secured Claim<br><br><u>Claim Amount</u>: $2,799,773.51 (Claim No. 13)<br><br>Arrearage: $23,512<br><br><u>Collateral</u>: Debtor's primary residence at 6411 Ivarene Ave, Los Angeles | Impaired<br><br>Entitled to Vote. | On the Effective Date, the Debtor will make a payment to claimant in the amount of the arrears, if any, which assertion is being investigated at this time.  If a dispute exists, the funds will be maintained in a segregated account pending resolution thereof.<br><br>Any default related to the obligations to claimant shall be deemed waived and forgiven. Other than as set forth herein, claimant's liens shall be unaffected by the Plan and shall remain on the property with the same validity, priority and extent as it held immediately prior to the Petition Date. |

4.1.2    Class 1B – *Allowed Secured Claim of Bank of America, N.A.*

| Class # | Description | Voting (Y/N) | Treatment |
|---|---|---|---|
| 1B | <u>Claimant</u>: Bank of America, N.A.<br><br><u>Type of Claim</u>: Allowed Secured Claim | Impaired<br><br>Entitled to Vote. | Claimant's secured claim is collateralized by the Debtor's investment portfolio, which has a value of approximately $33,000.  The Debtor intends to stipulate with claimant to allow claimant to execute on its collateral and release the balance to the Debtor.  No other payments will be made.  To the extent this |

| | | | |
|---|---|---|---|
| <u>Claim Amount</u>: $20,186.88 (Claim No. 16)<br><br><u>Collateral</u>: Securities Account (Pledge Account / Control) | | | occurs prior to Plan confirmation, this claim will be satisfied and eliminated. |

4.3    Class 2 – All *General Unsecured Claims (Except Claim 15 of Zions Bancorporation, N.A.).*

General unsecured claims are unsecured claims not entitled to priority under Bankruptcy Code Section 507(a).  The following chart identifies the Plan's treatment of the class containing all of the Debtor's non-priority general unsecured claims (<u>See</u> the Claims Chart for detailed information about each general unsecured claim attached hereto as **Exhibit "C"**):

| **CLASS #** | **DESCRIPTION** | **IMPAIRED (Y/N)** | **TREATMENT** |
|---|---|---|---|
| 2A | All general unsecured claims of the Debtor not included in any other class and excluding Claim 15 of Zions Bancorporation, N.A..<br><br>Total amount of Class 2A claims: $10.489 million estimated.<br><br>The Claims Chart attached as **Exhibit "C"** to the Plan shows all claims which were scheduled by the Debtor and all proofs of claim which have been filed against the Debtor that are in Class 2A. | Yes.<br><br>Entitled to vote | In full and final satisfaction of each, any, and all of their claims against the Debtor, each holder of a Class 2A allowed claim will receive a cash payment equal to its prorated share of the Plan Funds remaining after payment of all senior classes of claims which amount is estimated to be $672,168.<br><br>Class 2A will not receive interest on their claims.<br><br>It is estimated that the recovery of Class 2A creditors, based on distribution of $672,168, will be approximately 6.4%. Notwithstanding the foregoing, payments to Class 2A creditors will be based on their pro-rata share of $672,168 and not based on anticipated percentage recovery estimated herein. |

| 2B | General unsecured claim of Zions Bancorpopration, N.A. (Claim No. 15).<br><br>Total amount of Class 2B claim is $5,053,112.17. | Yes.<br><br>Entitled to vote | Class 2B is a guaranty claim of obligation owing to claimant by 222 N. Brand Blvd Realty LLC, which claim is secured by a first priority security interest in certain commercial real property located in Glendale, CA. Debtor believes that the value of the Property is approximately $5 million, thereby providing adequate protection to claimant. In the unlikely event that the collateral proves to be insufficient, the deficiency claim herein shall be treated as a Class 2A claim and receive distribution *parri passu* with Class 2A general unsecured creditors in full and final satisfaction of the Class 2B claim. |

The Debtor reserves the right to object to these claims and to assert all applicable defenses, including challenges to personal liability and the extent of the guarantees.

## V. MEANS OF EXECUTION AND IMPLEMENTATION OF THIS PLAN

**5.1    Source of Funding for Plan Payments**

The source of funding for payments due under this Plan will be derived from a contribution of funds from the Debtor's family members in accordance with the Declaration of Michele Burke attached hereto.  Ms. Burke is the mother of the Debtor.

Based on valuation of the estate's interest in the Debtor's assets, which includes a liquidation analysis and waterfall therefrom, a copy of which is attached hereto as **Exhibit "B"**, the Estate's interest in the monetization of the Debtor's assets and interests totals $1,513,224, which amount will be contributed to fund the Plan.  Based on the foregoing Plan provisions, the funds are expected to be utilized as follows:

Available Funds          -          $1,500,000

Less Administrative Claims   -          <$50,000>

| | | |
|---|---|---|
| Less Priority Unsecured | - | <$754,320> |
| Less Class 1 Arrears | - | <u><$23,512></u> |
| Net Available for Unsecureds | - | $672,168 |

**5.2    Post-Confirmation Management**

As an individual Chapter 11 debtor, the Debtor will maintain control over her personal financial affairs and business interests following confirmation of the Plan.  She will continue to manage her wholly-owned LLCs, including Burke Décor, LLC, Furnishings LA, LLC, and various real estate holding LLCs.  In her post-confirmation role, the Debtor's key responsibilities will include:

1)    Provide oversight and strategic direction for Burke Décor, LLC operations, ensuring the company's continued growth and profitability,

2)    Actively manage her real estate holdings, overseeing development projects and coordinating property sales as outlined in the Plan.

3)    Work closely with retained professionals on ongoing legal and financial matters, ensuring compliance with Plan provisions and addressing any issues that may arise during implementation.

4)    Implement and maintain stringent financial controls and reporting mechanisms across all her business entities, promoting transparency and accountability throughout the post-confirmation period.

**5.3    Retention of Professionals**

To facilitate the successful implementation of the Plan, the Debtor has retained and will continue to employ a team of specialized professionals.  Levene Neale Bender Yoo & Golubchik L.L.P. will serve as bankruptcy counsel, providing ongoing legal advice related to Plan implementation, representing the Debtor in any claim objection litigation, and assisting with

14

necessary Plan modifications.  Armory Consulting Company will act as financial advisor, tasked with preparing and monitoring financial projections, assisting with creditor negotiations and reporting, and analyzing potential property sales and refinancing options.  The Debtor or her affiliate(s) also intend to retain a qualified tax professional to review and potentially amend tax returns, assist with IRS and state tax claim resolutions, and provide advice on the tax implications of Plan transactions.  As the Plan progresses, the Debtor may engage additional professionals as needed, such as a real estate broker to facilitate property sales, ensuring that each aspect of the Plan is executed with the necessary expertise and precision.

**5.4     Resolution of Pending Litigation**

To the extent that the Debtor is named as a party defendant in pending litigation, this Plan shall supersede any rights in the litigation.  To the extent that claims against third parties are being pursued, this Plan will not affect the prosecution of such claims.

**5.6     Resolution of Tax Claims**

With respect to the asserted priority claims, the Debtor or her affiliate(s) intend to engage a qualified tax professional to conduct a thorough review of the Debtor's and her affiliates' tax filings.  This review may lead to the amendment of returns, potentially amending overall tax liability.

**5.7     Reporting Requirements**

The Reorganized Debtor will comply with the following reporting requirements:

1.  **Quarterly Post-Confirmation Reports**: Quarterly Post-Confirmation Reports, filed with the Bankruptcy Court, will provide a comprehensive overview of the reorganization's progress.  These reports will include updates on claim resolutions, litigation status, and plan payment progress, along with a detailed accounting of payments made to each class of creditors. The filing of such reports will continue until entry of final decree in this case.

2. **Tax Compliance**: Post-confirmation tax returns will be filed in a timely manner and evidence of this compliance will be provided to the Liquidating Trustee and major creditors.

**5.8    Claims Objection Process**

The Debtor shall file objections to claims within 60 days after the Effective Date. The Bankruptcy Court shall retain jurisdiction over such objections. The Debtor reserves the right to object to any claim and to assert all applicable defenses.

**5.9    Distribution Process**

Distributions for undisputed claims will be made within 30 days of the Effective Date. For disputed claims, funds will be held in reserve pending resolution of objections. Upon resolution, distributions will be made promptly.

**5.10    Effective Date Actions**

On or about the Effective Date, the following actions will occur:

a)  Receipt of funds from the Debtor's family;

b)  Initial distributions to holders of undisputed claims within 30 days of Effective Date; and

c)  Establishment of reserve accounts for disputed claims.

The Debtor believes that this Plan provides the best possible outcome for all creditors and offers a feasible path to reorganization. The Debtor reserves the right to modify the Plan as necessary to ensure its successful implementation, subject to applicable provisions of the Bankruptcy Code and Rules.

**VI.  BEST INTEREST OF CREDITORS TEST AND PLAN FEASIBILITY**

A confirmable plan must pass the "best interests of creditors test" (the "Test"), as set forth in 11 U.S.C. § 1129(a)(7).  Under the Test, if a claimant or interest holder is in an impaired class and that claimant does not vote or accept the Plan, then that claimant or interest holder must receive

or retain under the Plan property of value not less than that claimant or interest holder would receive in a hypothetical chapter 7 case.

In the hypothetical chapter 7, the debtor's non-exempt assets are sold by a chapter 7 trustee. Secured creditors are paid first from the sale proceeds of properties on which the secured creditor has a lien.  Administrative claims are paid next including the chapter 7 trustee's statutory fee under 11 U.S.C. § 326.  Next unsecured creditors are paid from any remaining sales proceeds, according to their priority rights in proportion to the amount of their allowed claim in relationship to the total allowed unsecured claims.  Finally, interest holders receive the balance that remains after creditors are paid, if any.

For the Court to be able to confirm the Plan, the Court must find that all creditors and interest holders who do not accept the Plan will receive at least as much under the Plan as such holders would receive under a chapter 7 liquidation of the Debtor's assets.  The Debtor maintains that this requirement is clearly met.

Multiple classes under the Plan are impaired to the extent determined to have allowed claims.  The Debtor must satisfy the Test with respect to members of such classes that do not vote to accept the Plan.

Attached as **Exhibit "B"** is a demonstration of the liquidation analysis in a hypothetical chapter 7 case, if the case were to be converted to chapter 7 instead of Plan confirmation.  As shown in **Exhibit "B"**, all creditors and interest holders will receive more under the Plan as they would under a Chapter 7 liquidation of the Debtor's assets. Specifically, under the Plan, it is anticipated that general unsecured creditors will receive a distribution in the aggregate amount of $672,168, which in a hypothetical Chapter 7 liquidation, the amount would be $461,918.  Based on estimated unsecured claims of $10.489 million, under the Plan, distribution to general unsecured creditors will be approximately 6.4% while, in the event of a hypothetical liquidation, the dividend to general unsecured creditors would be 4.4%.  It is clear that Plan confirmation is superior to a potential liquidation.

Moreover, in a liquidation, the amount and timing of payments is uncertain since factors such as market values, time to sell and tax implications would be a factor. In this case, because 100% of Plan payments will be funded by the Effective Date, this uncertainty and risk is not an issue.

## VII.  TREATMENT OF CREDITORS' CLAIMS UNDER THE PLAN

1. **Post-Confirmation Management and Compensation**

The Debtor is an individual and, as such, is not managed by anyone. After the Effective Date, the Debtor will manage and operate her current businesses.

2. **Objections to Claim**

The Debtor or the Reorganized Debtor, as the case may be, will file objections to all claims that are inconsistent with the Debtor's books and records or are otherwise objectionable to them unless they deem the inconsistency to be insignificant. Any other party in interest shall have the right to prosecute claim objections as well. With respect to disputed claims that are not resolved prior to the Effective Date, the Reorganized Debtor will have the authority, in its sole discretion, and in the reasonable exercise of its business judgment, to settle or compromise any disputed claim without further notice or Court approval. As provided by Section 502(c) of the Bankruptcy Code, the Bankruptcy Court may estimate any contingent or unliquidated disputed claim for purposes of confirmation of the Plan.

3. **Avoidance Actions, Strong Arm Powers, and Causes of Action**

The Debtor reviewed her transactions with creditors and transfers of funds. Based on such investigation, the Debtor believes that there are no valuable avoidance claims and causes of action that may be pursued for the benefit of the estate and all creditors. Nevertheless, in an overabundance of caution, all avoidance actions and strong-arm powers of a trustee under chapter 5 of the Bankruptcy Code, shall irrevocably vest in the Debtor and be transferred in total to the Reorganized Debtor upon confirmation of the Plan. The deadline for filing avoidance actions under chapter 5 of the Bankruptcy Code shall be the 90 days after the Plan Effective Date.

