| Attorney or Party Name, Address, Telephone & Fax Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| DAVID B. GOLUBCHIK (State Bar No. 185520)<br>YIHAN SHE (State Bar No. 348334)<br>LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.<br>2818 La Cienega Avenue, Los Angeles, California 90034<br>Telephone: (310) 229-1234, Facsimile: (310) 229-1244<br>Email: dbg@lnbyg.com; yas@lnbyg.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Debtor | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – <u>LOS ANGELES</u> DIVISION**

| In re:<br><br>Erin Elizabeth Burke,<br><br>      Debtor. | CASE NO. 2:24-bk-14882<br><br>CHAPTER 11<br>(Subchapter V)<br><br>**SUBCHAPTER V STATUS REPORT**<br><br><u>Status Conference</u>:<br>DATE:   August 7, 2024<br>TIME:   10:00 am<br>COURTROOM: 1539 |
|---|---|

**Status Conference Location:**

☒    255 East Temple Street, Los Angeles, CA 90012

☐    411 West Fourth Street, Santa Ana, CA 92701

☐    21041 Burbank Boulevard, Woodland Hills, CA 91367

☐    1415 State Street, Santa Barbara, CA 93101

☐    3420 Twelfth Street, Riverside, CA 92501

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*                                  **F 2015-3.1.SUBV.STATUS.RPT**

**TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, THE SUBCHAPTER V TRUSTEE, ALL PARTIES IN INTEREST, AND THEIR COUNSEL:**

**PLEASE TAKE NOTICE** that the debtor and debtor-in-possession in this case ("Debtor") is proceeding under subchapter V of chapter 11 of Title 11 of the United States Code ("Bankruptcy Code" or "U.S.C."),[1] and the Bankruptcy Court will hold a status conference at the date, time, and place set forth above. The Debtor is filing this Status Report pursuant to 11 U.S.C. § 1188(c) and LBR 2015-3(b).[2] Check your presiding judge's procedures to see if, in addition to this Status Report, you must also file Local Form F 2081-1.1.C11.STATUS.RPT, or any other form of Status Report.

**1.    The Plan:**

    1.1    What type of plan will the Debtor propose?

        ☐    Consensual (i.e., with agreement or consent of creditors and other interested parties)
            Nonconsensual[3]
        ☒    Undetermined

    1.2    Explain why the Debtor expects the plan to be consensual or nonconsensual, or the reason why it is undetermined at this time:

The Debtor filed a Plan of Reorganization on September 18, 2024. The plan proposes a consensual resolution based on ongoing negotiations with creditors. The Debtor has been actively engaging with major creditors to reach agreements on plan terms. The plan's key components include a substantial contribution from the Debtor's family members to fund payments to creditors, which is expected to provide a better recovery than liquidation. While aiming for a consensual plan, the Debtor is prepared to pursue confirmation under § 1191(b) if necessary.

---

[1] Subchapter V of chapter 11 (11 U.S.C. §§ 1181-1195) was adopted by the Small Business Reorganization Act of 2019, Pub. L. No. 116-54, and became effective on February 19, 2020. All references to "Section" or "§" are to the Bankruptcy Code or Title 11 of the United States Code.

[2] "Not later than 14 days before the date of the status conference under subsection (a), the debtor shall file with the court and serve on the trustee and all parties in interest a report that details the efforts the debtor has undertaken and will undertake to attain a consensual plan of reorganization." 11 U.S.C. § 1188(c).

[3] The term "nonconsensual plan" for purposes of this Status Report means a plan confirmed under § 1191(b).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*    F 2015-3.1.SUBV.STATUS.RPT

2

1.3  Will the Debtor file the plan within the deadline of 90 days from the petition date imposed by § 1189(b)?

☒  Yes – Already filed
☐  No

If "No," explain why, and state when the Debtor will file its[4] plan:

1.4  Please summarize the basic nature of the plan:

The plan filed on September 18, 2024, includes the following key elements:

- Funding of $1,500,000 to be contributed by the Debtor's mother to effectuate all plan payments promptly.