4.    **Employment of Professionals by the Reorganized Debtor and Payment of Professional Fees and Expenses after the Effective Date**

On and after the Effective Date, the Reorganized Debtor shall have the right to employ and compensate professionals as the Reorganized Debtor determine is appropriate and to compensate any such professionals without the need for any notice or further order of the Bankruptcy Court.

5.    **Distributions to be Made Pursuant to the Plan**

Except as otherwise agreed to by the Reorganized Debtor in writing, distributions to be made to holders of allowed claims pursuant to the Plan may be delivered by regular mail, postage prepaid, to the address shown in the Debtor's schedules, as they may from time to time be amended in accordance with Bankruptcy Rule 1009, or, if a different address is stated in a proof of claim duly filed with the Bankruptcy Court, to such address.  Checks issued to pay allowed claims shall be null and void if not negotiated within sixty (60) days after the date of issuance thereof.

6.    **Exculpations and Releases**

To the maximum extent permitted by law, neither the Debtor, the Reorganized Debtor, nor any of their professionals employed or retained by any of them, whether or not by Bankruptcy Court order, shall have or incur any liability to any person or entity for any act taken or omission made in good faith in connection with or related to the formulation and implementation of the Plan, or a contract, instrument, release, or other agreement or document created in connection therewith, the solicitation of acceptances for or confirmation of the Plan, or the consummation and implementation of the Plan and the transactions contemplated therein, including the distribution of estate funds.

7.    **Injunctions**

The Plan Confirmation Order shall enjoin the prosecution, whether directly, derivatively or otherwise, of any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, equitable remedy, liability or interest released, discharged, stayed, or terminated pursuant to the

Plan.  Except as provided in the Plan or the Plan Confirmation Order, as of the Plan Effective Date, all entities that have held, currently hold or may hold a claim or other debt or liability or equitable remedy that was stayed or is discharged or an interest or other right of an equity security holder that is extinguished pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against 1) the Debtor, or the Reorganized Debtor, or 2) the Debtor's property, on account of any such discharged claims, debts or liabilities or extinguished interests or rights:

a) commencing or continuing, in any manner or in any place, any action or other proceeding;

b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order;

c) creating, perfecting or enforcing any lien or encumbrance;

d) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor; and

e) commencing or continuing any action in any manner, in any place, that does not comply with or is inconsistent with the provisions of the Plan.

By accepting distributions pursuant to the Plan, each holder of an allowed claim receiving distributions pursuant to the Plan shall be deemed to have specifically consented to the injunctions set forth in this Section.  The injunction described in this paragraph (the "Injunction") is applicable to all creditors and parties in interest with respect to claims or causes of action arising or existing prior to the Effective Date.

All creditors and parties in interest who are presented with a copy of the Plan Confirmation Order are charged with actual knowledge of the Injunction and with actual knowledge that the Injunction is applicable to said creditor and/or party in interest (the "Actual Knowledge"), such that it is impossible for said creditor and/or party in interest to have a good faith belief that the Injunction does not apply to said creditor's and/or party in interest's claim or cause of action.

Accordingly, any creditor and/or party in interest charged with such Actual Knowledge may be held in contempt for violating the Injunction, which contempt proceeding shall include the Reorganized Debtor's reasonable attorneys' fees and costs for enforcing the Injunction.

8.      **Executory Contracts and Unexpired Leases**

The Debtor does not believe that she is a party to any executory contracts or unexpired leases.  However, as of the Effective Date, any executory contract and/or unexpired lease to which the Debtor are a party shall be deemed to be rejected by the Debtor effective as of 11:59 PST on the Effective Date.  THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF AN UNEXPIRED LEASE OR EXECUTORY CONTRACT WHICH IS REJECTED ON THE PLAN EFFECTIVE DATE WILL BE THIRTY DAYS AFTER THE PLAN EFFECTIVE DATE.  Any claim resulting from the Debtor's rejection of an unexpired lease or executory contract will be barred if the proof of claim is not timely filed, unless the Court orders otherwise.  Any allowed claim resulting from the Debtor's rejection of an unexpired lease or executory contract will constitute a Class 7 allowed claim, subject to the limitations set forth in 11 U.S.C. § 502(b) and other applicable sections of the Bankruptcy Code.

9.      **Changes in Rates Subject to Regulatory Commission Approval**

The Debtor is not subject to governmental regulatory commission approval of their rates.

10.    **Retention of Jurisdiction**

After confirmation of the Plan and occurrence of the Effective Date, in addition to jurisdiction which exists in any other court, the Bankruptcy Court will retain such jurisdiction as is legally permissible including for the following purposes:

i.      To resolve any and all disputes regarding the operation and interpretation of the Plan and the Plan Confirmation Order;

ii.     To determine the allowability, classification, or priority of claims and interests upon objection by the Debtor or the Reorganized Debtor and to consider any

objection to claim or interest whether such objection is filed before or after the Effective Date;

iii.     To determine the extent, validity and priority of any lien asserted against property of the Debtor and property of the Debtor's estate;

iv.     To construe and take any action to enforce the Plan, the Confirmation Order, and any other order of the Bankruptcy Court, issue such orders as may be necessary for the implementation, execution, performance, and consummation of the Plan, the Plan Confirmation Order, and all matters referred to in the Plan and the Plan Confirmation Order, and to determine all matters that may be pending before this Bankruptcy Court in this Bankruptcy Case on or before the Effective Date with respect to any person or entity related thereto;

v.     To determine any and all applications for allowance of compensation and reimbursement of expenses of professionals for the period on or before the Effective Date;

vi.     To determine any request for payment of administrative expenses;

vii.     To determine motions for the rejection, assumption, or assignment of executory contracts or unexpired leases filed before the Effective Date and the allowance of any claims resulting therefrom;

viii.     To determine all applications, motions, adversary proceedings, contested matters, and any other litigated matters instituted during the pendency of the Bankruptcy Case whether before, on, or after the Effective Date.

ix.     To determine such other matters and for such other purposes as may be provided in the Plan Confirmation Order;

x.     To modify the Plan under Section 1193 of the Bankruptcy Code in order to remedy any apparent defect or omission in the Plan or to reconcile any inconsistency in the Plan so as to carry out its intent and purpose upon motion by the Reorganized Debtor;

xi.  Except as otherwise provided in the Plan and the Plan Confirmation Order, to issue injunctions, to take such other actions or make such other orders as may be necessary or appropriate to restrain interference with the Plan or the Plan Confirmation Order, or the execution or implementation by any person or entity of the Plan or the Plan Confirmation Order;

xii.  To issue such orders in aid of consummation of the Plan and the Plan Confirmation Order, notwithstanding any otherwise applicable nonbankruptcy law, with respect to any person or entity, to the fullest extent authorized by the Bankruptcy Code or Bankruptcy Rules;

xiii.  To enter a discharge, under 1 1 U.S.C. §§ 1192 and 114l (d), if applicable; and

xiv.  To enter a final decree closing the Bankruptcy Case.

## VIII.  EFFECT OF PLAN CONFIRMATION

**A.** <u>**Discharge**</u>

If the Plan is confirmed pursuant to 11 U.S.C. § 1191(a), the Debtor shall receive a discharge of her debts pursuant to 11 U.S.C. § 1141(d) on the Effective Date.  If the Plan is confirmed pursuant to 11 U.S.C. § 1191(b), the Debtor shall receive a discharge pursuant to U.S.C. §§ 1192 and 1141(d), as soon as practicable after the Debtor has completed payment to the classes for which the Plan was confirmed pursuant to 11 U.S.C. § 1191(b).

**B.** <u>**Modification of the Plan**</u>

A debtor may modify the Plan at any time before confirmation.  However, the Bankruptcy Court may require re-voting on the Plan if the Debtor modifies the Plan before confirmation in a manner that materially and adversely affects a creditor or interest holder that had voted in favor of the Plan.  If the Plan is confirmed pursuant to 11 U.S.C. § 1191(a), the Reorganized Debtor may seek to modify the Plan at any time after confirmation of the Plan so long as (1) the Plan has not

23

1  been substantially consummated, (2) circumstances warrant the modification, and (3) the

2  Bankruptcy Court authorizes the proposed modifications after notice and a hearing.  If the Plan is

3  confirmed pursuant to 11 U.S.C. § 1191(b), the Reorganized Debtor may seek to modify the Plan

4  during the life of the Plan as fixed by the Court, so long as (1) the modified plan still meets the

5  requirements of 11 U.S.C. § 1191(b), (2) circumstances warrant the modification, and (3) the

6  Bankruptcy Court authorizes the proposed modifications after notice and a hearing.

7  **C.**    **Post-Confirmation Status Report**

8        Until a final decree closing the Bankruptcy Case is entered, the Reorganized Debtor will

9  file quarterly post-confirmation status reports with the Bankruptcy Court explaining what progress

10  has been made toward consummation of the confirmed Plan.

11        Any creditor or any party in interest may bring a motion to convert or dismiss the

12  Bankruptcy Case under section 1112(b) of the Bankruptcy Code after the Plan is confirmed, but

13  before the final decree is entered, if there is a default in performing the Plan.  If the Bankruptcy

14  Court orders the Bankruptcy Case converted to chapter 7 after the Plan is confirmed, then all

15  property that had been property of the Debtor's chapter 11 estate that has not been disbursed

16  pursuant to the Plan will revest in the chapter 7 estate and the automatic stay will be reimposed

17  upon the revested property, but only to the extent that relief from stay was not previously

18  authorized by the Bankruptcy Court during the Bankruptcy Case.  The Plan Confirmation Order

19  may be revoked under very limited circumstances.  The Bankruptcy Court may revoke the Plan

20  Confirmation Order.

21  **D.**    **Final Decree**

22        Once the Estate has been fully administered as referred to in Federal Rule of Bankruptcy

23  Procedure 3022, or substantially consummated or as otherwise applicable and provided by law, the

24  Reorganized Debtor will file a motion with the Bankruptcy Court to obtain a final decree to close

25  the Bankruptcy Case.  The Reorganized Debtor will be responsible for the timely payment of all

26  fees incurred pursuant to 28 U.S.C. § 1930(a)(6) should any exist.

27

28

Dated:  September 18, 2024                    Respectfully submitted,


                                             By:  _____
                                                  Erin Elizabeth Burke, Debtor

Presented by:

LEVENE, NEALE, BENDER, YOO & GOLUBCHIK, L.L.P.


By:    */s/ David B. Golubchik*
       David B. Golubchik
       Yihan She
       Attorneys for Debtor and Plan Proponent

1

**DECLARATION OF ERIN E. BURKE**

2

3
       I, ERIN E. BURKE, hereby declare as follows:

4
       1.     I have personal knowledge of the facts set forth below and, if called to testify, would

5
and could competently testify thereto.

6
       2.     I am the debtor and debtor in possession in this Chapter 11 bankruptcy case.

7
       3.     I have reviewed the Plan of Reorganization to which this Declaration is attached.  I

8
hereby confirm that the information set forth in the Plan is true and correct to the best of my

9
knowledge and I incorporate the factual statements therein by this reference.

10
       4.     I have disclosed all my assets and all my liabilities to be best of my information and

11
knowledge.

12
       5.     My goal in this case is to achieve an effective reorganization without the need for

13
further litigation or delays.  While I have used best efforts to market and sell the real properties

14
owned by my LLCs, to date, the efforts have not been successful.  As a result, I have requested my

15
family to assist me in funding this Plan, to which my mother agreed as set forth in her

16
accompanying Declaration.

17
       I declare under penalty of perjury under the laws of the United States of America that the

18
foregoing is true and correct.

19
       Executed on this 18th day of September, 2024 at Los Angeles, California.

20

21
By:_____

22
       ERIN E. BURKE

23

24

25

26

27

28

### DECLARATION OF MICHELE BURKE

I, MICHELE BURKE, hereby declare as follows:

1.    I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2.    I am the mother of Erin Burke, which is the debtor and debtor in possession in this Chapter 11 bankruptcy case.

3.    To assist Erin in connection with her reorganization efforts, I have agreed to provide to Erin (through her counsel), the sum of $1,500,000 in order to allow her to make necessary payments to creditors under her Plan.  Attached hereto as **Exhibit "D"** is a true and correct copy of my trust's bank statement which shows the availability of such funds.  Upon confirmation of the Plan, and not later than seven (7) days before the Effective Date of the Plan, I will transfer $1,513,224 to Erin's bankruptcy counsel's trust account to be utilized in accordance with the provisions of the Plan to which this Declaration is attached.  The funding will not be a loan to Erin and will not be subject to repayment by Erin.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 18th day of September, 2024 at San Diego, California.