- Payment of administrative claims (estimated at $50,000)

- Payment of priority tax claims (estimated at $754,320)

- Payment of secured claims, including mortgage arrears

- Distribution of approximately $672,168 to general unsecured creditors and, if tax claims are reduced, the amount will increase

- Continued operation of the Debtor's businesses, including Burke Decor LLC

- Potential sale of certain properties owned by the Debtor's LLCs although the funding from Debtor's mom will be funded in lieu of sales of properties

2. **Efforts Toward Consensual Plan:**[5]

2.1  Describe the efforts the Debtor has taken so far to obtain the consent of creditors for a consensual plan:

The Debtor has taken steps towards obtaining creditor consent for a consensual plan:

1. Retained experienced bankruptcy counsel (Levene Neale Bender Yoo & Golubchik L.L.P.) and a financial advisor (Armory Consulting Co.) to assist in case administration and plan development.

---

[4] In this Status Report, "it" in referring to the Debtor also refers to "him" or "her."
[5] This Status Report does not ask the Debtor to disclose any confidential, secret, and/or privileged information. *See generally* 11 U.S.C. § 1188(c). Please govern your responses accordingly.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*                                       F 2015-3.1.SUBV.STATUS.RPT

2. Conducted a thorough evaluation of assets, particularly the equity in various LLC-owned properties.

3. Prepared a liquidation analysis to demonstrate the benefits of the proposed plan over liquidation.

4. Secured a commitment from family members to contribute $1,500,000 to fund the Plan.

5. Commenced discussions with the primary creditor regarding a consensual resolution.

6. Filed a Plan of Reorganization on September 18, 2024, proposing specific treatments for various creditor classes.

    2.2    Describe the efforts the Debtor will take in the future to obtain the consent of creditors for a consensual plan:

The Debtor intends to take the following steps to build further consensus:

1. Continue engaging in discussions with major creditors regarding the terms of the filed plan, including the proposed distribution to general unsecured creditors.

2. Work with retained professionals to refine financial projections and asset valuations as needed to address creditor concerns.

3. Collaborate with the Subchapter V Trustee to mediate any disputes and facilitate agreement among creditors.

4. Be open to reasonable modifications of the plan to address creditor concerns and build consensus.

5. Address any claim objections promptly to resolve disputes over claim amounts and classifications.

    2.3    Describe the efforts that Debtor has taken so far to reach out to creditors and other parties in interest about a plan, and if none, explain the Debtor's reasons for not reaching out to creditors and parties in interest about a plan:

The Debtor has taken the following steps to reach out to creditors and parties in interest:

1. Filed a Plan of Reorganization on September 18, 2024, providing all creditors with a concrete proposal to consider.

2. Commenced discussions with her primary creditor to negotiate a consensual resolution.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*   F 2015-3.1.SUBV.STATUS.RPT

4

3. Engaged with family members, particularly the Debtor's mother Michele Burke, to secure a substantial contribution of $1,500,000 to fund the Plan.

4. Worked with Armory (financial advisor) to develop a clear breakdown of proposed distributions to each creditor class, as outlined in the Plan.

    2.4    Identify the parties with whom the Debtor has discussed a plan. Select all that apply:

- ☒ Secured creditors
- ☐ Priority creditors
- ☒ Unsecured creditors
- ☐ Equity interest holders
- ☒ The subchapter V trustee
- ☒ Others (describe: family members for purposes of valuation and funding plan)

**3.**     **Appointment of Committees and Disclosure Statement:**

    3.1    In the Debtor's view, is there any "cause" for the Court to order the appointment of a committee of creditors pursuant to § 1181(b) and § 1102(b)?

- ☐ Yes
- ☒ No

Explain your answer:

Given the nature of this Subchapter V case and the Debtor's intention to work collaboratively with the Subchapter V trustee and her constituents, the appointment of a creditors' committee does not appear necessary at this time and would likely increase administrative costs without providing commensurate benefits.