By:_____
     MICHELE E. BURKE

27

## EXHIBIT "A" – SCHEDULES OF ASSETS AND LIABILITIES

**Fill in this information to identify your case:**

| Debtor 1 | **Erin Elizabeth Burke** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION | | |
| Case number (if known) | **2:24-bk-14882** | | |

☐ Check if this is an amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Sign Below**

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

■ No

☐ Yes. Name of person _____ Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

X _____    X _____

**Erin Elizabeth Burke**    Signature of Debtor 2
Signature of Debtor 1

Date 07/05/2024    Date _____

Official Form 106Dec    Declaration About an Individual Debtor's Schedules

# STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LBR 1015-2
### UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1.  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None**

2.  (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None**

3.  (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None**

4.  (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at  **Los Angeles** _____ , California.

Date:  ___07/05/2024_____

**Erin Elizabeth Burke**
Signature of Debtor 1

_____
Signature of Debtor 2

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2018                           Page 1              **F 1015-2.1.STMT.RELATED.CASES**

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Erin Elizabeth Burke** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION |
| Case number | **2:24-bk-14882** |
| (if known) | |

☐ Check if this is an amended filing

# Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information    12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.**

| Part 1: | Summarize Your Assets | |
|---|---|---|

| | | **Your assets** Value of what you own |
|---|---|---|
| 1. | **Schedule A/B: Property** (Official Form 106A/B) | |
| | 1a. Copy line 55, Total real estate, from Schedule A/B............................................. | $ 3,588,000.00 |
| | 1b. Copy line 62, Total personal property, from Schedule A/B................................... | $ 1,775,038.00 |
| | 1c. Copy line 63, Total of all property on Schedule A/B............................................. | $ 5,363,038.00 |

| Part 2: | Summarize Your Liabilities | |
|---|---|---|

| | | **Your liabilities** Amount you owe |
|---|---|---|
| 2. | *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) 2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D...* | $ 2,790,154.19 |
| 3. | *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*............................. | $ 776,400.63 |
| | 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*........................... | $ 4,295,416.98 |
| | **Your total liabilities** | $ 7,861,971.80 |

| Part 3: | Summarize Your Income and Expenses | |
|---|---|---|

| 4. | *Schedule I: Your Income* (Official Form 106I) Copy your combined monthly income from line 12 of *Schedule I*............................................... | $ 26,158.00 |
| 5. | *Schedule J: Your Expenses* (Official Form 106J) Copy your monthly expenses from line 22c of *Schedule J*................................................ | $ 35,082.00 |

| Part 4: | Answer These Questions for Administrative and Statistical Records |
|---|---|

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

☑ Yes

7. **What kind of debt do you have?**

☐ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

☑ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Debtor 1    **Erin Elizabeth Burke**                                    Case number *(if known)*    **2:24-bk-14882**

8.  **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form
    122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.                               $    26,157.00

9.  **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $    0 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $    776,400.63 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $    0 |
| 9d. Student loans. (Copy line 6f.) | $    0 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $    0 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$    0 |

9g.  **Total.** Add lines 9a through 9f.                                        $    776,400.63

| Fill in this information to identify your case and this filing: | |
|---|---|
| Debtor 1 | **Erin Elizabeth Burke** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION |
| Case number | **2:24-bk-14882** |

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property                                    12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.

■ Yes.  Where is the property?

1.1

**6411 Ivarene Ave**
Street address, if available, or other description


**Los Angeles      CA    90068-0000**
City                State        ZIP Code




**Los Angeles**
County

**What is the property?** Check all that apply
- ■ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ☐ Investment property
- ☐ Timeshare
- ☐ Other _____

**Who has an interest in the property?** Check one
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ■ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:
**Value of $3,900,000 less 8% cost of sale ($312,000) results in value of $3,588,000**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$3,588,000.00** | **$3,588,000.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.
**100% owned**

☐ **Check if this is community property** (see instructions)

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here**..........................................................................=>

| |
|---|
| **$3,588,000.00** |

### Part 2:    Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Debtor 1    **Erin Elizabeth Burke**                                    Case number *(if known)*    **2:24-bk-14882**

### 3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

☐ No
■ Yes

| 3.1 | Make: | **Land Rover** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|---|

| 3.1 | | | | |
|---|---|---|---|---|
| | Make: | **Land Rover** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| | Model: | **Range Rover** | ■ Debtor 1 only | |
| | Year: | **2021** | ☐ Debtor 2 only | Current value of the entire property? / Current value of the portion you own? |
| | Approximate mileage: | **33468** | ☐ Debtor 1 and Debtor 2 only | |
| | Other information: | | ☐ At least one of the debtors and another | |
| | | | ☐ Check if this is community property (see instructions) | $60,412.00 / $60,412.00 |

| 3.2 | | | | |
|---|---|---|---|---|
| | Make: | **Land Rover** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| | Model: | **Range Rover** | ■ Debtor 1 only | |
| | Year: | **2008** | ☐ Debtor 2 only | Current value of the entire property? / Current value of the portion you own? |
| | Approximate mileage: | **121000** | ☐ Debtor 1 and Debtor 2 only | |
| | Other information: | | ☐ At least one of the debtors and another | |
| | | | ☐ Check if this is community property (see instructions) | $22,707.00 / $22,707.00 |

### 4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No
☐ Yes

5   Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here...........................................................................=>   $83,119.00

**Part 3:    Describe Your Personal and  Household Items**

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

### 6. Household goods and furnishings
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
■ Yes.  Describe.....

| Household goods and furnishings | $10,000.00 |
|---|---|

### 7. Electronics
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
☐ No
■ Yes.  Describe.....

| Household electronics | $500.00 |
|---|---|

### 8. Collectibles of value
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
■ No

| Debtor 1 | Erin Elizabeth Burke | Case number *(if known)* | 2:24-bk-14882 |
|---|---|---|---|

☐ Yes. Describe.....

**9. Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

☑ No
☐ Yes. Describe.....

**10. Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

☑ No
☐ Yes. Describe.....

**11. Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No
☑ Yes. Describe.....

| Personal clothing | $1,000.00 |
|---|---|

| Jewelry | $1,000.00 |
|---|---|

**12. Jewelry**
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

☑ No
☐ Yes. Describe.....

**13. Non-farm animals**
*Examples:* Dogs, cats, birds, horses

☑ No
☐ Yes. Describe.....

**14. Any other personal and household items you did not already list, including any health aids you did not list**

☑ No
☐ Yes. Give specific information.....

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ............................................................................. | $12,500.00 |

| Part 4: | Describe Your Financial Assets |
|---|---|

Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions.

**16. Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☐ No
☑ Yes..................................................................................................................

Cash on hand | $1,000.00 |

**17. Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No
☑ Yes........................          Institution name:

| Debtor 1 | **Erin Elizabeth Burke** | | Case number *(if known)* | **2:24-bk-14882** |

| | | | | |
|---|---|---|---|---|
| 17.1. | **Checking** | **Axos Bank (x3112)** | | **$5,000.00** |
| 17.2. | **Savings** | **Axos Bank (x2656)** | | **$24.00** |
| 17.3. | **Checking** | **Chase Bank (x2301)** | | **$70.00** |
| 17.4. | **Brokerage** | **Merrill Lynch** | | **$31,802.00** |
| 17.5. | **Brokerage** | **Charles Schwab Account** | | **$36,523.00** |

18. **Bonds, mutual funds, or publicly traded stocks**
   *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
   ■ No
   ☐ Yes.................    Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
   ☐ No
   ■ Yes.  Give specific information about them...................

| Name of entity: | % of ownership: | | |
|---|---|---|---|
| **Furnishings LA, LLC (retail operations in Los Angeles)** | **100%** | % | **$0.00** |
| **Burke Decor, LLC** | **100%** | % | **$0.00** |
| **222 N. Brand Blvd Realty LLC (owner of real property located at same address as name in Glendale, CA.  Property under constructions with a finished value of $6.2 million.  Cost to complete construction is approx. $1.2 million, Secured debt is approx. $5,000,000** | **100%** | % | **$0.00** |
| **7373 Market Street Realty LLC (owns commercial real property at same address as company name in Ohio).  Fair market value of property is approx. $1 million with secured debt of approx. $560,000.** | **100%** | % | **$440,000.00** |
| **300 Boardman Poland Road Realty LLC (owns commercial real property at the same address as name in Ohio).  Fair market value of property approx. $3 mm.  Secured debt is approx $1.87 mm.** | **100%** | % | **$1,130,000.00** |
| **Au Marche LLC (shell company with no holdings)** | **100%** | % | **$0.00** |

| Debtor 1 | **Erin Elizabeth Burke** | | | Case number *(if known)* | **2:24-bk-14882** |

| **Enchante LLC (shell company)** | **100%** | % | **$25,000.00** |

| **DH Decor LLC (shell company with no holdings)** | | % | **$0.00** |

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

■ No
☐ Yes. Give specific information about them.
Issuer name:

**21. Retirement or pension accounts**
*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

■ No
☐ Yes. List each account separately.
Type of account:        Institution name:

**22. Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

■ No
☐ Yes. .....................        Institution name or individual:

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

■ No
☐ Yes.............        Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

■ No
☐ Yes.............        Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
☐ No
■ Yes.  Give specific information about them...

| **Erin E. Burke Irrevocable Trust Number One: Executed on 10/23/2018.** | **$0.00** |

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

■ No
☐ Yes.  Give specific information about them...

**27. Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
☐ No
■ Yes.  Give specific information about them...

| **Liquor license (Ohio)** | **$10,000.00** |

| **Money or property owed to you?** | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |

| Debtor 1 | Erin Elizabeth Burke | | Case number *(if known)* | 2:24-bk-14882 |

**28. Tax refunds owed to you**

■ No

☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

_____

**29. Family support**

*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

■ No

☐ Yes. Give specific information......

**30. Other amounts someone owes you**

*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security benefits; unpaid loans you made to someone else

■ No

☐ Yes. Give specific information..

**31. Interests in insurance policies**

*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☐ No

■ Yes. Name the insurance company of each policy and list its value.

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| **USAA Term Life Policy for $2 million (no cash value)** | **Connor Burke (brother)** | **$0.00** |

**32. Any interest in property that is due you from someone who has died**

If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

■ No

☐ Yes. Give specific information..

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**

*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

■ No

☐ Yes.  Describe each claim.........

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

■ No

☐ Yes.  Describe each claim.........

**35. Any financial assets you did not already list**

■ No

☐ Yes. Give specific information..

**36.** Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here...................................................................................................................

| $1,679,419.00 |
|---|

| Part 5: | Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1. |
|---|---|

**37. Do you own or have any legal or equitable interest in any business-related property?**

■ No. Go to Part 6.

☐ Yes.  Go to line 38.

| Part 6: | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
|---|---|
| | If you own or have an interest in farmland, list it in Part 1. |

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

■ No. Go to Part 7.

Debtor 1    **Erin Elizabeth Burke**                                    Case number *(if known)*    **2:24-bk-14882**

☐ Yes.  Go to line 47.

| Part 7: | Describe All Property You Own or Have an Interest in That You Did Not List Above |
|---|---|

53. **Do you have other property of any kind you did not already list?**
    *Examples:* Season tickets, country club membership
    ☑ No
    ☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here** .....................................   | **$0.00** |

| Part 8: | List the Totals of Each Part of this Form |
|---|---|

55. **Part 1: Total real estate, line 2** ........................................................................................................   **$3,588,000.00**

56. **Part 2: Total vehicles, line 5**    **$83,119.00**
57. **Part 3: Total personal and household items, line 15**    **$12,500.00**
58. **Part 4: Total financial assets, line 36**    **$1,679,419.00**
59. **Part 5: Total business-related property, line 45**    **$0.00**
60. **Part 6: Total farm- and fishing-related property, line 52**    **$0.00**
61. **Part 7: Total other property not listed, line 54**    +    **$0.00**

62. **Total personal property.** Add lines 56 through 61...    **$1,775,038.00**    Copy personal property total    **$1,775,038.00**

63. **Total of all property on Schedule A/B**. Add line 55 + line 62    | **$5,363,038.00** |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Erin Elizabeth Burke** |
| | First Name   Middle Name   Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name   Middle Name   Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION |
| Case number (if known) | **2:24-bk-14882** |

☐ Check if this is an
amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt

4/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

### Part 1:    Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☑ You are claiming state and federal nonbankruptcy exemptions.   11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.   11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **6411 Ivarene Ave Los Angeles, CA 90068  Los Angeles County**<br>**Value of $3,900,000 less 8% cost of sale ($312,000) results in value of $3,588,000**<br>Line from *Schedule A/B*: **1.1** | **$3,588,000.00** | ☑  **$699,421.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.730** |
| **2021 Land Rover Range Rover 33468 miles**<br>Line from *Schedule A/B*: **3.1** | **$60,412.00** | ☑  **$5,500.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.010** |
| **2008 Land Rover Range Rover 121000 miles**<br>Line from *Schedule A/B*: **3.2** | **$22,707.00** | ☐<br>☑ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.010** |
| **Household goods and furnishings**<br>Line from *Schedule A/B*: **6.1** | **$10,000.00** | ☑  **100%**<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.020** |

| Debtor 1 | **Erin Elizabeth Burke** | | | Case number (if known) | **2:24-bk-14882** |

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | | Specific laws that allow exemption |
|---|---|---|---|---|
| **Household electronics**<br>Line from *Schedule A/B*: **7.1** | $500.00 | ■ **100%**<br>☐ 100% of fair market value, up to any applicable statutory limit | | **C.C.P. § 704.020** |
| **Personal clothing**<br>Line from *Schedule A/B*: **11.1** | $1,000.00 | ■ **100%**<br>☐ 100% of fair market value, up to any applicable statutory limit | | **C.C.P. § 704.020** |
| **Jewelry**<br>Line from *Schedule A/B*: **11.2** | $1,000.00 | ■ **100%**<br>☐ 100% of fair market value, up to any applicable statutory limit | | **C.C.P. § 704.040** |
| **USAA Term Life Policy for $2 million (no cash value)**<br>**Beneficiary: Connor Burke (brother)**<br>Line from *Schedule A/B*: **31.1** | $0.00 | ■ **0%**<br>☐ 100% of fair market value, up to any applicable statutory limit | | **C.C.P. § 704.100(a)** |

3. **Are you claiming a homestead exemption of more than $189,050?**
   (Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☐ No

   ■ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

       ■ No

       ☐ Yes

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Erin Elizabeth Burke** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION |
| Case number | **2:24-bk-14882** |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106D

## Schedule D: Creditors Who Have Claims Secured by Property          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

☐ Yes. Fill in all of the information below.