    3.2    In the Debtor's view, is there any "cause" for the Court to order the filing of a separate disclosure statement pursuant to § 1181(b) and § 1125?

- ☐ Yes
- ☒ No

Explain your answer:

The Debtor believes that the plan itself contains adequate information to inform creditors, including valuations, liquidation analysis and proof of feasibility, eliminating the need for a separate disclosure statement.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*      F 2015-3.1.SUBV.STATUS.RPT

5

**4.    Reporting Compliance:**

4.1   Has the Debtor filed all the documents required under § 1187(a)?[6]

☒   Yes
☐   No

If "No," identify the documents that were required to be filed[7] but were not:

(a) the Debtor's most recent balance sheet

(b) the most recent statement of the Debtor's operations

(c) the Debtor's most recent cash-flow statement

(d) the Debtor's most recent Federal income tax return

Has the Debtor filed a statement under penalty of perjury that the Debtor has not prepared a balance sheet, statement of operations, and/or cash-flow statement and/or that Debtor has not filed its Federal income tax return as required by § 1116(1)(B)?

☒   Yes
☐   No
    Not applicable

If "Yes," identify each unprepared or unfiled document, and explain why the document was not prepared or filed and how the Debtor intends to prepare or file the document:

4.2   Has the Debtor filed all Small Business Monthly Operating Reports (Official Form B 425C) ("MORs") as required under § 308?

☒   Yes
☐   No

If "No," or if portions of the MORs are deficient, identify which portions are deficient or not reported fully:

(a) Reports regarding Debtor's profitability

---

[6] The filing of this Status Report does not relieve the Debtor of the requirements of 11 U.S.C. § 1187(a) and § 1116(1)(A) to append the required documents to the bankruptcy petition.

[7] Section 1116(1) requires these documents to be "append[ed] to the voluntary petition."

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*                                                                                 **F 2015-3.1.SUBV.STATUS.RPT**

(b) Reports regarding reasonable approximations of projected cash receipts and disbursements over a reasonable period

(c) Reports regarding comparisons of actual cash receipts and disbursements with projections in prior reports

(d) Reports regarding whether the Debtor is (i) in compliance in all material respects with postpetition requirements imposed by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and (ii) timely filing tax returns and other required government filings and paying taxes and other administrative expenses when due

(e) Reports regarding Debtor's failure to make either of the reports in the immediately preceding paragraph (d) (as required by § 308(b)(5))

(f) Reports regarding such other matters as are in the best interests of the Debtor and creditors, and in the public interest in fair and efficient procedures under chapter 11

For any deficiencies in the MORs, identify each specific portion that is deficient, and explain why it is deficient and how Debtor intends to correct the deficiency:

**5.** **Other Code Compliance:**

5.1 Did the Debtor attend the initial debtor interview, the § 341(a) meeting of creditors, and otherwise comply with § 1116(2)?

☒ Yes
☐ No

If "No," explain why and when the Debtor intends to comply with these requirements:

5.2 Has the Debtor filed all schedules and statements of financial affairs, or otherwise complied with exceptions or extensions in § 1116(3)?

☒ Yes
☐ No

If "No," explain why and when the Debtor intends to comply with these requirements:

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*                                                                                                    F 2015-3.1.SUBV.STATUS.RPT

7

5.3    Has the Debtor maintained insurance customary and appropriate to the industry, subject to § 363(c)(2), in compliance with § 1116(5)?

☒    Yes
☐    No

If "No," explain why and when the Debtor intends to comply with this requirement:

5.4    Has the Debtor timely filed tax returns and other governmental filings with the appropriate governmental entities, and paid all taxes entitled to administrative expense priority required to be paid under § 1116(6)?