**Part 1:    List All Secured Claims**

| | | Column A | Column B | Column C |
|---|---|---|---|---|
| **2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.  If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name. | | Amount of claim Do not deduct the value of collateral. | Value of collateral that supports this claim | Unsecured portion If any |

| 2.1 | **Los Angeles County Tax Collector** | |
|---|---|---|
| | Creditor's Name | |

Amount of claim: **$0.00**
Value of collateral: **$3,588,000.00**
Unsecured portion: **$0.00**

**Describe the property that secures the claim:**

> 6411 Ivarene Ave Los Angeles, CA 90068  Los Angeles County Value of $3,900,000 less 8% cost of sale ($312,000) results in value of $3,588,000

P.O. Box 54018
Los Angeles, CA
90054-0018

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
■ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred _____    Last 4 digits of account number _____

| Debtor 1 | **Erin Elizabeth Burke** | | | | Case number (if known) | **2:24-bk-14882** |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

| 2.2 | **Shellpoint Mortgage Servicing** | | **$2,790,154.19** | **$3,588,000.00** | **$0.00** |
|---|---|---|---|---|---|
| | Creditor's Name | | | | |

Describe the property that secures the claim:

> **6411 Ivarene Ave Los Angeles, CA 90068  Los Angeles County**
> **Value of $3,900,000 less 8% cost of sale ($312,000) results in value of $3,588,000**

**P.O. Box 10826**
**Greenville, SC 29603**
Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Nature of lien.** Check all that apply.

**Who owes the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim relates to a community debt

- ■ An agreement you made (such as mortgage or secured car loan)
- ☐ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ☐ Other (including a right to offset) _____

Date debt was incurred _____    Last 4 digits of account number _____

Add the dollar value of your entries in Column A on this page. Write that number here:    **$2,790,154.19**

If this is the last page of your form, add the dollar value totals from all pages.
Write that number here:    **$2,790,154.19**

| **Part 2:** | **List Others to Be Notified for a Debt That You Already Listed** |
|---|---|

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Erin Elizabeth Burke** |
| | First Name        Middle Name        Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name        Middle Name        Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION |
| Case number | **2:24-bk-14882** |
| (if known) | |

☐ Check if this is an
amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:    List All of Your PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims against you?**
    ☐ No. Go to Part 2.
    ■ Yes.

2.  **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

    (For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|
| **2.1** **Franchise Tax Board** | Last 4 digits of account number ____ ____ ____ ____ | $0.00 | $0.00 | $0.00 |

Priority Creditor's Name
**Special Procedures**
**POB 2952**
**Sacramento, CA 95812**
Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of PRIORITY unsecured claim:**

☐ Domestic support obligations
■ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were intoxicated
☐ Other. Specify _____

Debtor 1    **Erin Elizabeth Burke** _____    Case number (if known)    **2:24-bk-14882**

| 2.2 | **Internal Revenue Service** | | Last 4 digits of account number ___ ___ ___ ___ | **$727,103.51** | **$0.00** | **$727,103.51** |

Priority Creditor's Name

**Insolvency I Stop 5022**
**300 N. Los Angeles St., #4062**
**Los Angeles, CA 90012-9903**
Number Street City State Zip Code

**Who incurred the debt? Check one.**

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☑ No
☐ Yes

**When was the debt incurred?**    **2022** _____

**As of the date you file, the claim is:** Check all that apply

☑ Contingent
☑ Unliquidated
☑ Disputed

**Type of PRIORITY unsecured claim:**

☐ Domestic support obligations
☐ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were intoxicated
☐ Other. Specify _____
    **2022 corporate taxes. Information being reviewed**
    **and tax returns will be amended.**

| 2.3 | **Pennsylvania Dept of Revenue** | | Last 4 digits of account number ___ ___ ___ ___ | **$49,297.12** | **$0.00** | **$49,297.12** |

Priority Creditor's Name

**Harrisburg, PA 17128-2005**
Number Street City State Zip Code

**Who incurred the debt? Check one.**

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☑ No
☐ Yes

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of PRIORITY unsecured claim:**

☐ Domestic support obligations
☑ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were intoxicated
☐ Other. Specify _____

---

| **Part 2:** | **List All of Your NONPRIORITY Unsecured Claims** |

3. **Do any creditors have nonpriority unsecured claims against you?**

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

☑ Yes.

4. **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3. If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

Total claim

Debtor 1    **Erin Elizabeth Burke**    Case number (if known)    **2:24-bk-14882**

| 4.1 | **Alorica Collections - UPS** | Last 4 digits of account number _____ | $0.00 |

Nonpriority Creditor's Name

**5161 California Ave**
**Irvine, CA 92617**
Number Street City State Zip Code

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No



☐ Yes

When was the debt incurred? _____

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

**Corporate debt of Burke Décor, LLC. Debtor believes that the Debtor has no liability but including this claim in an overabundance of caution**

■ Other. Specify

---

| 4.2 | **American Express** | Last 4 digits of account number _____ | $52,544.79 |

Nonpriority Creditor's Name

**PO Box 297879**
**Fort Lauderdale, FL 33329-7879**
Number Street City State Zip Code

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No
☐ Yes

When was the debt incurred? _____

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Other. Specify    **Credit card used for business operations**

---

| 4.3 | **Ampla, LLC** | Last 4 digits of account number _____ | $0.00 |

Nonpriority Creditor's Name

**1239 Broadway, 12th Floor**
**New York, NY 10019**
Number Street City State Zip Code

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No



☐ Yes

When was the debt incurred? _____

As of the date you file, the claim is: Check all that apply

■ Contingent
■ Unliquidated
■ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

**Limited guaranty of corporate debt. Debtor asserts that limited guaranty not triggered and no obligation due and owing by Debtor.**

■ Other. Specify

---

Debtor 1    **Erin Elizabeth Burke**                                     Case number (if known)    **2:24-bk-14882**

| 4.4 | **Capital One** | Last 4 digits of account number _____ | $975,776.35 |

Nonpriority Creditor's Name
**PO Box 30285**
**Salt Lake City, UT 84130-0285**
Number Street City State Zip Code

**When was the debt incurred?** _____

**Who incurred the debt?** Check one.

☑ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☑ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

☑ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

☑ Other. Specify    **corporate credit card**

---

| 4.5 | **Chase Cardmember Services** | Last 4 digits of account number _____ | $154,199.00 |

Nonpriority Creditor's Name
**PO Box 6294**
**Carol Stream, IL 60197-6294**
Number Street City State Zip Code

**When was the debt incurred?** _____

**Who incurred the debt?** Check one.

☑ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☑ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

☑ Other. Specify    **Credit card used for business operations**

---

| 4.6 | **Children's Hospital of Los Angeles** | Last 4 digits of account number _____ | $4,557.75 |

Nonpriority Creditor's Name
**General Fund Account**
**PO Box 740468**
**Los Angeles, CA 90074-0468**
Number Street City State Zip Code

**When was the debt incurred?** _____

**Who incurred the debt?** Check one.

☑ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☑ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

☑ Other. Specify    **medical**

---

Debtor 1    **Erin Elizabeth Burke**                                    Case number (if known)    **2:24-bk-14882**

| 4.7 | **Clearfund Solutions LLC** | Last 4 digits of account number | | $0.00 |

Nonpriority Creditor's Name

**99 Wall Street, Ste 2613**
**New York, NY 10005**

When was the debt incurred?

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No

☐ Yes

■ Contingent

■ Unliquidated

■ Disputed

Type of **NONPRIORITY** unsecured claim:

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify    **Corporate debt of Burke Décor, LLC. Debtor believes that the Debtor has no liability but including this claim in an overabundance of caution**

| 4.8 | **Divvy** | Last 4 digits of account number | | $0.00 |

Nonpriority Creditor's Name

**13707 S 200 W**
**Ste 100**
**Draper, UT 84020**

When was the debt incurred?

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No

☐ Yes

■ Contingent

■ Unliquidated

■ Disputed

Type of **NONPRIORITY** unsecured claim:

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify    **Corporate debt of Burke Décor, LLC. Debtor believes that the Debtor has no liability but including this claim in an overabundance of caution**

Debtor 1    **Erin Elizabeth Burke**                                          Case number (if known)    **2:24-bk-14882**

---

| 4.9 | **Electronic Arts Inc.** | **Last 4 digits of account number** _____ | **$0.00** |

Nonpriority Creditor's Name

**209 Redwood Shores Parkway**
**Redwood City, CA 94065**

Number Street City State Zip Code

**When was the debt incurred?** _____

**Who incurred the debt?** Check one.

**As of the date you file, the claim is:** Check all that apply

■ Debtor 1 only

□ Contingent

□ Debtor 2 only

■ Unliquidated

□ Debtor 1 and Debtor 2 only

■ Disputed

□ At least one of the debtors and another

**Type of NONPRIORITY unsecured claim:**

□ **Check if this claim is for a community debt**

□ Student loans

**Is the claim subject to offset?**

□ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No

□ Debts to pension or profit-sharing plans, and other similar debts

**Corporate debt of Burke Décor, LLC. Debtor believes that the Debtor has no liability but including this claim in an overabundance of caution**

□ Yes

■ Other. Specify

---

| 4.10 | **Farmers National Bank** | **Last 4 digits of account number** _____ | **$0.00** |

Nonpriority Creditor's Name

**3615 Boardman Canfield Rd**
**Canfield, OH 44406**

Number Street City State Zip Code

**When was the debt incurred?** _____

**Who incurred the debt?** Check one.

**As of the date you file, the claim is:** Check all that apply

■ Debtor 1 only

□ Contingent

□ Debtor 2 only

■ Unliquidated

□ Debtor 1 and Debtor 2 only

□ Disputed

□ At least one of the debtors and another

**Type of NONPRIORITY unsecured claim:**

□ **Check if this claim is for a community debt**

□ Student loans

**Is the claim subject to offset?**

□ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No

□ Debts to pension or profit-sharing plans, and other similar debts

**Personal guaranty of secured debt re: real property located at 7373 Market Street - Debtor asserts value of property exceeds debt amount and, therefore, no obligation to be due by Debtor.  Loan amount $560,539.**

□ Yes

■ Other. Specify

---

Debtor 1    **Erin Elizabeth Burke**    Case number (if known)    **2:24-bk-14882**

---

| 4.1 |
|-----|
| 1 |

**Farmers National Bank**
Nonpriority Creditor's Name
**3615 Boardman Canfield Rd**
**Canfield, OH 44406**
Number Street City State Zip Code
**Who incurred the debt?** Check one.

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

Last 4 digits of account number _____    **$0.00**

When was the debt incurred?  _____

As of the date you file, the claim is: Check all that apply

■ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

**Personal guaranty of secured debt re: real property located at 300 Boardman Poland Rd - Debtor asserts value of property exceeds debt amount and, therefore, no obligation to be due by Debtor. Loan amount $1,873,801**

■ Other. Specify

---

| 4.1 |
|-----|
| 2 |

**Fedex**
Nonpriority Creditor's Name
**Fedex Corporate Revenue Services**
**3965 Airways, Module G**
**Memphis, TN 38116**
Number Street City State Zip Code
**Who incurred the debt?** Check one.