☐    Yes
☒    No

If "No," explain why the Debtor has not timely filed tax returns and other governmental filings or paid all required administrative expense priority taxes and when the Debtor intends to comply with these requirements:

Pre-petition tax returns for 2023 are on extension. The Debtor is working with her accountants to prepare and file these returns promptly.

5.5    Has the Debtor allowed the United States Trustee to inspect the Debtor's premises, books, and records, and otherwise complied with § 1116(7)?

☒    Yes
☐    No

If "No," explain why and when the Debtor intends to comply with this requirement:

**6.    Cash Collateral:**

6.1    Does any entity assert that any property of the bankruptcy estate constitutes its cash collateral?

☐    Yes
☒    No

If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*                                                                                        F 2015-3.1.SUBV.STATUS.RPT

8

6.2 Is the Debtor currently using, selling, and/or leasing any property of the bankruptcy estate that any entity contends is its cash collateral?

|   | Yes |
|---|---|
| ☒ | No |

If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

6.3 Since the filing of this bankruptcy case, has the Debtor used, sold, and/or leased any property of the bankruptcy estate that an entity contends is its cash collateral?

|   | Yes |
|---|---|
| ☒ | No |

If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

6.4 Has the Court approved any orders authorizing the use of cash collateral?

|   | Yes |
|---|---|
| ☒ | No |

6.5 Has every entity having any interest in cash collateral that is property of the bankruptcy estate consented to its use?

|   | Yes |
|---|---|
|   | No |
| ☒ | Not applicable |

7. **"First Day" Motions:** Not Applicable

   7.1 Has the Debtor filed any of the following "first day" motions, if applicable:

   Cash collateral
   DIP financing
   Prepetition non-insider wage payments
   Cash management authority
   Utilities
   Limit notice
   Joint administration
   Critical vendor

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*                                                                                                    F 2015-3.1.SUBV.STATUS.RPT

9

        Others (describe: &lt;fill in&gt;)

7.2    Do prepetition plan support agreements exist?

       ☐    Yes
       ☒    No

If "Yes," attach copies to this Status Report.

## 8. Additional Information:

8.1    What additional information would the Debtor like to disclose to the Court concerning this chapter 11 case or the plan (e.g., executory contracts or unexpired leases, extending bar date for proofs of claims or interests, sale or surrender of real and/or personal property, the Debtor's exit strategy)?

N/A

*[Signature(s) on Following Page]*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*           **F 2015-3.1.SUBV.STATUS.RPT**

10

Dated: September 27, 2024

Respectfully submitted,

David Golubchik
Name of Debtor's Counsel

_____
Signature of Debtor's Counsel

Name of Law Firm: Levene, Neale, Bender, Yoo & Golubchik L.L.P.

Address:
2818 La Cienega Ave., Los Angeles, CA 90034

Telephone number: (310) 229-1234
Email Address: yas@lnbyg.com

I/we declare, under penalty of perjury, that I/we have read and reviewed all of the information provided in this Status Report and that it is true, correct, and accurate.

Dated:  September 27, 2024

_Erin E. Burke_____
Name of Debtor/Debtor Representative

__Debtor_____
Relation to Debtor

_____
Signature of Debtor/Debtor Representative

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*                                                                                         F 2015-3.1.SUBV.STATUS.RPT

11

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034.

A true and correct copy of the foregoing document entitled: **Subchapter V Status Report** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 27, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Todd S. Garan    ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- David B Golubchik    dbg@lnbyg.com, dbg@lnbyg.com
- Gaye N Heck    gheck@bbslaw.com
- Gregory Kent Jones (TR)    gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
- Anne C Manalili    anne.manalili@sba.gov
- Yihan She    yas@lnbyg.com
- David Samuel Shevitz    David.S.Shevitz@usdoj.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **September 27, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Sheri Bluebond
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1534 / Courtroom 1539
Los Angeles, CA 90012

☐ Service list attached

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 27, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

None.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 27, 2024 | Rebecka Merritt | /s/ Rebecka Merritt |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                    **F 9013-3.1.PROOF.SERVICE**