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

Last 4 digits of account number _____    **$0.00**

When was the debt incurred?  _____

As of the date you file, the claim is: Check all that apply

■ Contingent

■ Unliquidated

■ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

**Corporate debt of Burke Décor, LLC. Debtor believes that the Debtor has no liability but including this claim in an overabundance of caution**

■ Other. Specify

---

Debtor 1    **Erin Elizabeth Burke**                                          Case number (if known)    **2:24-bk-14882**

---

**4.1 3**

**Fedex Freight**

Nonpriority Creditor's Name

**Fedex Corporate Revenue Services**
**3965 Airways, Module G**
**Memphis, TN 38116**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

Last 4 digits of account number _____    $0.00

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply

■ Contingent

■ Unliquidated

■ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

**Corporate debt of Burke Décor, LLC. Debtor believes that the Debtor has no liability but including this claim in an overabundance of caution**
■ Other. Specify

---

**4.1 4**

**Global Art Production**

Nonpriority Creditor's Name

**13 Marasesti Square, Targu-Mures**
**Mures County, Romania 00054-0327**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

Last 4 digits of account number _____    $0.00

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply

■ Contingent

■ Unliquidated

■ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

**Corporate debt of Burke Décor, LLC. Debtor believes that the Debtor has no liability but including this claim in an overabundance of caution**
■ Other. Specify

---

Debtor 1   **Erin Elizabeth Burke**                                    Case number (if known)   **2:24-bk-14882**

| 4.1 5 | **Google** | Last 4 digits of account number _____ | $0.00 |

Nonpriority Creditor's Name

**1600 Amphitheatre Parkway**
**Mountain View, CA 94043**

Number Street City State Zip Code

When was the debt incurred? _____

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

**Is the claim subject to offset?**

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ **No**

☐ Yes

☐ Other. Specify   **Corporate debt of Burke Décor, LLC. Debtor believes that the Debtor has no liability but including this claim in an overabundance of caution**

---

| 4.1 6 | **Metropolitan Warehouse & Delivery** | Last 4 digits of account number _____ | $153,744.46 |

Nonpriority Creditor's Name

**960 High Street**
**Perth Amboy, NJ 08861**

Number Street City State Zip Code

When was the debt incurred? _____

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

**Is the claim subject to offset?**

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ **No**

☐ Yes

☐ Other. Specify   **Corporate debt of Burke Décor, LLC and litigation against Debtor**

---

| 4.1 7 | **Michele Burke** | Last 4 digits of account number _____ | $642,952.68 |

Nonpriority Creditor's Name

**248 Torrey Pines Terrace**
**Del Mar, CA 92014**

Number Street City State Zip Code

When was the debt incurred? _____

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

**Is the claim subject to offset?**

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ **No**

☐ Yes

☐ Other. Specify   **Loan for business operations**

---

Debtor 1    **Erin Elizabeth Burke**                                      Case number *(if known)*    **2:24-bk-14882**

---

| 4.18 | **Nextroll** | | Last 4 digits of account number ___ ___ ___ ___ | $0.00 |
|---|---|---|---|---|

Nonpriority Creditor's Name
**2300 Harrison St.**
**San Francisco, CA 94110**
Number Street City State Zip Code                    When was the debt incurred? _____

**Who incurred the debt? Check one.**                As of the date you file, the claim is: Check all that apply

■ Debtor 1 only                                      ☐ Contingent
☐ Debtor 2 only                                      ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only                         ☐ Disputed
☐ At least one of the debtors and another            **Type of NONPRIORITY unsecured claim:**
☐ **Check if this claim is for a community**         ☐ Student loans
**debt**                                             ☐ Obligations arising out of a separation agreement or divorce that you did not
**Is the claim subject to offset?**                  report as priority claims
■ No                                                 ☐ Debts to pension or profit-sharing plans, and other similar debts

                                                     **Corporate debt of Burke Décor, LLC.**
                                                     **Debtor believes that the Debtor has no**
                                                     **liability but including this claim in an**
☐ Yes                          ■ Other. Specify      **overabundance of caution**

---

| 4.19 | **Parker Group, Inc.** | | Last 4 digits of account number ___ ___ ___ ___ | $1,311,641.95 |
|---|---|---|---|---|

Nonpriority Creditor's Name
**2261 Market Street #4106**
**San Francisco, CA 94114**
Number Street City State Zip Code                    When was the debt incurred? _____

**Who incurred the debt? Check one.**                As of the date you file, the claim is: Check all that apply

■ Debtor 1 only                                      ☐ Contingent
☐ Debtor 2 only                                      ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only                         ☐ Disputed
☐ At least one of the debtors and another            **Type of NONPRIORITY unsecured claim:**
☐ **Check if this claim is for a community**         ☐ Student loans
**debt**                                             ☐ Obligations arising out of a separation agreement or divorce that you did not
**Is the claim subject to offset?**                  report as priority claims
■ No                                                 ☐ Debts to pension or profit-sharing plans, and other similar debts

                                                     **Personal guaranty of corporate debt.**
☐ Yes                          ■ Other. Specify      **Corporation still operating.**

---

| 4.20 | **Pinterest** | | Last 4 digits of account number ___ ___ ___ ___ | $0.00 |
|---|---|---|---|---|

Nonpriority Creditor's Name
**651 Brannan St**
**San Francisco, CA 94107**
Number Street City State Zip Code                    When was the debt incurred? _____

**Who incurred the debt? Check one.**                As of the date you file, the claim is: Check all that apply

■ Debtor 1 only                                      ☐ Contingent
☐ Debtor 2 only                                      ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only                         ☐ Disputed
☐ At least one of the debtors and another            **Type of NONPRIORITY unsecured claim:**
☐ **Check if this claim is for a community**         ☐ Student loans
**debt**                                             ☐ Obligations arising out of a separation agreement or divorce that you did not
**Is the claim subject to offset?**                  report as priority claims
■ No                                                 ☐ Debts to pension or profit-sharing plans, and other similar debts

                                                     **Corporate debt of Burke Décor, LLC.**
                                                     **Debtor believes that the Debtor has no**
                                                     **liability but including this claim in an**
☐ Yes                          ■ Other. Specify      **overabundance of caution**

---

Debtor 1    **Erin Elizabeth Burke**                                                    Case number *(if known)*    **2:24-bk-14882**

| 4.2 1 | **Retail Ops** | Last 4 digits of account number _____ | $0.00 |

Nonpriority Creditor's Name
**600 B St #2120, San Diego, CA 92101**
**Ste 2120**
**San Diego, CA 92101**

When was the debt incurred? _____

Number Street City State Zip Code

**As of the date you file, the claim is:** Check all that apply

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

☐ Contingent
■ Unliquidated
■ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify **Corporate debt of Burke Décor, LLC. Debtor believes that the Debtor has no liability but including this claim in an overabundance of caution**

---

| 4.2 2 | **RPM Expedite USA** | Last 4 digits of account number _____ | $0.00 |

Nonpriority Creditor's Name
**601 Westport Pkwy Ste 400**
**Ste 400**
**Grapevine, TX 76177**

When was the debt incurred? _____

Number Street City State Zip Code

**As of the date you file, the claim is:** Check all that apply

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

☐ Contingent
■ Unliquidated
■ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify **Corporate debt of Burke Décor, LLC. Debtor believes that the Debtor has no liability but including this claim in an overabundance of caution**

---

Debtor 1  **Erin Elizabeth Burke**                                         Case number (if known)    **2:24-bk-14882**

---

**4.2
3**      **RXO Freight Forwarding**                 Last 4 digits of account number                                      **$0.00**

Nonpriority Creditor's Name

**11215 North Community House**              When was the debt incurred?    _____
**Road**
**Charlotte, NC 28277**
Number Street City State Zip Code            **As of the date you file, the claim is:** Check all that apply

Who incurred the debt? Check one.

■ Debtor 1 only                              ☐ Contingent

☐ Debtor 2 only                             ☐ Unliquidated

☐ Debtor 1 and Debtor 2 only                ☐ Disputed

☐ At least one of the debtors and another   **Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a community** ☐ Student loans
**debt**
                                            ☐ Obligations arising out of a separation agreement or divorce that you did not
Is the claim subject to offset?             report as priority claims

■ No                                        ☐ Debts to pension or profit-sharing plans, and other similar debts

                                            **Corporate debt of Burke Décor, LLC.**
                                            **Debtor believes that the Debtor has no**
                                            **liability but including this claim in an**
☐ Yes                     ■ Other. Specify  **overabundance of caution**

---

**4.2
4**      **Small Business Administration**          Last 4 digits of account number    **9102**                   **$500,000.00**

Nonpriority Creditor's Name

**14925 Kingsport Rd**                       When was the debt incurred?    _____
**Fort Worth, TX 76155**
Number Street City State Zip Code            **As of the date you file, the claim is:** Check all that apply

Who incurred the debt? Check one.

■ Debtor 1 only                              ☐ Contingent

☐ Debtor 2 only                             ■ Unliquidated

☐ Debtor 1 and Debtor 2 only                ☐ Disputed

☐ At least one of the debtors and another   **Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a community** ☐ Student loans
**debt**
                                            ☐ Obligations arising out of a separation agreement or divorce that you did not
Is the claim subject to offset?             report as priority claims

■ No                                        ☐ Debts to pension or profit-sharing plans, and other similar debts

                                            **Personal guarantee of corporate debt on**
                                            **the EIDL Loan. Holds a first lien on**
                                            **corporate assets, but is subordinated to**
☐ Yes                     ■ Other. Specify  **Ampla.**

---

Debtor 1  **Erin Elizabeth Burke**                                                    Case number (if known)    **2:24-bk-14882**

---

| 4.2 5 | **Small Business Administration** | | Last 4 digits of account number | **7209** | | $500,000.00 |

Nonpriority Creditor's Name
**14925 Kingsport Rd**
**Fort Worth, TX 76155**
Number Street City State Zip Code

**When was the debt incurred?** _____

**Who incurred the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

■ Contingent

■ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify **personal guaranty of corporate debt - EIDL. Holds first lien on corporate assets.**

---

| 4.2 6 | **The Kaplan Group, Inc.** | | Last 4 digits of account number | | | $0.00 |

Nonpriority Creditor's Name
**154 Addie St.**
**Pismo Beach, CA 93449**
Number Street City State Zip Code

**When was the debt incurred?** _____

**Who incurred the debt?** Check one.

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

■ Contingent

■ Unliquidated

■ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify **Corporate debt of Burke Décor, LLC. Debtor believes that the Debtor has no liability but including this claim in an overabundance of caution**

---

Debtor 1    **Erin Elizabeth Burke**    Case number (if known)    **2:24-bk-14882**

---

| 4.2 7 | **THE LCF GROUP, INC.** | Last 4 digits of account number _____ | $0.00 |

Nonpriority Creditor's Name

**3000 Marcus Avenue**
**Suite 2W15**
**Lake Success, NY 11042**

Number Street City State Zip Code

When was the debt incurred? _____

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

**Is the claim subject to offset?**

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes

■ Other. Specify **Corporate debt of Burke Décor, LLC. Debtor believes that the Debtor has no liability but including this claim in an overabundance of caution**

---

| 4.2 8 | **Zions First Natl Bank** | Last 4 digits of account number _____ | $0.00 |

Nonpriority Creditor's Name

**PO Box 30709**
**Salt Lake City, UT 84130-0709**

Number Street City State Zip Code

When was the debt incurred? _____

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

**Is the claim subject to offset?**

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes

■ Other. Specify **Personal guaranty of secured debt re: real property located at 222 N. Brand Blvd. - Debtor asserts value of property exceeds debt amount and, therefore, no obligation to be due by Debtor.  Loan amount $4,914,893**

---

| **Part 3:** | **List Others to Be Notified About a Debt That You Already Listed** |

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

Name and Address
**Porter Wright Morris & Arthur LLP**
**Attn: David Shouvlin, Esq.**
**41 . High St., Suites 2800-3200**
**Columbus, OH 43215**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.3** of (Check one):

☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number _____

---

Name and Address
**Ronald Davison, Esq.**
**105 Eisenhower Pkwy**
**Roseland, NJ 07068**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.16** of (Check one):

☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number _____

---

Debtor 1    **Erin Elizabeth Burke**                                Case number (if known)    **2:24-bk-14882**

---

| Part 4: | Add the Amounts for Each Type of Unsecured Claim |
|---|---|

6.  Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

| | | | | Total Claim |
|---|---|---|---|---:|
| **Total claims from Part 1** | 6a. | **Domestic support obligations** | 6a. | $ 0.00 |
| | 6b. | **Taxes and certain other debts you owe the government** | 6b. | $ 776,400.63 |
| | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. | $ 0.00 |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $ 0.00 |
| | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. | $ 776,400.63 |

| | | | | Total Claim |
|---|---|---|---|---:|
| **Total claims from Part 2** | 6f. | **Student loans** | 6f. | $ 0.00 |
| | 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $ 0.00 |
| | 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ 0.00 |
| | 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ 4,295,416.98 |
| | 6j. | **Total Nonpriority.** Add lines 6f through 6i. | 6j. | $ 4,295,416.98 |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Erin Elizabeth Burke** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION |
| Case number (if known) | 2:24-bk-14882 |

☐ Check if this is an amended filing

## Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases
**12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1. **Do you have any executory contracts or unexpired leases?**
   ☑ No. Check this box and file this form with the court with your other schedules.  You have nothing else to report on this form.
   ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2. **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease<br>Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|
| 2.1<br>Name<br><br>Number    Street<br><br>City    State    ZIP Code | |
| 2.2<br>Name<br><br>Number    Street<br><br>City    State    ZIP Code | |
| 2.3<br>Name<br><br>Number    Street<br><br>City    State    ZIP Code | |
| 2.4<br>Name<br><br>Number    Street<br><br>City    State    ZIP Code | |
| 2.5<br>Name<br><br>Number    Street<br><br>City    State    ZIP Code | |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Erin Elizabeth Burke** |
| | First Name        Middle Name        Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name        Middle Name        Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION |
| Case number (if known) | **2:24-bk-14882** |

☐ Check if this is an
amended filing

## Official Form 106H
## Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

■ No
☐ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

■ No. Go to line 3.
☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

**3. In Column 1, list all of your codebtors.** Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.

| Column 1: **Your codebtor**<br>Name, Number, Street, City, State and ZIP Code | Column 2: **The creditor to whom you owe the debt**<br>Check all schedules that apply: |
|---|---|
| 3.1 _____<br>Name<br><br>_____<br>Number        Street<br>City        State        ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |
| 3.2 _____<br>Name<br><br>_____<br>Number        Street<br>City        State        ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Erin Elizabeth Burke** |
| Debtor 2<br>(Spouse, if filing) | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION |
| Case number<br>(If known) | **2:24-bk-14882** |

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I

## Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

1.  **Fill in your employment information.**

    If you have more than one job, attach a separate page with information about additional employers.

    Include part-time, seasonal, or self-employed work.

    Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| | Employment status | ■ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| | Occupation | **President** | |
| | Employer's name | **Truck World** | |
| | Employer's address | **6813 Commerce Drive<br>Hubbard, OH 44425** | |
| | How long employed there? | **Since 2005** | |

### Part 2:    Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions).  If not paid monthly, calculate what the monthly wage would be. | 2. | $ **7,692.00** | $ **N/A** |
| 3. | **Estimate and list monthly overtime pay.** | 3. | +$ **0.00** | +$ **N/A** |
| 4. | **Calculate gross Income.**  Add line 2 + line 3. | 4. | $ **7,692.00** | $ **N/A** |

Debtor 1    **Erin Elizabeth Burke**                                                    Case number (*if known*)    **2:24-bk-14882**

| | | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|---|
| Copy line 4 here | | | 4. | $ **7,692.00** | $ **N/A** |

5. List all payroll deductions:

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. | Tax, Medicare, and Social Security deductions | 5a. | $ **2,034.00** | $ **N/A** |
| 5b. | Mandatory contributions for retirement plans | 5b. | $ **0.00** | $ **N/A** |
| 5c. | Voluntary contributions for retirement plans | 5c. | $ **0.00** | $ **N/A** |
| 5d. | Required repayments of retirement fund loans | 5d. | $ **0.00** | $ **N/A** |
| 5e. | Insurance | 5e. | $ **0.00** | $ **N/A** |
| 5f. | Domestic support obligations | 5f. | $ **0.00** | $ **N/A** |
| 5g. | Union dues | 5g. | $ **0.00** | $ **N/A** |
| 5h. | Other deductions. Specify: | 5h.+ | $ **0.00** + | $ **N/A** |

6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.    6.    $ **2,034.00**    $ **N/A**

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.    7.    $ **5,658.00**    $ **N/A**

8. List all other income regularly received:

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 8a. | **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ **0.00** | $ **N/A** |
| 8b. | Interest and dividends | 8b. | $ **0.00** | $ **N/A** |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ **0.00** | $ **N/A** |
| 8d. | Unemployment compensation | 8d. | $ **0.00** | $ **N/A** |
| 8e. | Social Security | 8e. | $ **0.00** | $ **N/A** |
| 8f. | **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. | $ **0.00** | $ **N/A** |
| 8g. | Pension or retirement income | 8g. | $ **0.00** | $ **N/A** |
| 8h. | Other monthly income. Specify: **From: Burke Decor, Parent & Boyfriend** | 8h.+ | $ **20,500.00** + | $ **N/A** |

9. **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.    9.    $ **20,500.00**    $ **N/A**

10. **Calculate monthly income.** Add line 7 + line 9.    10.    $ **26,158.00** +    $ **N/A** =    $ **26,158.00**
    Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in *Schedule J*.**
    Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
    Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
    Specify:                                                                                    11. +$ **0.00**

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
    Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies    12.    $ **26,158.00**

    **Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
    ☐ No.
    ☑ Yes. Explain:    **Additional support from parent for daughter's education and related expenses.**

**Fill in this information to identify your case:**

Debtor 1  **Erin Elizabeth Burke**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

Case number  **2:24-bk-14882**
(If known)

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

Official Form 106J

# Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Your Household

1. **Is this a joint case?**

    ■ No. Go to line 2.
    ☐ Yes. **Does Debtor 2 live in a separate household?**

      ☐ No
      ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?**  ☐ No

    Do not list Debtor 1 and Debtor 2.

    Do not state the dependents names.

    ■ Yes. Fill out this information for each dependent..............

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| **Daughter** | **8** | ☐ No  ■ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

    ■ No
    ☐ Yes

## Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | | Your expenses |
|---|---|---|

4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.  4. $ **22,332.00**

    If not included in line 4:

    4a. Real estate taxes    4a. $ 0.00
    4b. Property, homeowner's, or renter's insurance    4b. $ 0.00
    4c. Home maintenance, repair, and upkeep expenses    4c. $ 0.00
    4d. Homeowner's association or condominium dues    4d. $ 0.00

5. **Additional mortgage payments for your residence,** such as home equity loans    5. $ 0.00

| Debtor 1 | **Erin Elizabeth Burke** | Case number (if known) | **2:24-bk-14882** |
|---|---|---|---|

| 6. | **Utilities:** | | |
|---|---|---|---|
| | 6a. Electricity, heat, natural gas | 6a. $ | 1,250.00 |
| | 6b. Water, sewer, garbage collection | 6b. $ | 0.00 |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 0.00 |
| | 6d. Other. Specify: | 6d. $ | 0.00 |
| 7. | **Food and housekeeping supplies** | 7. $ | 4,750.00 |
| 8. | **Childcare and children's education costs** | 8. $ | 1,000.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. $ | 750.00 |
| 10. | **Personal care products and services** | 10. $ | 0.00 |
| 11. | **Medical and dental expenses** | 11. $ | 0.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. $ | 750.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. $ | 1,750.00 |
| 14. | **Charitable contributions and religious donations** | 14. $ | 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. Life insurance | 15a. $ | 0.00 |
| | 15b. Health insurance | 15b. $ | 0.00 |
| | 15c. Vehicle insurance | 15c. $ | 0.00 |
| | 15d. Other insurance. Specify: | 15d. $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | 16. $ | 0.00 |
| 17. | **Installment or lease payments:** | | |
| | 17a. Car payments for Vehicle 1 | 17a. $ | 0.00 |
| | 17b. Car payments for Vehicle 2 | 17b. $ | 0.00 |
| | 17c. Other. Specify: | 17c. $ | 0.00 |
| | 17d. Other. Specify: | 17d. $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | 19. $ | 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | |
| | 20a. Mortgages on other property | 20a. $ | 0.00 |
| | 20b. Real estate taxes | 20b. $ | 0.00 |
| | 20c. Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. $ | 2,500.00 |
| | 20e. Homeowner's association or condominium dues | 20e. $ | 0.00 |
| 21. | **Other:** Specify: | 21. +$ | 0.00 |

| 22. | **Calculate your monthly expenses** | | |
|---|---|---|---|
| | 22a. Add lines 4 through 21. | $ | 35,082.00 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | $ | 35,082.00 |

| 23. | **Calculate your monthly net income.** | | |
|---|---|---|---|
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. $ | 26,158.00 |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. -$ | 35,082.00 |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. $ | -8,924.00 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☐ No.

■ Yes.    Explain here: **Additional support from parent for daugher's education and related expenses.**

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | ERIN | ELIZABETH | BURKE |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL / LOS ANGELES DIVISION | District of | CA |
| | | | (State) |
| Case number | 2:24-bk-14882 | | |
| (If known) | | | |

☐ Check if this is an amended filing

## Official Form 122B

# Chapter 11 Statement of Your Current Monthly Income
04/20

**You must file this form if you are an individual and are filing for bankruptcy under Chapter 11. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).**

| **Part 1:** | **Calculate Your Current Monthly Income** |
|---|---|

1. **What is your marital and filing status?** Check one only.

   ☑ **Not married.** Fill out Column A, lines 2-11.

   ☐ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.

   ☐ **Married and your spouse is NOT filing with you.** Fill out Column A, lines 2-11.

   Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

|  | | Column A<br>Debtor 1 | Column B<br>Debtor 2 |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ 5657 | $_____ |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $_____ | $_____ |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $_____ | $_____ |

5. **Net income from operating a business, profession, or farm**

| | Debtor 1 | Debtor 2 | | |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $_____ | $_____ | | |
| Ordinary and necessary operating expenses | − $_____ | − $_____ | | |
| Net monthly income from a business, profession, or farm | $_____ | $_____ | Copy here ➡ | $_____ |

6. **Net income from rental and other real property**

| | Debtor 1 | Debtor 2 | | |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $_____ | $_____ | | |
| Ordinary and necessary operating expenses | − $_____ | − $_____ | | |
| Net monthly income from rental or other real property | $_____ | $_____ | Copy here ➡ | $_____ |

| Debtor 1 | ERIN | ELIZABETH | BURKE | | Case number (if known) | 2:24-bk-14882 |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

|  | Column A Debtor 1 | Column B Debtor 2 |
|---|---|---|

**7.** **Interest, dividends, and royalties** $_____ \quad \$_____

**8.** **Unemployment compensation** $_____ \quad \$_____

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:............................... ↓

For you ........................................................ $_____

For your spouse......................................... $_____

**9.** **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. Also, except as stated in the next sentence, do not include any compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If you received any retired pay paid under chapter 61 of title 10, then include that pay only to the extent that it does not exceed the amount of retired pay to which you would otherwise be entitled if retired under any provision of title 10 other than chapter 61 of that title. $_____ \quad \$_____

**10.** **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act; payments made under the Federal law relating to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the coronavirus disease 2019 (COVID-19); payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism; or compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If necessary, list other sources on a separate page and put the total below.

BURKE DECOR LLC    $ 5,000    $_____

FAMILY/OTHER    $ 15,500    $_____

Total amounts from separate pages, if any.    + $ 26,157    + $_____

**11.** **Calculate your total current monthly income.**
Add lines 2 through 10 for each column.
Then add the total for Column A to the total for Column B.

$ 26,157    +    $_____    =    $ 26,157

**Total current monthly income**

---

| Part 2: | Sign Below |
|---|---|

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

✗ _____    ✗ _____
Signature of Debtor 1    Signature of Debtor 2

Date 07/03/2024    Date _____
    MM / DD / YYYY    MM / DD / YYYY

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Erin Elizabeth Burke** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION |
| Case number (if known) | **2:24-bk-14882** |

☐ Check if this is an amended filing

## Official Form 107

## Statement of Financial Affairs for Individuals Filing for Bankruptcy

04/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Give Details About Your Marital Status and Where You Lived Before

1.  **What is your current marital status?**

    ☐ Married
    ■ Not married

2.  **During the last 3 years, have you lived anywhere other than where you live now?**

    ■ No
    ☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|
| | | | |

3.  **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

    ■ No
    ☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

### Part 2    Explain the Sources of Your Income

4.  **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
    Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
    If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

    ☐ No
    ■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | ■ Wages, commissions, bonuses, tips | **$43,588.00** | ☐ Wages, commissions, bonuses, tips | |
| | ☐ Operating a business | | ☐ Operating a business | |

Debtor 1     **Erin Elizabeth Burke**                                              Case number *(if known)*     **2:24-bk-14882**

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) |
| **For last calendar year:**<br>(January 1 to December 31, 2023 ) | ■ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | $92,304.00 | ☐ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | |
| **For the calendar year before that:**<br>(January 1 to December 31, 2022 ) | ■ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | $92,304.00 | ☐ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | |

5. **Did you receive any other income during this year or the two previous calendar years?**
   Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

   List each source and the gross income from each source separately. Do not include income that you listed in line 4.

   ☐ No
   ■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Describe below. | **Gross income from each source**<br>(before deductions and exclusions) | **Sources of income**<br>Describe below. | **Gross income**<br>(before deductions and exclusions) |
| **For the calendar year before that:**<br>(January 1 to December 31, 2022 ) | Shareholder Distribution from Burke Decor (K-1) | $614,052.00 | | |

<div style="background:#000;color:#fff;">**Part 3:**</div> **List Certain Payments You Made Before You Filed for Bankruptcy**

6. **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**
   ■ No.     **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

   During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $7,575* or more?
   ☐ No.     Go to line 7.
   ■ Yes     List below each creditor to whom you paid a total of $7,575* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.
   * Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.

   ☐ Yes.     **Debtor 1 or Debtor 2 or both have primarily consumer debts.**
   During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

   ☐ No.     Go to line 7.
   ☐ Yes     List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|
| | | | | |

Debtor 1    **Erin Elizabeth Burke**    Case number *(if known)*    **2:24-bk-14882**

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|
| **Burke Decor LLC**<br>**8248 Beverly Blvd, Los Angeles**<br>**Los Angeles, CA 90048** | **From 03/28/2024 to 06/20/2024. Please see Exhibit SOFA #6.** | **$36,150.16** | **$0.00** | ☐ Mortgage<br>☐ Car<br>☐ Credit Card<br>■ Loan Repayment<br>☐ Suppliers or vendors<br>☐ Other___ |
| **Gabriel Lopez** | **From 05/08/2024 to 05/30/2024. Please see Exhibit SOFA #6.** | **$14,396.03** | **$0.00** | ☐ Mortgage<br>☐ Car<br>☐ Credit Card<br>☐ Loan Repayment<br>☐ Suppliers or vendors<br>■ Other _Household Repairs_ |
| **Homepay, Ashley Levine** | **From 03/27/2024 to 06/20/2024. Please see Exhibit SOFA #6.** | **$11,557.04** | **$0.00** | ☐ Mortgage<br>☐ Car<br>☐ Credit Card<br>☐ Loan Repayment<br>☐ Suppliers or vendors<br>■ Other _Childcare_ |

7.  **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
    *Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

    ■ No
    ☐ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|

8.  **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
    Include payments on debts guaranteed or cosigned by an insider.

    ■ No
    ☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment<br>Include creditor's name |
|---|---|---|---|---|

**Part 4:**    **Identify Legal Actions, Repossessions, and Foreclosures**

9.  **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
    List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

    ☐ No
    ■ Yes. Fill in the details.

| Case title<br>Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| **AMPLA, LLC. v. Burke Decor, LLC**<br>**4:24-cv-00869-JG** | **Civil action** | **US District Court (ND-Ohio)**<br>**125 Market St.**<br>**Youngstown, OH 44503** | ■ Pending<br>☐ On appeal<br>☐ Concluded |

| Debtor 1 | **Erin Elizabeth Burke** | | Case number *(if known)* | **2:24-bk-14882** |

| Case title<br>Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| **In the Matter of Burke Decor<br>2024-INV-0019** | **Administrative<br>Proceeding** | **Consumer Protection, OH<br>Regional Office<br>P.O. Box 89471<br>Cleveland, OH 44101-6471** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| **Metropolitan Warehouse & Delivery<br>Corp. v. Burke Decor, LLC and Erin<br>Burke<br>MID-L-003004-24** | **Civil action** | **Superior Court of New<br>Jersey<br>56 Paterson Street<br>New Brunswick, NJ 08903** | ■ Pending<br>☐ On appeal<br>☐ Concluded |

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
Check all that apply and fill in the details below.

   ■ No. Go to line 11.
   ☐ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property<br><br>Explain what happened | Date | Value of the property |
|---|---|---|---|

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

   ■ No
   ☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|

12. **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

   ■ No
   ☐ Yes

### Part 5:    List Certain Gifts and Contributions

13. **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

   ■ No
   ☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600<br>per person<br><br>Person to Whom You Gave the Gift and<br>Address: | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|

14. **Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

   ■ No
   ☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that  total<br>more than $600<br>Charity's Name<br>Address (Number, Street, City, State and ZIP Code) | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|

| Debtor 1 | **Erin Elizabeth Burke** | Case number (*if known*) | **2:24-bk-14882** |
|---|---|---|---|

---

**Part 6:   List Certain Losses**

15. **Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

■ No
☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br><br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property*. | Date of your loss | Value of property lost |
|---|---|---|---|

---

**Part 7:   List Certain Payments or Transfers**

16. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
    Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No
☐■ Yes. Fill in the details.

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| **Levene Neale Bender Yoo & Golubchik**<br>**2818 La Cienega Avenue**<br>**Los Angeles, CA 90034** | | **6/18/24 -**<br>**$95,000**<br>**6/20/24 -**<br>**$30,000** | **$125,000.00** |
| **Armory Consulting Company**<br>**3943 Irvine Blvd.**<br>**Suite 253**<br>**Irvine, CA 92602** | | | **$25,000.00** |

---

17. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
    Do not include any payment or transfer that you listed on line 16.

☐■ No
☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
    Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

☐■ No
☐ Yes. Fill in the details.

| Person Who Received Transfer<br>Address<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices.*)

☐■ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

---

Debtor 1    **Erin Elizabeth Burke**                                    Case number *(if known)*    **2:24-bk-14882**

---

| **Part 8:** | List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units |
|---|---|

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

■ **No**
☐ **Yes. Fill in the details.**

| Name of Financial Institution and Address *(Number, Street, City, State and ZIP Code)* | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

■ **No**
☐ **Yes. Fill in the details.**

| Name of Financial Institution Address *(Number, Street, City, State and ZIP Code)* | Who else had access to it? Address *(Number, Street, City, State and ZIP Code)* | Describe the contents | Do you still have it? |
|---|---|---|---|

22. **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

■ **No**
☐ **Yes. Fill in the details.**

| Name of Storage Facility Address *(Number, Street, City, State and ZIP Code)* | Who else has or had access to it? Address *(Number, Street, City, State and ZIP Code)* | Describe the contents | Do you still have it? |
|---|---|---|---|

---

| **Part 9:** | Identify Property You Hold or Control for Someone Else |
|---|---|

23. **Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

■ **No**
☐ **Yes. Fill in the details.**

| Owner's Name Address *(Number, Street, City, State and ZIP Code)* | Where is the property? *(Number, Street, City, State and ZIP Code)* | Describe the property | Value |
|---|---|---|---|

---

| **Part 10:** | Give Details About Environmental Information |
|---|---|

For the purpose of Part 10, the following definitions apply:

■ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

■ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24. **Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

■ **No**
☐ **Yes. Fill in the details.**

| Name of site Address *(Number, Street, City, State and ZIP Code)* | Governmental unit Address *(Number, Street, City, State and ZIP Code)* | Environmental law, if you know it | Date of notice |
|---|---|---|---|

---

| Debtor 1 | Erin Elizabeth Burke | Case number *(if known)* | 2:24-bk-14882 |

25. **Have you notified any governmental unit of any release of hazardous material?**

■ No
☐ Yes. Fill in the details.

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

26. **Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■ No
☐ Yes. Fill in the details.

| Case Title<br>Case Number | Court or agency Name<br>Address (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|

**Part 11:    Give Details About Your Business or Connections to Any Business**

27. **Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

■ A member of a limited liability company (LLC) or limited liability partnership (LLP)

☐ A partner in a partnership

☐ An officer, director, or managing executive of a corporation

☐ An owner of at least 5% of the voting or equity securities of a corporation

☐ No. None of the above applies.  Go to Part 12.

■ Yes. Check all that apply above and fill in the details below for each business.

| Business Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|
| Furnishings LA, LLC<br>6813 COMMERCE DR<br>Hubbard, OH 44425 | Furniture | EIN:    47-5046225<br><br>From-To |
| Burke Decor, LLC<br>P O BOX 248<br>Hubbard, OH 44425 | Furniture retail | EIN:    45-2548672<br><br>From-To |

28. **Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

☐ No
■ Yes. Fill in the details below.

| Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Date Issued |
|---|---|
| Parker Group Inc.<br>2261 Market Street #4106<br>San Francisco, CA 94114 | 3/20/2023 |

Debtor 1    **Erin Elizabeth Burke**                                    Case number *(if known)*    **2:24-bk-14882**

---

| Part 12: | Sign Below |
|---|---|

**I have read the answers on this** *Statement of Financial Affairs* **and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

| | |
|---|---|
| **Erin Elizabeth Burke** | **Signature of Debtor 2** |
| **Signature of Debtor 1** | |

Date    07/05/2024                    Date _____

**Did you attach additional pages to** *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* **(Official Form 107)?**

■ No
☐ Yes

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**

■ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Central District of California - Los Angeles Division

In re  **Erin Elizabeth Burke**                                              Case No.  **2:24-bk-14882**
                                          Debtor(s)                            Chapter  **11**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept .......................................... $ _____**125,000.00**

   Prior to the filing of this statement I have received ......................... $ _____**125,000.00**

   Balance Due ............................................................................................ $ _____**0.00**

2. $ __**1,738.00**__ of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ☒ Debtor      ☐ Other (specify):

4. The source of compensation to be paid to me is:

   ☒ Debtor      ☐ Other (specify):

5. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
   e. [Other provisions as needed]
      **Advising the Debtor with regard to the requirements of the Bankruptcy Court, Bankruptcy Rules and the Office of the United States Trustee as they pertain to the Debtor; advising the Debtor with regard to certain rights and remedies of its bankruptcy estate and the rights, claims and interests of creditors; representing the Debtor in any proceeding or hearing in the Bankruptcy Court involving its estate unless the Debtor is represented in such proceeding or hearing by other special counsel; conducting examinations of witnesses, claimants or adverse parties and representing the Debtor in any adversary proceeding except to the extent that any such adversary proceeding is in an area outside of LNBYG's expertise or which is beyond LNBYG's staffing capabilities;  preparing and assisting the Debtor in the preparation of reports, applications, pleadings and orders including, but not limited to, applications to employ professionals, interim statements and operating reports, initial filing requirements, schedules and statement of financial affairs, lease pleadings, cash collateral pleadings, financing pleadings, and pleadings with respect to the Debtor's use, sale or lease of property outside the ordinary course of business; representing the Debtor with regard to obtaining use of debtor in possession financing and/or cash collateral including, but not limited to, negotiating and seeking Bankruptcy Court approval of any debtor in possession financing and/or cash collateral pleading or stipulation and preparing any pleadings relating to obtaining use of debtor in possession financing and/or cash collateral; assisting the Debtor in the negotiation, formulation, preparation and confirmation of a plan of reorganization and the preparation and approval of a disclosure statement in respect of the plan; and performing any other services which may be appropriate in LNBYG's representation of the Debtor during its bankruptcy case.**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Matters which are outside of LNBYG's specialization**

In re  **Erin Elizabeth Burke**                                    Case No.   **2:24-bk-14882**
_____
Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)
(Continuation Sheet)

| |
|---|
| **CERTIFICATION** |

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

07/05/2024
_____
*Date*

/s/ David B. Golubchik
_____
**David B. Golubchik 185520**
*Signature of Attorney*
**Levene, Neale, Bender, Yoo & Golubchik L.L.P.**
**2818 La Cienega Ave.**
**Los Angeles, CA 90034**
**(310) 229-1234**
_____
*Name of law firm*

# EXHIBIT SOFA-6

**Erin Burke**

**SOFA #6- 90 Day Payments > $7,575**

| Acct | Posting Date | Payee | Amount | Purpose |
|------|------|------|------|------|
| 2301 | 03/28/2024 | Burke Decor LLC | $ (8.00) | Loan Payable |
| 2301 | 04/09/2024 | Burke Decor LLC | (8.00) | Loan Payable |
| 2301 | 04/15/2024 | Burke Decor LLC | (8.00) | Loan Payable |
| 2301 | 05/09/2024 | Burke Decor LLC | (12,000.00) | Loan Payable |
| 2301 | 05/31/2024 | Burke Decor LLC | (4,000.00) | Loan Payable |
| 2301 | 05/31/2024 | Burke Decor LLC | (100.00) | Loan Payable |
| 2301 | 05/31/2024 | Burke Decor LLC | (960.00) | Loan Payable |
| 2301 | 05/31/2024 | Burke Decor LLC | (3,700.00) | Loan Payable |
| 2301 | 06/03/2024 | Burke Decor LLC | (3,000.00) | Loan Payable |
| 2301 | 06/03/2024 | Burke Decor LLC | (300.00) | Loan Payable |
| 2301 | 06/07/2024 | Burke Decor LLC | (2,365.16) | Loan Payable |
| 2301 | 06/20/2024 | Burke Decor LLC | (9,700.00) | Loan Payable |
| 2301 | 05/15/2024 | Burke Decor LLC | (1.00) | Loan Payable |
| | | **Burke Decor LLC Total** | **(36,150.16)** | |
| 3112 | 05/08/2024 | Gabriel Lopez | (3,000.00) | Household Repairs |
| 3112 | 05/08/2024 | Gabriel Lopez | (3,000.00) | Household Repairs |
| 3112 | 05/14/2024 | Gabriel Lopez | (4,308.69) | Household Repairs |
| 2301 | 05/30/2024 | Gabriel Lopez | (1,687.34) | Household Repairs |
| 2301 | 05/30/2024 | Gabriel Lopez | (2,400.00) | Household Repairs |
| | | **Gabriel Lopez Total** | **(14,396.03)** | |
| 2301 | 03/27/2024 | Homepay - Ashley Levine | (549.58) | Childcare |
| 2301 | 04/03/2024 | Homepay - Ashley Levine | (549.58) | Childcare |
| 2301 | 04/05/2024 | Homepay - Ashley Levine | (225.00) | Childcare |
| 2301 | 04/08/2024 | Homepay - Ashley Levine | (2,428.54) | Childcare |
| 2301 | 04/10/2024 | Homepay - Ashley Levine | (549.58) | Childcare |
| 2301 | 04/15/2024 | Homepay - Ashley Levine | (614.69) | Childcare |
| 2301 | 04/17/2024 | Homepay - Ashley Levine | (549.58) | Childcare |
| 2301 | 04/24/2024 | Homepay - Ashley Levine | (549.58) | Childcare |
| 2301 | 05/07/2024 | Homepay - Ashley Levine | (549.58) | Childcare |
| 2301 | 05/10/2024 | Homepay - Ashley Levine | (50.00) | Childcare |
| 2301 | 05/15/2024 | Homepay - Ashley Levine | (549.58) | Childcare |
| 2301 | 05/22/2024 | Homepay - Ashley Levine | (549.58) | Childcare |
| 2301 | 05/30/2024 | Homepay - Ashley Levine | (549.58) | Childcare |
| 2301 | 06/05/2024 | Homepay - Ashley Levine | (549.58) | Childcare |
| 2301 | 06/07/2024 | Homepay - Ashley Levine | (1,643.85) | Childcare |
| 2301 | 06/12/2024 | Homepay - Ashley Levine | (549.58) | Childcare |
| 2301 | 06/20/2024 | Homepay - Ashley Levine | (549.58) | Childcare |
| | | **Homepay - Ashley Levine Total** | **$ (11,557.04)** | |

**EXHIBIT "B" – ESTATE ASSET VALUATION AND LIQUIDATION ANALYSIS**

**In re Erin Burke**                                                                                          **Unaudited**
**Liquidation Analysis**
**Projected as of the Effective Date (November 1, 2024)**

| | Estimated Market Value | Exemptions | Secured Claim | Taxes/ Other | Selling Costs | Net Value | |
|---|---|---|---|---|---|---|---|
| **Real Properties** | | | | | | | |
| 6411 Ivarene Ave., LA, CA  90068 | $ 3,876,000 | $ 189,500 | $ 2,787,138 | $ 23,512 | $ 310,080 | $ 565,770 | [1] |
| 7373 Market Street Realty LLC | 1,075,730 | - | 560,539 | 60,562 | 86,058 | 368,570 | [2] |
| 300 Bdmn Poland Realty LLC | 2,672,280 | - | 1,873,801 | 156,269 | 213,782 | 428,427 | [3] |
| 222 N. Brand Blvd Realty LLC | 4,900,000 | - | 5,000,000 | - | - | - | [4] |
| | | | | | | | |
| **Automobiles** | | | | | | | |
| Range Rover, 2021 (33,468 odo) | 60,412 | 7,500 | - | | 6,041 | 46,871 | [5] |
| Range Rover, 2018 (121,000 odo) | 22,707 | | - | | 2,270 | 20,437 | [6] |
| **Other Personal Property** | | | | | | | |
| Household goods and furnishings | 10,000 | 10,000 | | | | - | [7] |
| Electronics | 500 | 500 | | | | - | [7] |
| Clothes | 1,000 | 1,000 | | | | - | [7] |
| Jewelry | 1,000 | 1,000 | | | | - | [7] |
| **Financial Assets** | | | | | | | |
| Cash | 1,000 | 1,000 | | | | - | [7] |
| Bank Account | | | | | | | |
| EWB x9964 | | | | | | 5,000 | |
| | | | | | | | |
| **Brokerage Accounts** | | | | | | | |
| Merrill Lynch | 32,808 | | 20,150 | | | 12,658 | |
| Charles Schwab | 36,523 | | | | | 36,523 | |
| | | | | | | | |
| **Other- Equity Interests** | | | | | | | |
| Burke Décor, LLC | - | | | | | - | [8] |
| Au Marche LLC | - | | | | | - | [8] |
| Furnishings LA, LLC | - | | | | | - | [8] |
| Enchante, LLC | - | | | | | - | [8] |
| | | | | | | | |
| **Available Proceeds** | | | | | | $ 1,484,257 | |

| | | |
|---|---|---|
| Chapter 7 Trustee Fees | 67,778 | [9] |
| *Available Proceeds* | 1,416,479 | |
| | | |
| Chapter 7 Administration Costs | 150,000 | [10] |
| *Available Proceeds* | 1,266,479 | |
| | | |
| Chapter 11 Administration Claims | 50,000 | [11] |
| *Available Proceeds* | 1,216,479 | |
| | | |
| Priority Tax Claims | 754,561 | [12] |
| *Available Proceeds* | 461,918 | |
| | | |
| **General Unsecured Claims** | 10,186,215 | [13] |
| *Available Proceeds* | N/A | |

| *General Unsecured Claims Recoveries* | |
|---|---|
| **Liquidation** | **4.5%** |
| **Chaper 11 Plan** | **6.7%** |

47.15%

*** Draft- Subject to Modification ***                                          **Unaudited**

## Notes to the Liquidation Analysis

[1]  Market value estimated by Debtor based upon comparables data, net of projected renovation and repair costs.  Exemptions per Debtor's Schedules.

[2]  Market value estimated by Debtor's realtor, net of secured claim, past due real estate taxes, and selling costs.

[3]  Market value estimated by Debtor's realtor, net of secured claim, past due real estate taxes, and selling costs.

[4]  Anticipated foreclosure of property; market value estimated below secured claim.

[5]  Estimated per Kelly Blue Book value, less exemption per Debtor's Schedules.

[6]  Estimated per Kelly Blue Book value.

[7]  Exemption per Debtor's Schedules.

[8]  Entities which are either operational with negative equity; are non-operational; or is a holding company.

[9]  Fees for the Chapter 7 Trustee, per formula.

[10]  Estimated fees for the Chapter 7 Trustee's professionals.

[11]  Estimated fees for the Chapter 11 professionals.

[12]  IRS and PA state claims.

[13]  General Unsecured Claims derived from Schedules and reconciled with filed proofs of claim.

## EXHIBIT "C" – SCHEDULED AND FILED CLAIM CHART

| Creditor | Claim No. | Date Claim Filed | Secured | Priority | General Unsecured | Schedule "D" Secured | Schedule "E" Priority | Schedule "F" Unsecured | C/U/D |
|---|---|---|---|---|---|---|---|---|---|
| Zions First Natl Bank | 15 | 8/28/24 | | | $5,053,112.17 | | | | CU |
| THE LCF GROUP, INC. | 1 | 6/25/24 | $178,430.00 | | | | | **$0.00** | CUD |
| The Kaplan Group, Inc. | | | | | | | | $0.00 | CUD |
| Small Business Administration (Acct ending - 7209) | 8 | 7/17/24 | | | $1,040,308.66 | | | $500,000.00 | CU |
| Small Business Administration (Acct ending - 9102) | | | | | | | | $500,000.00 | CUD |
| RXO Freight Forwarding | | | | | | | | $0.00 | CU |
| RPM Expedite USA | | | | | | | | $0.00 | CUD |
| Retail Ops | | | | | | | | $0.00 | CUD |
| Pinterest | 12 | 8/28/24 | | | $391,818.12 | | | $0.00 | CUD |
| Parker Group, Inc. | 10 | 7/23/24 | | | $1,000,000.00 | | | $1,311,641.95 | CU |
| Nextroll | | | | | | | | $0.00 | CUD |
| Michele Burke | | | | | | | | $642,952.68 | CUD |
| Metropolitan Warehouse & Delivery | | | | | | | | $153,744.46 | CUD |
| Google | | | | | | | | $0.00 | CUD |
| Global Art Production | 3, 4 & 5 (Duplicates) | 7/5/24 | | | $85,252.96 | | | | CUD |
| Fedex Freight | | | | | | | | $0.00 | CUD |
| Fedex | | | | | | | | $0.00 | CUD |
| Farmers National Bank (Personal guaranty for Market St. Property) | | | | | | | | $0.00 | CU |
| Farmers National Bank (Personal guaranty for Poland Rd. Property) | | | | | | | | $0.00 | CU |
| Electronic Arts Inc. | | | | | | | | $0.00 | CUD |
| Divvy | | | | | | | | $0.00 | CUD |
| Clearfund Solutions LLC | | | | | | | | $0.00 | CUD |
| Children's Hospital of Los Angeles | 6 | 7/14/24 | | $49,057.57 | $160,758.99 | | | $4,557.75 | |
| Chase Cardmember Services | 2 | 7/3/24 | | | $975,776.35 | | | $154,199.00 | |
| Capital One | 14 | 8/28/24 | | | $6,540,742.66 | | | $975,776.35 | C |
| Ampla, LLC | 9 | 7/19/24 | | | $54,063.02 | | | $0.00 | CUD |
| American Express | | | | | $11,790.91 | | | $52,544.79 | |
| Alorica Collections - UPS | | | | | $105,908.08 | | | $0.00 | CUD |
| Pennsylvania Dept of Revenue | 11 | 8/7/24 | | $49,057.57 | | | $49,297.12 | | |
| Internal Revenue Service | 7 | 7/17/24 | | $705,263.53 | | | $727,103.51 | | CUD |
| Franchise Tax Board | | | | | | | $0.00 | | |
| Shellpoint Mortgage Servicing | 13 | 8/28/24 | $2,799,773.51 | | | $2,790,154.19 | | | |
| Los Angeles County Tax Collector | | | | | | $0.00 | | | |
| Bank of America, N.A. | 16 | 8/29/24 | $20,186.88 | | | | | | |

Page 1 of 4

**EXHIBIT "D" –PROOF OF FUNDS**

**BANK OF AMERICA**

September 18, 2024

David B. Golubchik, Esq.
Levene, Neale, Bender, Yoo & Golubchik, L.L.P.
2818 La Cienega Avenue
Los Angeles, CA   90034

Re:     MICHELE BURKE

Dear Mr. Golubchik:

Our client, Michele Burke, (the "Client") has asked me to provide you with this confidential verification of funds with Bank of America, N.A. (the "Bank") in connection with your request.

As of September 18, 2024, our Client has funds on deposit in excess of $1,500,000.00 held with the Bank.

A copy of this letter is being sent to our Client.  If you have any additional questions, please do not hesitate to contact me at 310.785.6086.

Sincerely,



Armen D. Ajemian
Senior Vice President, Private Client Manager

cc:     Michele Burke


*This verification is being delivered to you with the approval of our Client.  Please note that the information set forth in this letter is subject to change without notice, and is provided in strict confidence to you for your own use only, without any responsibility, guarantee, commitment or liability on the part of the Bank, its affiliates or any of its or its affiliates' directors, officers or employees.  In no event will the Bank be liable for any special, indirect, exemplary or consequential damages, including but not limited to lost profits. To the extent that Client holds any amounts referenced above in joint accounts, the Bank and its affiliates make no representation as to the legal rights of Client with respect to the joint accounts in the event of death, divorce or otherwise. The Bank cannot provide any credit ratings or opinions of the creditworthiness of the Client or any of its/his/her affiliates, and the above information does not constitute an opinion of the Bank of the Client's ability to successfully perform its obligations under any agreement it may enter into with you, the Bank or any other entity.  Finally, the Bank undertakes no responsibility to update the information set forth in this letter.*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034.

A true and correct copy of the foregoing document entitled: **Debtor's Sub Chapter V Plan Of Reorganization** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 18, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Todd S. Garan    ch11ecf@aldridgepite.com,
  TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- David B Golubchik    dbg@lnbyg.com, dbg@lnbyg.com
- Gaye N Heck    gheck@bbslaw.com
- Gregory Kent Jones (TR)    gjones@sycr.com,
  smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
- Anne C Manalili    anne.manalili@sba.gov
- Yihan She    yas@lnbyg.com
- David Samuel Shevitz    David.S.Shevitz@usdoj.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

**2.  SERVED BY UNITED STATES MAIL**: On **September 18, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Sheri Bluebond
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1534 / Courtroom 1539
Los Angeles, CA 90012                                                    ☐ Service list attached

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 18, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

None.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 18, 2024 | Rebecka Merritt | /s/ Rebecka Merritt |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                **F 9013-3.1.PROOF.SERVICE**