DAVID GOLUBCHIK (State Bar No. 185530)
YIHAN SHE (State Bar No. 348334)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYG.COM; YAS@LNBYG.COM

Bankruptcy Counsel for
Erin Elizabeth Burke, Debtor and Debtor in
Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ERIN ELIZABETH BURKE,<br><br>       Debtor and Debtor in<br>       Possession. | Case No. 2:24-bk-14882-BB<br><br>Chapter 11<br>Subchapter V<br><br>**DEBTOR'S FIRST AMENDED SUB-CHAPTER V PLAN OF REORGANIZATION**<br><br><u>Plan Confirmation Hearing</u>:<br>Date:  December 11, 2024<br>Time: 11:00 a.m.<br>Courtroom: 1539<br>Place: 255 E. Temple Street<br>          Los Angeles, CA 90012 |

# I.  INTRODUCTION

On June 20, 2024 (the "Petition Date"), Erin Elizabeth Burke (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California, Los Angeles Division.  The Debtor has elected to proceed under Subchapter V of Chapter 11 and continues to administer her estate as a debtor in possession pursuant to title 11 of the Bankruptcy Code sections 1182(2) and 1184.  The Office of United States Trustee appointed Gregory Kent Jones as the Subchapter V Trustee (the "Sub V Trustee").

Subchapter V of Chapter 11 permits the Debtor (and only the Debtor) to propose a plan.  11 U.S.C. 1181(a).  This document is the Debtor's plan (the "Plan"), which includes: (i) background related to the Debtor's Chapter 11 proceeding, (ii) a liquidation analysis, and (iii) projections and declarations with respect to the ability of the Debtor's to make payments under the Plan.  The information in this Plan is provided to help creditors and interested parties understand the Plan and to decide whether to vote to accept or reject the Plan or otherwise file objections.

The effective date of the Plan (the "Effective Date") will be the first day of the calendar month which is at least fourteen days after the entry of the Court's order confirming the Plan (the "Plan Confirmation Order"), provided that the Plan Confirmation Order has not been stayed by an order of the Court.  The Debtor following the Effective Date, shall be referred to as the reorganized debtor (the "Reorganized Debtor").

# II.  FACTUAL BACKGROUND OF THE DEBTOR

The Debtor, Erin Elizabeth Burke, is an accomplished individual entrepreneur with diverse business interests, primarily focused on the home furnishings sector.  Her business acumen has led to the creation and management of a network of interconnected companies that leverage synergies across e-commerce and retail.

Ms. Burke's primary business is centered around Burke Décor, LLC (the "Burke Décor"), a high-end home furnishings and décor retailer.  Burke Décor operates primarily as an e-commerce platform, offering a curated selection of luxury home furnishings and décor to a discerning customer base.  To complement its online presence, Burke Décor maintains a physical showroom

on Beverly Boulevard in Los Angeles, California and in Youngstown, Ohio, both of which serves as both a showcase for the brand's offerings and a strategic touchpoint for customers preferring an in-person shopping experience.

In addition to Burke Décor, the Debtor holds 100% ownership interests in several other limited liability companies, including:

a. Furnishings LA, LLC (no operations);

b. 222 N. Brand Blvd Realty LLC (owns commercial building in middle of renovation);

c. 7373 Market Street Realty LLC (owns commercial building);

d. 300 Boardman Poland Road Realty LLC (owns commercial building);

e. Au Marche LLC (no operations);

f. Enchante LLC (no operations); and

g. DH Décor LLC (no operations).

These entities were involved in various aspects of the Debtor's business operations, including real estate holdings and complementary business ventures in the home furnishings and décor space.

Despite Burke Décor's historically strong brand recognition and loyal customer base, the company has faced significant challenges in recent years.  The e-commerce home furnishings space has become increasingly competitive, putting pressure on Burke Décor's margins and market share.  This competitive landscape has been further complicated by supply chain disruptions and increased inventory costs, particularly in the wake of global economic uncertainties.

The company has also grappled with operational inefficiencies between its online platform and brick-and-mortar showroom, resulting in higher than anticipated costs.  These challenges were exacerbated by an overleveraged balance sheet, a consequence of rapid expansion efforts that stretched the company's financial resources.

The confluence of these challenges led to severe liquidity constraints for Burke Décor.  In an effort to keep the business afloat, the Debtor personally guaranteed various business obligations, thereby incurring substantial personal liability.  This intertwining of personal and business finances would prove to be a critical factor in the events that followed.

Further complicating matters, AMPLA, LLC, the primary lender to Burke Décor, commenced a collection action against Burke Décor and the Debtor, as guarantor of the debt, which action was pending in the U.S. District Court for the Northern District of Ohio and has been, or is in the process of being, dismissed.  Moreover, Burke Décor became the subject of a consumer protection matter before the Ohio Attorney General's Office.  Adding to these issues, Metropolitan Warehouse & Delivery Corp. brought suit against both Burke Décor, LLC and the Debtor, personally, in the Superior Court of New Jersey.

Finally, through her wholly-owned LLC, 222 N. Brand Blvd Realty LLC, the Debtor owns a commercial property in Glendale, CA, which is undergoing substantial renovations.  The property is subject to a first priority lien in the amount of approximately $5 million.  Based on the costs associated with the renovation (an additional estimated $1.2 million is needed), the Debtor placed the property on the market for sale.  Notwithstanding the Debtor's efforts, a sale was not consummated for an amount sufficient to pay off the loan and provide a distribution to the owner. The Debtor understands that the lender intends to proceed with a foreclosure of the property.

The foregoing legal actions and real estate pressures not only added to the financial strain but also consumed valuable time and resources, further exacerbating the company's, and the Debtor's position.

By early 2024, the mounting financial pressures made it clear that a comprehensive restructuring was necessary.  The Debtor recognized that any effective solution would need to address not only the operational challenges faced by Burke Décor but also her own personal financial situation and the potential personal exposure that the Debtor faced as a result of Burke Décor.   In order to obtain a respite from litigation and other pressures while reorganizing her efforts, the Debtor determined that this filing was necessary and proper.

**Objectives of the Chapter 11 Case**

Through this chapter 11 case, the Debtor seeks to address her financial challenges comprehensively and position herself and her businesses for future success.  At the core of her strategy is the restructuring and satisfaction of debt being asserted against the Debtor, individually, with the aim of creating a sustainable financial future.

In an overabundance of caution, the Debtor's schedules included personal debt as well as Burke Décor business debt which the Debtor is not personally liable for to ensure that all putative creditors receive notice and assert claims. This has occurred and certain filed claims are clearly not the obligation of the Debtor. The Debtor intends to file claim objections to address such claims.

In addition, this bankruptcy filing has resulted in a stay of litigation, which provided the Debtor with an opportunity to analyze her assets and finances in order to propose a feasible plan of reorganization for the benefit of all creditors.

The Debtor has utilized the time in this bankruptcy case to, not only analyze her assets, but to formulate a reorganization strategy, as discussed below. While the Debtor has listed the real properties owned by her LLCs for sale, the process has taken a long time and, in today's market, the timing and likely prospects are uncertain. Fortunately, as evidenced by the accompanying Declaration of Michele Burke, through negotiations and discussions with certain family members, the Debtor has received commitment that, upon confirmation of the Plan, and not later than seven (7) day before the Effective Date, the Debtor's family members will contribute to the Debtor all funds required under this Plan. This will result in maximum and quickest payment to creditors under the circumstances of this case. In addition, since funds will be on hand by the date of the Plan confirmation hearing, there should be no issue with feasibility analysis under the Plan. The Debtor believes that this is a huge benefit for all creditors and parties in interest herein.

**Assets and Liabilities**

The Debtor's financial portfolio comprises a mix of personal and business-related assets and liabilities. Among her primary assets is her personal residence in Los Angeles, California, a significant piece of real estate in a competitive market. Additionally, the Debtor holds 100% ownership interests in several limited liability companies, as discussed above. These business interests form a substantial portion of her asset base and represent her ongoing involvement in the home furnishings and real estate sectors. Complementing these major assets are various forms of personal property, including investments, retirement accounts, and other liquid assets, which provide some financial flexibility.

On the liabilities side, the majority of the Debtor's debt consists of guaranties of Burke Decor's corporate debt. In addition to these guarantees, the Debtor has direct loans and lines of credit that were utilized over the years, as well as personal guaranties of real estate loans to her LLC entities.

Please note that this overview provides only a high-level summary of the Debtor's financial situation. For a more comprehensive and detailed breakdown of the Debtor's assets and liabilities, please refer to the Schedules and Statement of Financial Affairs filed with the Bankruptcy Court (Case Dkt. 20), copies of which are attached hereto as **Exhibit "A"**.

**Historical Financials**

The Debtor's income situation is complex and has undergone significant changes in recent years. Historically, the Debtor receive income from two (2) sources:

1.    Burke Décor, which is an online furniture retailer owned 100% by the Debtor; and

2.    Truck World, where the Debtor is an employee and receives income subject to W-2 reporting.

Based on the financial difficulties suffered by Burke Décor, the Debtor has received minimal, if any, income therefrom. The Debtor continues to receive income from Truck World, where she serves as President. As reported in Schedule I filed on July 5, 2024 (Case Docket No. 20):

- Current monthly gross wages: $7,692.00

- Estimated monthly take-home pay after deductions: $5,658.00

Historical income from Truck World, as reported in the Statement of Financial Affairs filed on July 5, 2024 (Docket No. 20):

- Year-to-date 2024 (as of filing date, June 20, 2024): $43,588.00

- 2023: $92,304.00

- 2022: $92,304.00

The Debtor has been employed by Truck World since 2005. This income is expected to continue throughout the duration of the Plan.

DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN

1  Attached hereto as **Exhibit "E"** are the Debtor's anticipated cash flow projections over a

2  five year period.  Based on the foregoing, it is clear that her monthly income is insufficient to fund

3  her living expenses with a distribution to fund a plan and, therefore, there is no anticipated

4  disposable income which can be used to fund a plan of reorganization.  Therefore, this Plan is not

5  based on net disposable income to fund a plan.  Rather, the Debtor has conducted a thorough

6  valuation of her assets and LLC interests and is proposing to pay to creditors 100% of the estate's

7  net value in such assets in an amount substantially greater than liquidation value.

8  **Restructuring Strategy**

9  The Debtor's plan of reorganization is designed to address her financial challenges

10  comprehensively while balancing the interests of all stakeholders.  At its core, the plan aims to

11  maximize recovery for creditors based on the current financial situation and available assets.

12  Importantly, to achieve this goal, the Debtor has secured a commitment from her family members

13  to fund the entirety of the Plan prior to the Effective Date to ensure the proposed distributions to

14  creditors.

15  For claims that the Debtor identifies as objectionable, funds which would otherwise be

16  utilized for distribution will be set aside and distributed upon the Court's resolution of any claim

17  objection(s).

18  The Debtor's family will contribute 100% of the estate's net value as prepared by the

19  Debtor's financial advisor on the effective date of the plan, a copy of which is attached hereto as

20  **Exhibit "B"**, which proposed amount is substantially in excess of the liquidation value.  In

21  exchange for this contribution, the family will receive liens on the real properties held by the

22  Debtor's LLCs.  This arrangement provides immediate liquidity for creditor distributions.

23  The plan also addresses tax liabilities. The Debtor or her affiliate(s) will engage a qualified

24  tax professional to review and amend tax returns, which may alter the amount of the IRS priority

25  claim. Pending such resolution, funds will be reserved for the IRS and maintained in an account

26  held by LNBYG.  In addition, to the extent that the tax liability is reduced, the net difference will

27  be added to distributions for the benefit of general unsecured creditors in Classes 2A and 2B under

28  this Plan.

By addressing all issues in tandem, the Debtor believes this Plan will maximize value for all stakeholders.  It offers a balanced and proactive approach that not only addresses the immediate financial pressures but also lays the groundwork for future success, providing a viable path forward for the Debtor's business enterprises and ensuring that all parties are able to benefit from the reorganization process.

### III.  TREATMENT OF UNCLASSIFIED CLAIMS

As required by the Bankruptcy Code, the Plan classifies certain Claims and Interests in various Classes according to their right to priority and leaves other types of Claims unclassified as specified in Section IV of the Plan.  Also, as required by the Bankruptcy Code, the Plan states whether each Class of Claims or Interests is impaired or unimpaired and describes the treatment each class will receive.

3.1    *Administrative Claims*

Administrative Claims are Claims for costs or expenses of administering the Debtor's Bankruptcy Case that are allowed under Section 507(a)(2).  The Bankruptcy Code requires that all Administrative Claims that are allowed to be paid on the Effective Date unless a particular claimant agrees to a different treatment.

The following chart lists all of the Debtor's estimated § 507(a)(2) Administrative Claims for professionals employed by the Estate (the "Professional Fee Claims") that will be owed as of the Effective Date and their treatment under the Plan.

| Name | Amount Owed | | Treatment |
|------|------------|--|-----------|
| Clerk's Office Fees | $0 | | Paid in full on the Effective Date |
| Levene, Neale, Bender, Yoo & Golubchik L.L.P., the Debtor's bankruptcy counsel | $0 | | It is anticipated that no payments will be required through the Effective Date in excess of pre-petition retainer received. Debtor paid to LNBYG a pre-petition retainer of $125,000.  LNBYG does not anticipate the need for |

| | | | additional payments in excess of the retainer. |
|---|---|---|---|
| Gregory Kent Jones, Subchapter V Trustee | $20,000 (est.) | | Paid in full on the later of the Effective Date or entry of a court order approving fees and costs |
| Armory Consulting Co., Financial Advisor to Debtor | $30,000 (est. amount in excess of pre-petition retainer of $25,000) | | Paid in full on the later of the Effective Date or entry of a court order approving fees and costs |

The Court must approve all professional fees and expenses listed in this chart before they may be paid. For all professional fees and expenses (except fees owing to the Clerk of the Bankruptcy Court), the professional in question must file and serve a properly noticed fee application and the Bankruptcy Court must rule on the application. Only the amount of fees and expenses allowed by the Bankruptcy Court will be required to be paid under the Plan. The Administrative Claim amounts set forth above simply represent the Debtor's best estimates as to the amount of the administrative claims in the Bankruptcy Case. The actual administrative claims may be higher or lower. Much of whether the actual administrative claims described above for professional will be dependent upon whether the Debtor will be required to engage in any substantial litigation regarding the confirmation of the Plan and / or objecting to claims. To the extent the Debtor is required to engage in any such substantial litigation, the Debtor will incur professional fees and expenses in excess (and possibly substantially in excess) of the figures set forth above. By voting to accept the Plan, creditors are not acknowledging the validity of, or consenting to the amount of, any of these professional fee claims, and creditors are not waiving any of their rights to object to the allowance of any of these claims. By including the figures described above, the Debtor is not acknowledging the validity of, or consenting to the amount of, any of these claims, and the Debtor or the Reorganized Debtor are not waiving any of their rights to object to the allowance of any of claims. Similarly, professionals who have been employed in this

1  bankruptcy case are not being deemed to have agreed that the figures contained herein represent

2  any ceiling on the amount of fees and expenses that they have incurred or are entitled to seek to be

3  paid pursuant to Bankruptcy Court order as such fees and expenses are just estimates provided at

4  the time of the preparation of the Plan.

5      To the extent Administrative Claims are allowed prior to the Effective Date, such allowed

6  Administrative Claims may be paid by the Debtor out of the Debtor's funds provided the Debtor

7  has sufficient funds to pay them.  To the extent administrative claims are allowed after the

8  Effective Date, such allowed administrative claims will be paid by the Reorganized Debtor.

9  **Payment of Post-Effective Date Professional Fees and Expenses.**

10     Except as otherwise provided in this Plan or ordered by the Bankruptcy Court, on and after

11  the Effective Date, the Reorganized Debtor shall, in the ordinary course of business without any

12  further notice or action, order or approval of the Bankruptcy Court, pay with available cash the

13  reasonable legal, professional, or other fees and expenses related to implementation and

14  consummation of this Plan incurred by Professionals retained by the Debtor, and incurred by the

15  Trustee.  Upon the Effective Date, the requirement that Professionals comply with Sections 327

16  through 331, 363 and 1103 of the Bankruptcy Code after such date shall terminate, and the Debtor

17  may employ any Professional in the ordinary course of business without any further notice to or

18  action, order, or approval of the Bankruptcy Court.

19  3.2    *Priority Tax Claims*

20     Prepetition priority tax claims include certain unsecured income, employment and other

21  taxes described by Section 507(a)(8) of the Bankruptcy Code.  Section 1129(a)(9)(C) of the

22  Bankruptcy Code requires that each holder of such a Section 507(a)(8) priority tax claim receive

23  regular installment payments of a total value, as of the Plan Effective Date, equal to the allowed

24  amount of such allowed tax claims, over a period ending not later than five years after the Petition

25  Date, and not less favorable than other creditors paid under the Plan.  Interest rates on these claims

26  are conclusively determined by applicable non-bankruptcy law as of the month that the Plan is

27  confirmed.  11 U.S.C. § 511.

28

1    Under the Plan, all allowed Section 507(a)(8) priority tax claims will be paid in full on the

2    Effective Date or as soon thereafter as is practicable after resolution of any objections or

3    determination of debt after the filing of amended returns, however the case may be.

4    A failure by the Debtor to make a payment on the priority tax claims pursuant to the terms

5    of the Plan will be an event of default.  If the event of default is not cured within thirty (30) days

6    after service of written notice of default from the taxing authority, then the taxing authority may

7    enforce its applicable remedies exclusively by application to the Bankruptcy Court and with

8    jurisdiction maintained exclusively by the Bankruptcy Court.  The chart below indicates all priority

9    tax claims which were either scheduled by the Debtor or asserted by the taxing agencies in timely

10    filed proofs of claim.  The inclusion of the claims in the chart below is intended simply to reflect

11    the claims that have been scheduled and/or asserted in timely filed proofs of claim as priority tax

12    claims, and is not intended to be a concession by the Debtor regarding the validity of the amount of

13    any such claims or the classification of such claims as priority tax claims under Section 507(a)(8)

14    of the Bankruptcy Code.

| Description | Treatment |
| --- | --- |
| Claimant: <br><br> Internal Revenue Service <br><br> Type of Claim: Priority Claim and General Unsecured Claim (Claim No. 7) <br><br> Claim Amount: $705,263.53 (Priority Claim) <br><br> $105,908.08 (General Unsecured Claim) | (a) Priority Portion: The Debtor is working on analyzing and, if appropriate, amending her prior tax returns which may affect this tax liability.  In the event that the Debtor does not file her amended returns prior to the Effective Date, then, on the Effective Date or as soon as practical thereafter, the Debtor shall pay to the IRS $705,263.53 on account of its priority unsecured claim.  In the event that amended tax return(s) is/are filed prior to the Effective Date, payment shall be delayed until a new assessment or amendment by the IRS.  Any payment delays shall include interest at the applicable statutory rate under 26 U.S.C. § 6621. <br><br> (b) General Unsecured Portion: The general unsecured portion of the IRS claim in the amount of $105,908.08 shall be treated as a Class 2A General Unsecured Claim. <br><br> The Debtor reserves the right to object to this claim and to seek determination of tax liability under 11 U.S.C. § 505. |

15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Claimant: | (a) Priority Portion: The Debtor is working on analyzing and, if appropriate, amending her prior tax returns which may affect this tax liability.  In the event that the Debtor does not file her amended returns prior to the Effective Date, then, on the Effective Date or as soon as practical thereafter, the Debtor shall pay to claimant $49,057.57 on account of its priority unsecured claim.  In the event that amended tax return(s) is/are filed prior to the Effective Date, payment shall be delayed until a new assessment or amendment by claimant.  Any payment delays shall include interest at the applicable statutory rate under 26 U.S.C. § 6621. |
|---|---|
| Pennsylvania Department of Revenue | |
| Type of Claim: Priority Claim and General Unsecured Claim (Claim No. 11) | |
| Claim Amount: $49,057.57 (Priority Claim) | |
| $11,790.91 (General Unsecured Claim) | (b) General Unsecured Portion: The general unsecured portion of the claim in the amount of $11,790.91 shall be treated as a Class 2A General Unsecured Claim. |
| | The Debtor reserves the right to object to this claim and to seek determination of tax liability under 11 U.S.C. § 505. |

## IV.  CLASSIFICATION AND TREATMENT OF CLAIMS

4.1      Class 1 – *Allowed Secured Claim*

     Class 1 consists of all Allowed Secured Claims.  Each holder of an Allowed Secured Claim shall be treated as a separate subclass for voting and distribution purposes.

4.1.1   Class 1A – *Allowed Secured Claim of U.S. Bank Trust National Association*

| Class # | Description | Voting (Y/N) | Treatment |
|---|---|---|---|

DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN

| 1A | **Claimant**: U.S. Bank Trust National Association c/o NewRez LLC d/b/a Shellpoint Mortgage Servicing<br><br>**Type of Claim**: Allowed Secured Claim<br><br>**Claim Amount**: $2,799,773.51 (Claim No. 13)<br><br>Arrearage: $23,512<br><br>**Collateral**: Debtor's primary residence at 6411 Ivarene Ave, Los Angeles | Unimpaired<br><br>Not Entitled to Vote. | On the Effective Date, the Debtor will cure any default that occurred before or after the commencement of the Chapter 11 Case by paying the arrearage amount of $23,512 in full. Thereafter, the Debtor will continue to make all required payments according to the original loan terms.<br><br>Any default related to the obligations to claimant shall be deemed waived and forgiven. Other than as set forth herein, claimant's liens shall be unaffected by the Plan and shall remain on the property with the same validity, priority and extent as it held immediately prior to the Petition Date. |

4.1.2    Class 1B – *Allowed Secured Claim of Bank of America, N.A.*

| Class # | Description | Voting (Y/N) | Treatment |
|---|---|---|---|
| 1B | **Claimant**: Bank of America, N.A.<br><br>**Type of Claim**: Allowed Secured Claim<br><br>**Claim Amount**: $20,186.88 (Claim No. 16)<br><br>**Collateral**: Securities Account (Pledge Account / Control) | Unimpaired<br><br>Not Entitled to Vote. | Claimant's secured claim is collateralized by the Debtor's investment portfolio, which has a value of approximately $33,000. The Debtor and Claimant have stipulated to allow Claimant to liquidate Debtor's portfolio, receive payment and release any remaining surplus to the Debtor. No other payments will be made. To the extent this occurs prior to Plan confirmation, this claim will be satisfied and eliminated. |

4.3    Class 2 – All *General Unsecured Claims.*

General unsecured claims are unsecured claims not entitled to priority under Bankruptcy Code Section 507(a). The unsecured claims are separated into two (2) classes:

DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN

A.     Class 2A consists of general unsecured claims that are not contingent on satisfaction of third party obligations (e.g. guaranty claims); and

B.     Class 2B consists of general unsecured claims that are contingent and unliquidated, the determination of which will be determined subject to satisfaction of obligations, or part thereof, through third parties.

For purposes of parity, the Plan will take into consideration the total amount of all general unsecured claims, including, maximum exposure for Class 2B contingent claims (the "Total Potential Claims").  The proposed distribution under the Plan will be made based on pro-rata share of available funds divided by the Total Potential Claims.  In the event that the Total Potential Claims are reduced over time (such as through third party payments), this will result in further distributions to remaining general unsecured creditors, thereby increasing the pool of funds available for such payments.

Based on the Debtor's calculations of scheduled and filed proof of claims, the Total Potential Claims amount is $16,237,404.13, consisting of $3,114,463.96 in Class 2A general unsecured claims and $13,122,940.17 in Class 2B general unsecured claims.  As discussed elsewhere, initially, the Debtor anticipates distribution to all Class 2 claims in the amount of $672,168.  Based on Total Potential Claims of $16,237,404.13, a distribution of $672,168 est. results in a pro-rata distribution of approximately 4.1%.  As discussed above, to the extent that the Debtor is successful in reducing her priority tax obligations, then those savings will be added to distributions for the benefit of Class 2 creditors, thereby increasing the percentage recovery.

The following chart identifies the Plan's treatment of the class containing all of the Debtor's non-priority general unsecured claims (See the Claims Chart for detailed information about each general unsecured claim attached hereto as **Exhibit "C"**):

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---------|-------------|----------------|-----------|
| 2A | All general unsecured claims of the Debtor excluding Class 2B claims<br><br>Total amount of Class 2A claims: $3,114,463.96 estimated.<br><br>The Claims Chart attached as **Exhibit "C"** to the Plan shows all claims which were scheduled by the Debtor and all proofs of claim which have been filed against the Debtor that are in Class 2A and 2B. | Yes.<br><br>Entitled to vote | In full and final satisfaction of each, any, and all of their claims against the Debtor, each holder of a Class 2A and 2B allowed claim will receive a cash payment equal to its prorated share of the fund remaining after payment of all senior classes of claims which amount is estimated to be $672,168.<br><br>Class 2A will not receive interest on their claims.<br><br>As discussed above, it is estimated that the initial recovery of Class 2A creditors, based on distribution of $672,168, will be approximately 4.1%, which amount may increase in the event that (a) Total Potential Claims will decrease, and (b) the amount to be paid to priority tax claimants will decrease.<br><br>Distributions on account of claims subject to dispute shall be maintained by the Disbursing Agent pending resolution of the disputes and paid promptly thereafter. |

| 2B | All general unsecured claims of the Debtor subject to contingency based on Debtor's guaranty of third party claims.<br><br>Total amount of Class 2B claims: $13,122,940.17 estimated.<br><br>The Claims Chart attached as **Exhibit "C"** to the Plan shows all claims which were scheduled by the Debtor and all proofs of claim which have been filed against the Debtor that are in Class 2A and 2B. | Yes.<br><br>Entitled to vote | In full and final satisfaction of each, any, and all of their claims against the Debtor, each holder of a Class 2A and 2B allowed claim will receive a cash payment equal to its prorated share of the fund remaining after payment of all senior classes of claims which amount is estimated to be $672,168.<br><br>Class 2B will not receive interest on their claims.<br><br>As discussed above, it is estimated that the initial recovery of Class 2B creditors, based on distribution of $672,168, will be approximately 4.1%, which amount may increase in the event that (a) Total Potential Claims will decrease, and (b) the amount to be paid to priority tax claimants will decrease.<br><br>Distributions on account of claims subject to dispute or event of contingency (such as satisfaction of the debt by a third party) shall be maintained by the Disbursing Agent pending resolution of the disputes and paid promptly thereafter. |

The Debtor reserves the right to object to these claims and to assert all applicable defenses, including challenges to personal liability and the extent of the guarantees.

## V.  MEANS OF EXECUTION AND IMPLEMENTATION OF THIS PLAN

**5.1    Source of Funding for Plan Payments**

**Disposable Income Calculation:**

Based on Schedules I and J filed on July 5, 2024 (Docket No. 20), the Debtor's disposable income is calculated as follows:

1. Total monthly income (Schedule I): $26,158.00

- This includes $5,658.00 from Truck World and $20,500.00 from other sources (Burke Decor, Parent & Boyfriend)

2. Total monthly expenses (Schedule J): $35,082.00

3. Monthly net income: -$8,924.00 ($26,158.00 - $35,082.00)

In addition, the attached **Exhibit "E"** sets forth projected disposable income over the next five (5) years which confirm that the Debtor does not anticipate generating net disposable income from her employment and compensation.  While the current calculation shows a negative monthly net income, the Debtor's mother, Michele Burke, has committed to contributing 100% of Plan funds to fund the Plan, as detailed in the Declaration of Michele Burke attached hereto.  This contribution will ensure that creditors receive more than they would in a Chapter 7 liquidation and much faster, thereby satisfying the requirements of 11 U.S.C. § 1191.

Based on valuation of the estate's interest in the Debtor's assets, which includes a liquidation analysis and waterfall therefrom, a copy of which is attached hereto as **Exhibit "B"**, the Estate's interest in the monetization of the Debtor's assets and interests totals $1,513,224, which amount will be contributed to fund the Plan.  These funds will be transferred to the Debtor's bankruptcy counsel's trust account no later than seven (7) days before the Effective Date of Plan. Based on the foregoing Plan provisions, the funds are expected to be utilized as follows:

| | | |
|---|---|---|
| Available Funds | - | $1,500,000 |
| Less Administrative Claims | - | <$50,000> |
| Less Priority Unsecured | - | <$754,320> |
| Less Class 1 Arrears | - | <u><$23,512></u> |
| Net Available for Unsecureds | - | $672,168 |

These funds will be utilized in strict accordance with the Plan's provisions.

**5.2    Post-Confirmation Management**

As an individual Chapter 11 debtor, the Debtor will maintain control over her personal financial affairs and business interests following confirmation of the Plan.  She will continue to manage her wholly-owned LLCs, including Burke Décor, LLC, Furnishings LA, LLC, and various

real estate holding LLCs.  In her post-confirmation role, the Debtor's key responsibilities will include:

1)      Provide oversight and strategic direction for Burke Décor, LLC operations, ensuring the company's continued growth and profitability,

2)      Actively manage her real estate holdings, overseeing development projects and coordinating property sales as outlined in the Plan.

3)      Work closely with retained professionals on ongoing legal and financial matters, ensuring compliance with Plan provisions and addressing any issues that may arise during implementation.

4)      Implement and maintain stringent financial controls and reporting mechanisms across all her business entities, promoting transparency and accountability throughout the post-confirmation period.

**5.3     Retention of Professionals**

To facilitate the successful implementation of the Plan, the Debtor has retained and will continue to employ a team of specialized professionals.  Levene Neale Bender Yoo & Golubchik L.L.P. will serve as bankruptcy counsel, providing ongoing legal advice related to Plan implementation, representing the Debtor in any claim objection litigation, and assisting with necessary Plan modifications.  Armory Consulting Company will act as financial advisor, tasked with preparing and monitoring financial projections, assisting with creditor negotiations and reporting, and analyzing potential property sales and refinancing options.  The Debtor or her affiliate(s) also intend to retain a qualified tax professional to review and potentially amend tax returns, assist with IRS and state tax claim resolutions, and provide advice on the tax implications of Plan transactions.  As the Plan progresses, the Debtor may engage additional professionals as needed, such as a real estate broker to facilitate property sales, ensuring that each aspect of the Plan is executed with the necessary expertise and precision.

**5.5     Resolution of Tax Claims**

With respect to the asserted priority claims, the Debtor's affiliate(s) have engage a qualified tax professional to conduct a thorough review of the Debtor's and her affiliates' tax filings.  Debtor

1    intends to file amended tax returns for prior years and believes that such filings will lead to reduced

2    obligations owing to taxing authorities.

3    **5.6    Reporting Requirements**

4    The Reorganized Debtor will comply with the following reporting requirements:

5    1.   **Quarterly Post-Confirmation Reports**: Quarterly Post-Confirmation Reports, filed with

6    the Bankruptcy Court, will provide a comprehensive overview of the reorganization's

7    progress.  These reports will include updates on claim resolutions, litigation status, and plan

8    payment progress, along with a detailed accounting of payments made to each class of

9    creditors. The filing of such reports will continue until entry of final decree in this case.

10   2.   **Tax Compliance**: Post-confirmation tax returns will be filed in a timely manner and

11   evidence of this compliance will be provided to the Liquidating Trustee and major creditors.

12   **5.7    Claims Objection Process**

13   The Debtor shall file objections to claims within 60 days after the Effective Date (the "Claims

14   Objection Deadline"), without prejudice to seeking an extension of such deadline if necessary and

15   appropriate.  The Bankruptcy Court shall retain jurisdiction over such objections. The Debtor

16   reserves the right to object to any claim and to assert all applicable defenses.

17   **5.8    Distribution Process**

18   Distributions for undisputed claims will be made within 30 days of the Effective Date. For

19   disputed claims, funds will be held in reserve pending resolution of objections. Upon resolution,

20   distributions will be made promptly.

21   Checks issued in respect of allowed claims shall be null and void if not negotiated within

22   180 days after the date of issuance thereof.  Requests for reissuance of any check shall be made

23   directly to the Reorganized Debtor by the holder of the allowed claim with respect to which such

24   check originally was issued.  Any claim in respect of such a voided check shall be made on or

25   before the later of (i) the first anniversary of the Effective Date or (ii) 90 days after the date of

26   issuance of such check.  After such date, all claims in respect of void checks shall be discharged

27   and forever barred, and the Reorganized Debtor shall retain all monies related thereto.

28

**5.9    Effective Date Actions**

On or about the Effective Date, the following actions will occur:

a)  Receipt of funds from the Debtor's family, which shall occur seven (7) days prior to the Effective Date;

b)  Initial distributions to holders of undisputed claims within 30 days of Effective Date; and

c)  Establishment of reserve accounts for disputed and contingent claims.

The Debtor believes that this Plan provides the best possible outcome for all creditors and offers a feasible path to reorganization. The Debtor reserves the right to modify the Plan as necessary to ensure its successful implementation, subject to applicable provisions of the Bankruptcy Code and Rules.

**5.10    Disbursing Agent**

The Debtor shall serve as the disbursing agent for the purpose of making all distributions provided for under the Plan.  The Debtor, in her capacity as disbursing agent, shall have the sole authority and responsibility for distributions under this Plan, including the obligation to make distributions to holders of allowed claims as required under the Plan.  Debtor shall not receive compensation for her duties as a disbursing agent.  The Debtor shall act as the disbursing agent whether confirmation of the Plan is achieved through consensual or non-consensual means.

## VI.  BEST INTEREST OF CREDITORS TEST AND PLAN FEASIBILITY

A confirmable plan must pass the "best interests of creditors test" (the "Test"), as set forth in 11 U.S.C. § 1129(a)(7).  Under the Test, if a claimant or interest holder is in an impaired class and that claimant does not vote or accept the Plan, then that claimant or interest holder must receive or retain under the Plan property of value not less than that claimant or interest holder would receive in a hypothetical chapter 7 case.

In the hypothetical chapter 7, the debtor's non-exempt assets are sold by a chapter 7 trustee. Secured creditors are paid first from the sale proceeds of properties on which the secured creditor has a lien.  Administrative claims are paid next including the chapter 7 trustee's statutory fee under 11 U.S.C. § 326.  Next unsecured creditors are paid from any remaining sales proceeds, according

1   to their priority rights in proportion to the amount of their allowed claim in relationship to the total

2   allowed unsecured claims.  Finally, interest holders receive the balance that remains after creditors

3   are paid, if any.

4           For the Court to be able to confirm the Plan, the Court must find that all creditors and

5   interest holders who do not accept the Plan will receive at least as much under the Plan as such

6   holders would receive under a chapter 7 liquidation of the Debtor's assets.  The Debtor maintains

7   that this requirement is clearly met.

8           Multiple classes under the Plan are impaired to the extent determined to have allowed

9   claims.  The Debtor must satisfy the Test with respect to members of such classes that do not vote

10  to accept the Plan.

11          Attached as **Exhibit "B"** is a demonstration of the liquidation analysis in a hypothetical

12  chapter 7 case, if the case were to be converted to chapter 7 instead of Plan confirmation.  As

13  shown in **Exhibit "B"**, all creditors and interest holders will receive more under the Plan as they

14  would under a Chapter 7 liquidation of the Debtor's assets. Specifically, under the Plan, it is

15  anticipated that general unsecured creditors will receive a distribution in the aggregate amount of

16  $672,168, which in a hypothetical Chapter 7 liquidation, the amount would be $461,918.  Based on

17  estimated unsecured claims of $10.489 million, under the Plan, distribution to general unsecured

18  creditors will be approximately 6.4% while, in the event of a hypothetical liquidation, the dividend

19  to general unsecured creditors would be 4.4%.  It is clear that Plan confirmation is superior to a

20  potential liquidation.

21          Moreover, in a liquidation, the amount and timing of payments is uncertain since factors

22  such as market values, time to sell and tax implications would be a factor.  In this case, because

23  100% of Plan payments will be funded by the Effective Date, this uncertainty and risk is not an

24  issue.

25          **VII.  TREATMENT OF CREDITORS' CLAIMS UNDER THE PLAN**

26  1.    **Post-Confirmation Management and Compensation**

27          The Debtor is an individual and, as such, is not managed by anyone.  After the Effective

28  Date, the Debtor will manage and operate her current businesses and her personal financial affairs.

2. **Objections to Claim**

The Debtor or the Reorganized Debtor, as the case may be, will file objections to all claims that are inconsistent with the Debtor's books and records or are otherwise objectionable to them unless they deem the inconsistency to be insignificant. Any other party in interest shall have the right to prosecute claim objections as well. With respect to disputed claims that are not resolved prior to the Effective Date, the Reorganized Debtor will have the authority, in its sole discretion, and in the reasonable exercise of its business judgment, to settle or compromise any disputed claim without further notice or Court approval. As provided by Section 502(c) of the Bankruptcy Code, the Bankruptcy Court may estimate any contingent or unliquidated disputed claim for purposes of confirmation of the Plan.

3. **Avoidance Actions, Strong Arm Powers, and Causes of Action**

The Debtor reviewed her transactions with creditors and transfers of funds. Based on such investigation, the Debtor believes that there are no valuable avoidance claims and causes of action that may be pursued for the benefit of the estate and all creditors. Nevertheless, in an overabundance of caution, all avoidance actions and strong-arm powers of a trustee under chapter 5 of the Bankruptcy Code, shall irrevocably vest in the Debtor and be transferred in total to the Reorganized Debtor upon confirmation of the Plan. The deadline for filing avoidance actions under chapter 5 of the Bankruptcy Code shall be the 90 days after the Plan Effective Date.

4. **Employment of Professionals by the Reorganized Debtor and Payment of Professional Fees and Expenses after the Effective Date**

On and after the Effective Date, the Reorganized Debtor shall have the right to employ and compensate professionals as the Reorganized Debtor determine is appropriate and to compensate any such professionals without the need for any notice or further order of the Bankruptcy Court.

5. **Distributions to be Made Pursuant to the Plan**

Except as otherwise agreed to by the Reorganized Debtor in writing, distributions to be made to holders of allowed claims pursuant to the Plan may be delivered by regular mail, postage prepaid, to the address shown in the Debtor's schedules, as they may from time to time be amended in accordance with Bankruptcy Rule 1009, or, if a different address is stated in a proof of claim

1  duly filed with the Bankruptcy Court, to such address.  Checks issued to pay allowed claims shall

2  be null and void if not negotiated within 180 days after the date of issuance thereof.

3  6.    **Exculpations and Releases**

4      To the maximum extent permitted by law, neither the Debtor, the Reorganized Debtor, nor

5  any of their professionals employed or retained by any of them, whether or not by Bankruptcy

6  Court order, shall have or incur any liability to any person or entity for any act taken or omission

7  made in good faith in connection with or related to the formulation and implementation of the Plan,

8  or a contract, instrument, release, or other agreement or document created in connection therewith,

9  the solicitation of acceptances for or confirmation of the Plan, or the consummation and

10  implementation of the Plan and the transactions contemplated therein, including the distribution of

11  estate funds.

12  7.    **Injunctions**

13      The Plan Confirmation Order shall enjoin the prosecution, whether directly, derivatively or

14  otherwise, of any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action,

15  equitable remedy, liability or interest released, discharged, stayed, or terminated pursuant to the

16  Plan.  Except as provided in the Plan or the Plan Confirmation Order, as of the Plan Effective Date,

17  all entities that have held, currently hold or may hold a claim or other debt or liability or equitable

18  remedy that was stayed or is discharged or an interest or other right of an equity security holder that

19  is extinguished pursuant to the terms of the Plan are permanently enjoined from taking any of the

20  following actions against 1) the Debtor, or the Reorganized Debtor, or 2) the Debtor's property, on

21  account of any such discharged claims, debts or liabilities or extinguished interests or rights:

22      a)  commencing or continuing, in any manner or in any place, any action or other

23          proceeding;

24      b)  enforcing, attaching, collecting or recovering in any manner any judgment, award,

25          decree or order;

26      c)  creating, perfecting or enforcing any lien or encumbrance;

27      d)  asserting a setoff, right of subrogation or recoupment of any kind against any debt,

28          liability or obligation due to the Debtor; and

e)    commencing or continuing any action in any manner, in any place, that does not comply with or is inconsistent with the provisions of the Plan.

By accepting distributions pursuant to the Plan, each holder of an allowed claim receiving distributions pursuant to the Plan shall be deemed to have specifically consented to the injunctions set forth in this Section.  The injunction described in this paragraph (the "Injunction") is applicable to all creditors and parties in interest with respect to claims or causes of action arising or existing prior to the Effective Date.

All creditors and parties in interest who are presented with a copy of the Plan Confirmation Order are charged with actual knowledge of the Injunction and with actual knowledge that the Injunction is applicable to said creditor and/or party in interest (the "Actual Knowledge"), such that it is impossible for said creditor and/or party in interest to have a good faith belief that the Injunction does not apply to said creditor's and/or party in interest's claim or cause of action.  Accordingly, any creditor and/or party in interest charged with such Actual Knowledge may be held in contempt for violating the Injunction, which contempt proceeding shall include the Reorganized Debtor's reasonable attorneys' fees and costs for enforcing the Injunction.

8.    **Executory Contracts and Unexpired Leases**

The Debtor does not believe that she is a party to any executory contracts or unexpired leases.  However, as of the Effective Date, any executory contract and/or unexpired lease to which the Debtor are a party shall be deemed to be rejected by the Debtor effective as of 11:59 PST on the Effective Date.  THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF AN UNEXPIRED LEASE OR EXECUTORY CONTRACT WHICH IS REJECTED ON THE PLAN EFFECTIVE DATE WILL BE THIRTY DAYS AFTER THE PLAN EFFECTIVE DATE.  Any claim resulting from the Debtor's rejection of an unexpired lease or executory contract will be barred if the proof of claim is not timely filed, unless the Court orders otherwise.  Any allowed claim resulting from the Debtor's rejection of an unexpired lease or executory contract will constitute a Class 7 allowed claim, subject to the limitations set forth in 11 U.S.C. § 502(b) and other applicable sections of the Bankruptcy Code.

9. **Changes in Rates Subject to Regulatory Commission Approval**

The Debtor is not subject to governmental regulatory commission approval of their rates.

10. **Retention of Jurisdiction**

After confirmation of the Plan and occurrence of the Effective Date, in addition to jurisdiction which exists in any other court, the Bankruptcy Court will retain such jurisdiction as is legally permissible including for the following purposes:

      i.      To resolve any and all disputes regarding the operation and interpretation of the Plan and the Plan Confirmation Order;

      ii.      To determine the allowability, classification, or priority of claims and interests upon objection by the Debtor or the Reorganized Debtor and to consider any objection to claim or interest whether such objection is filed before or after the Effective Date;

      iii.      To determine the extent, validity and priority of any lien asserted against property of the Debtor and property of the Debtor's estate;

      iv.      To construe and take any action to enforce the Plan, the Confirmation Order, and any other order of the Bankruptcy Court, issue such orders as may be necessary for the implementation, execution, performance, and consummation of the Plan, the Plan Confirmation Order, and all matters referred to in the Plan and the Plan Confirmation Order, and to determine all matters that may be pending before this Bankruptcy Court in this Bankruptcy Case on or before the Effective Date with respect to any person or entity related thereto;

      v.      To determine any and all applications for allowance of compensation and reimbursement of expenses of professionals for the period on or before the Effective Date;

      vi.      To determine any request for payment of administrative expenses;

      vii.      To determine motions for the rejection, assumption, or assignment of executory contracts or unexpired leases filed before the Effective Date and the allowance of any claims resulting therefrom;

viii.    To determine all applications, motions, adversary proceedings, contested matters, and any other litigated matters instituted during the pendency of the Bankruptcy Case whether before, on, or after the Effective Date.

ix.    To determine such other matters and for such other purposes as may be provided in the Plan Confirmation Order;

x.    To modify the Plan under Section 1193 of the Bankruptcy Code in order to remedy any apparent defect or omission in the Plan or to reconcile any inconsistency in the Plan so as to carry out its intent and purpose upon motion by the Reorganized Debtor;

xi.    Except as otherwise provided in the Plan and the Plan Confirmation Order, to issue injunctions, to take such other actions or make such other orders as may be necessary or appropriate to restrain interference with the Plan or the Plan Confirmation Order, or the execution or implementation by any person or entity of the Plan or the Plan Confirmation Order;

xii.    To issue such orders in aid of consummation of the Plan and the Plan Confirmation Order, notwithstanding any otherwise applicable nonbankruptcy law, with respect to any person or entity, to the fullest extent authorized by the Bankruptcy Code or Bankruptcy Rules;

xiii.    To enter a discharge, under 1 1 U.S.C. §§ 1192 and 114l (d), if applicable; and

xiv.    To enter a final decree closing the Bankruptcy Case.

## VIII.  EFFECT OF PLAN CONFIRMATION

**A.    <u>Discharge</u>**

If the Plan is confirmed pursuant to 11 U.S.C. § 1191(a), the Debtor shall receive a discharge of her debts pursuant to 11 U.S.C. § 1141(d) on the Effective Date.  If the Plan is confirmed pursuant to 11 U.S.C. § 1191(b), the Debtor shall receive a discharge pursuant to U.S.C. §§ 1192 and 1141(d), as soon as practicable after the Debtor has completed payment to the classes for which the Plan was confirmed pursuant to 11 U.S.C. § 1191(b).

**B.**      **Modification of the Plan**

A debtor may modify the Plan at any time before confirmation.  However, the Bankruptcy Court may require re-voting on the Plan if the Debtor modifies the Plan before confirmation in a manner that materially and adversely affects a creditor or interest holder that had voted in favor of the Plan.  If the Plan is confirmed pursuant to 11 U.S.C. § 1191(a), the Reorganized Debtor may seek to modify the Plan at any time after confirmation of the Plan so long as (1) the Plan has not been substantially consummated, (2) circumstances warrant the modification, and (3) the Bankruptcy Court authorizes the proposed modifications after notice and a hearing.  If the Plan is confirmed pursuant to 11 U.S.C. § 1191(b), the Reorganized Debtor may seek to modify the Plan during the life of the Plan as fixed by the Court, so long as (1) the modified plan still meets the requirements of 11 U.S.C. § 1191(b), (2) circumstances warrant the modification, and (3) the Bankruptcy Court authorizes the proposed modifications after notice and a hearing.

**C.**      **Post-Confirmation Status Report**

Until a final decree closing the Bankruptcy Case is entered, the Reorganized Debtor will file quarterly post-confirmation status reports with the Bankruptcy Court explaining what progress has been made toward consummation of the confirmed Plan.

Any creditor or any party in interest may bring a motion to convert or dismiss the Bankruptcy Case under section 1112(b) of the Bankruptcy Code after the Plan is confirmed, but before the final decree is entered, if there is a default in performing the Plan.  If the Bankruptcy Court orders the Bankruptcy Case converted to chapter 7 after the Plan is confirmed, then all property that had been property of the Debtor's chapter 11 estate that has not been disbursed pursuant to the Plan will revest in the chapter 7 estate and the automatic stay will be reimposed upon the revested property, but only to the extent that relief from stay was not previously authorized by the Bankruptcy Court during the Bankruptcy Case.  The Plan Confirmation Order may be revoked under very limited circumstances.  The Bankruptcy Court may revoke the Plan Confirmation Order.

**D.**     **Final Decree**

Once the Estate has been fully administered as referred to in Federal Rule of Bankruptcy Procedure 3022, or substantially consummated or as otherwise applicable and provided by law, the Reorganized Debtor will file a motion with the Bankruptcy Court to obtain a final decree to close the Bankruptcy Case.  The Reorganized Debtor will be responsible for the timely payment of all fees incurred pursuant to 28 U.S.C. § 1930(a)(6) should any exist.

Dated:  October 25, 2024                    Respectfully submitted,


By:     _____
        Erin Elizabeth Burke, Debtor

Presented by:

LEVENE, NEALE, BENDER, YOO & GOLUBCHIK, L.L.P.


By:     _/s/ David B. Golubchik_
        David B. Golubchik
        Yihan She
        Attorneys for Debtor and Plan Proponent

# DECLARATION OF ERIN E. BURKE

I, ERIN E. BURKE, hereby declare as follows:

1.      I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2.      I am the debtor and debtor in possession in this Chapter 11 bankruptcy case.

3.      I have reviewed the Plan of Reorganization to which this Declaration is attached. I hereby confirm that the information set forth in the Plan is true and correct to the best of my knowledge and I incorporate the factual statements therein by this reference.

4.      I have disclosed all my assets and all my liabilities to be best of my information and knowledge.

5.      My goal in this case is to achieve an effective reorganization without the need for further litigation or delays. While I have used best efforts to market and sell the real properties owned by my LLCs, to date, the efforts have not been successful. As a result, I have requested my family to assist me in funding this Plan, to which my mother agreed as set forth in her accompanying Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 25th day of October, 2024 at Los Angeles, California.

By:_____

ERIN E. BURKE

## DECLARATION OF MICHELE BURKE

I, MICHELE BURKE, hereby declare as follows:

1.      I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2.      I am the mother of Erin Burke, which is the debtor and debtor in possession in this Chapter 11 bankruptcy case.

3.      To assist Erin in connection with her reorganization efforts, I have agreed to provide to Erin (through her counsel), the sum of $1,500,000 in order to allow her to make necessary payments to creditors under her Plan. Attached hereto as **Exhibit "D"** is a true and correct copy of my trust's bank statement which shows the availability of such funds. Upon confirmation of the Plan, and not later than seven (7) days before the Effective Date of the Plan, I will transfer $1,513,224 to Erin's bankruptcy counsel's trust account to be utilized in accordance with the provisions of the Plan to which this Declaration is attached. The funding will not be a loan to Erin and will not be subject to repayment by Erin.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 18th day of September, 2024 at San Diego, California.

By: _Michele Burke_

MICHELE E. BURKE

# EXHIBIT "A" – SCHEDULES OF ASSETS AND LIABILITIES

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Erin Elizabeth Burke** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION |
| Case number (if known) | **2:24-bk-14882** |

☐ Check if this is an amended filing

## Official Form 106Sum

### Summary of Your Assets and Liabilities and Certain Statistical Information     12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

**Part 1:    Summarize Your Assets**

| | Your assets Value of what you own |
|---|---|
| 1.    **Schedule A/B: Property** (Official Form 106A/B) | |
| 1a. Copy line 55, Total real estate, from Schedule A/B........................................ | $    3,588,000.00 |
| 1b. Copy line 62, Total personal property, from Schedule A/B................................. | $    1,775,038.00 |
| 1c. Copy line 63, Total of all property on Schedule A/B........................................ | $    5,363,038.00 |

**Part 2:    Summarize Your Liabilities**

| | Your liabilities Amount you owe |
|---|---|
| 2.    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | |
| 2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D...* | $    2,790,154.19 |
| 3.    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | |
| 3a. Copy  the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*............................ | $    776,400.63 |
| 3b. Copy  the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*............................ | $    5,520,326.48 |
| **Your total liabilities** | $    9,086,881.30 |

**Part 3:    Summarize Your Income and Expenses**

| | |
|---|---|
| 4.    *Schedule I: Your Income* (Official Form 106I) Copy your combined monthly income from line 12 of *Schedule I*................................................................................. | $    26,158.00 |
| 5.    *Schedule J: Your Expenses* (Official Form 106J) Copy your monthly expenses from line 22c of *Schedule J*................................................................. | $    35,082.00 |

**Part 4:    Answer These Questions for Administrative and Statistical Records**

6.    **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

☐  No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

■  Yes

7.    **What kind of debt do you have?**

☐  **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

■  **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Debtor 1   __Erin Elizabeth Burke__                                    Case number *(if known)*  __2:24-bk-14882__

8.   **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form
     122A-1 Line 11; **OR,** Form 122B Line 11; **OR,** Form 122C-1 Line 14.                                    $ _____

9.   **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

                                                                              **Total claim**

     **From Part 4 on *Schedule E/F*, copy the following:**
     9a. Domestic support obligations (Copy line 6a.)                         $ _____

     9b. Taxes and certain other debts you owe the government. (Copy line 6b.)  $ _____

     9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.)  $ _____

     9d. Student loans. (Copy line 6f.)                                       $ _____

     9e. Obligations arising out of a separation agreement or divorce that you did not report as
         priority claims. (Copy line 6g.)                                     $ _____

     9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.)  +$ _____

     9g. **Total.** Add lines 9a through 9f.                                  $ _____

**Fill in this information to identify your case and this filing:**

| | |
|---|---|
| Debtor 1 | **Erin Elizabeth Burke** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION |
| Case number | **2:24-bk-14882** |

☐ Check if this is an amended filing

Official Form 106A/B

# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**   **Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

   ☐ No. Go to Part 2.

   ☑ Yes. Where is the property?

1.1

**6411 Ivarene Ave**
Street address, if available, or other description

**Los Angeles          CA      90068-0000**
City                         State    ZIP Code

**Los Angeles**
County

**What is the property?** Check all that apply

☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$3,588,000.00** | **$3,588,000.00** |

**Describe the nature of your ownership interest** (such as fee simple, tenancy by the entireties, or a life estate), if known.

**100% owned**

☐ Check if this is community property
(see instructions)

Other information you wish to add about this item, such as local property identification number:

**Value of $3,900,000 less 8% cost of sale ($312,000) results in value of $3,588,000**

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here**........................................................=>

| |
|---|
| **$3,588,000.00** |

**Part 2:**   **Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

| Debtor 1 | **Erin Elizabeth Burke** | Case number *(if known)* | **2:24-bk-14882** |

**3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
☑ Yes

| | | | |
|---|---|---|---|
| 3.1 | Make: | **Land Rover** | Who has an interest in the property? *Check one* |
| | Model: | **Range Rover** | |
| | Year: | **2021** | |
| | Approximate mileage: | **33468** | |
| | Other information: | | |

Who has an interest in the property? *Check one*

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property? **$60,412.00**

Current value of the portion you own? **$60,412.00**

| | | | |
|---|---|---|---|
| 3.2 | Make: | **Land Rover** | |
| | Model: | **Range Rover** | |
| | Year: | **2008** | |
| | Approximate mileage: | **121000** | |
| | Other information: | | |

Who has an interest in the property? *Check one*

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property? **$22,707.00**

Current value of the portion you own? **$22,707.00**

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☑ No
☐ Yes

5  Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here....................................................................=> **$83,119.00**

**Part 3:**  Describe Your Personal and Household Items

Do you own or have any legal or equitable interest in any of the following items?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**6. Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
☑ Yes. Describe.....

| Household goods and furnishings | $10,000.00 |
|---|---|

**7. Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
☐ No
☑ Yes. Describe.....

| Household electronics | $500.00 |
|---|---|

**8. Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
☑ No

| Debtor 1 | **Erin Elizabeth Burke** | Case number *(if known)* | **2:24-bk-14882** |
| --- | --- | --- | --- |

☐ Yes. Describe.....

9. **Equipment for sports and hobbies**
    *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

■ No
☐ Yes. Describe.....

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

■ No
☐ Yes. Describe.....

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No
■ Yes. Describe.....

| Personal clothing | $1,000.00 |
| --- | --- |

| Jewelry | $1,000.00 |
| --- | --- |

12. **Jewelry**
    *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

■ No
☐ Yes. Describe.....

13. **Non-farm animals**
    *Examples:* Dogs, cats, birds, horses

■ No
☐ Yes. Describe.....

14. **Any other personal and household items you did not already list, including any health aids you did not list**

■ No
☐ Yes. Give specific information.....

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ...........................................................................

| | $12,500.00 |
| --- | --- |

**Part 4:** Describe Your Financial Assets

**Do you own or have any legal or equitable interest in any of the following?**

Current value of the portion you own?
Do not deduct secured claims or exemptions.

16. **Cash**
    *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☐ No
■ Yes.................................................................................................

| Cash on hand | $1,000.00 |
| --- | --- |

17. **Deposits of money**
    *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No
■ Yes.........................    Institution name:

| Debtor 1 | **Erin Elizabeth Burke** | | Case number *(if known)* **2:24-bk-14882** |
|---|---|---|---|

| | | | |
|---|---|---|---|
| 17.1. | **Checking** | Axos Bank (x3112) | $5,000.00 |
| 17.2. | **Savings** | Axos Bank (x2656) | $24.00 |
| 17.3. | **Checking** | Chase Bank (x2301) | $70.00 |
| 17.4. | **Brokerage** | Merrill Lynch | $31,802.00 |
| 17.5. | **Brokerage** | Charles Schwab Account | $36,523.00 |

18. **Bonds, mutual funds, or publicly traded stocks**
   *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
   ■ No
   ☐ Yes.................     Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
   ☐ No
   ■ Yes.  Give specific information about them...................

| Name of entity: | % of ownership: | | |
|---|---|---|---|
| Furnishings LA, LLC (retail operations in Los Angeles) | 100% | % | $0.00 |
| Burke Decor, LLC | 100% | % | $0.00 |
| 222 N. Brand Blvd Realty LLC (owner of real property located at same address as name in Glendale, CA.  Property under constructions with a finished value of $6.2 million.  Cost to complete construction is approx. $1.2 million, Secured debt is approx. $5,000,000 | 100% | % | $0.00 |
| 7373 Market Street Realty LLC (owns commercial real property at same address as company name in Ohio).  Fair market value of property is approx. $1 million with secured debt of approx. $560,000. | 100% | % | $440,000.00 |
| 300 Boardman Poland Road Realty LLC (owns commercial real property at the same address as name in Ohio).  Fair market value of property approx. $3 mm.  Secured debt is approx $1.87 mm. | 100% | % | $1,130,000.00 |
| Au Marche LLC (shell company with no holdings) | 100% | % | $0.00 |

| Debtor 1 | **Erin Elizabeth Burke** | | Case number *(if known)* | **2:24-bk-14882** |

| | | | |
|---|---|---|---|
| **Enchante LLC (shell company)** | 100% | % | $25,000.00 |
| **DH Decor LLC (shell company with no holdings)** | | % | $0.00 |

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☒ No
☐ Yes. Give specific information about them
                Issuer name:

**21. Retirement or pension accounts**
*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☒ No
☐ Yes. List each account separately.
                Type of account:          Institution name:

**22. Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

☒ No
☐ Yes. ......................                Institution name or individual:

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

☒ No
☐ Yes.............      Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☒ No
☐ Yes.............      Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

☐ No
☒ Yes.  Give specific information about them...

| **Erin E. Burke Irrevocable Trust Number One: Executed on 10/23/2018.** | $0.00 |
|---|---|

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

☒ No
☐ Yes. Give specific information about them...

**27. Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

☐ No
☒ Yes. Give specific information about them...

| **Liquor license (Ohio)** | $10,000.00 |
|---|---|

**Money or property owed to you?**                                              **Current value of the portion you own?**
Do not deduct secured claims or exemptions.

| Debtor 1 | **Erin Elizabeth Burke** | Case number *(if known)* | **2:24-bk-14882** |

**28. Tax refunds owed to you**
- ▪ No
- ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

**29. Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
- ▪ No
- ☐ Yes. Give specific information......

**30. Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else
- ▪ No
- ☐ Yes. Give specific information..

**31. Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
- ☐ No
- ▪ Yes. Name the insurance company of each policy and list its value.

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| **USAA Term Life Policy for $2 million (no cash value)** | **Connor Burke (brother)** | **$0.00** |

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
- ▪ No
- ☐ Yes. Give specific information..

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue
- ▪ No
- ☐ Yes. Describe each claim.........

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
- ▪ No
- ☐ Yes. Describe each claim.........

**35. Any financial assets you did not already list**
- ▪ No
- ☐ Yes. Give specific information..

**36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here........................................................................................................................**

| **$1,679,419.00** |
|---|

**Part 5:    Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.**

**37. Do you own or have any legal or equitable interest in any business-related property?**
- ▪ No. Go to Part 6.
- ☐ Yes. Go to line 38.

**Part 6:    Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.**
If you own or have an interest in farmland, list it in Part 1.

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
- ▪ No. Go to Part 7.

Debtor 1    **Erin Elizabeth Burke**                                    Case number *(if known)*    **2:24-bk-14882**

☐ Yes. Go to line 47.

| **Part 7:** | **Describe All Property You Own or Have an Interest in That You Did Not List Above** |
|---|---|

53. **Do you have other property of any kind you did not already list?**
    *Examples:* Season tickets, country club membership

    ■ No
    ☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ......................................

|  | **$0.00** |
|---|---|

| **Part 8:** | **List the Totals of Each Part of this Form** |
|---|---|

55. **Part 1: Total real estate, line 2** ...................................................................................  **$3,588,000.00**

56. **Part 2: Total vehicles, line 5**                                                 $83,119.00
57. **Part 3: Total personal and household items, line 15**                        $12,500.00
58. **Part 4: Total financial assets, line 36**                                    $1,679,419.00
59. **Part 5: Total business-related property, line 45**                               $0.00
60. **Part 6: Total farm- and fishing-related property, line 52**                      $0.00
61. **Part 7: Total other property not listed, line 54**                       +       $0.00

62. **Total personal property.** Add lines 56 through 61...    $1,775,038.00    Copy personal property total    **$1,775,038.00**

63. **Total of all property on Schedule A/B.** Add line 55 + line 62

|  | **$5,363,038.00** |
|---|---|

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Erin Elizabeth Burke** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION |
| Case number (if known) | **2:24-bk-14882** |

☐ Check if this is an amended filing

## Official Form 106C
# Schedule C: The Property You Claim as Exempt

4/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim.** One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

**Part 1:**    Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ▪ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. **For any property you list on** *Schedule A/B* **that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **6411 Ivarene Ave Los Angeles, CA 90068  Los Angeles County** Value of $3,900,000 less 8% cost of sale ($312,000) results in value of $3,588,000<br>Line from *Schedule A/B*: **1.1** | $3,588,000.00 | ▪ $189,050.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.730 |
| **2021 Land Rover Range Rover 33468 miles**<br>Line from *Schedule A/B*: **3.1** | $60,412.00 | ▪ $5,500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.010 |
| **2008 Land Rover Range Rover 121000 miles**<br>Line from *Schedule A/B*: **3.2** | $22,707.00 | ☐<br>▪ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.010 |
| **Household goods and furnishings**<br>Line from *Schedule A/B*: **6.1** | $10,000.00 | ▪ 100%<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |

Debtor 1    **Erin Elizabeth Burke**                                  Case number (if known)    **2:24-bk-14882**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Household electronics**<br>Line from *Schedule A/B*: **7.1** | $500.00 | ■ 100%<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **Personal clothing**<br>Line from *Schedule A/B*: **11.1** | $1,000.00 | ■ 100%<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **Jewelry**<br>Line from *Schedule A/B*: **11.2** | $1,000.00 | ■ 100%<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.040 |
| **USAA Term Life Policy for $2 million (no cash value)**<br>**Beneficiary: Connor Burke (brother)**<br>Line from *Schedule A/B*: **31.1** | $0.00 | ■ 0%<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.100(a) |

3. **Are you claiming a homestead exemption of more than $189,050?**
   (Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.)

   ■ No

   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

       ☐ No

       ☐ Yes

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Erin Elizabeth Burke** |
| | First Name_____ Middle Name_____ Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name_____ Middle Name_____ Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION |
| Case number | **2:24-bk-14882** |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

☑ Yes. Fill in all of the information below.

**Part 1:    List All Secured Claims**

**2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A<br>Amount of claim<br>Do not deduct the<br>value of collateral. | Column B<br>Value of collateral<br>that supports this<br>claim | Column C<br>Unsecured<br>portion<br>If any |
|---|---|---|---|---|
| **2.1** **Los Angeles County Tax Collector**<br>Creditor's Name | Describe the property that secures the claim: | $0.00 | $3,588,000.00 | $0.00 |

Describe the property that secures the claim:

**6411 Ivarene Ave Los Angeles, CA 90068  Los Angeles County
Value of $3,900,000 less 8% cost of sale ($312,000) results in value of $3,588,000**

P.O. Box 54018
Los Angeles, CA
90054-0018

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☑ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset)

Date debt was incurred _____    Last 4 digits of account number _____

Debtor 1  **Erin Elizabeth Burke**

First Name        Middle Name        Last Name

Case number (if known)    **2:24-bk-14882**

| 2.2 | **Shellpoint Mortgage Servicing** | Describe the property that secures the claim: | $2,790,154.19 | $3,588,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**6411 Ivarene Ave Los Angeles, CA 90068  Los Angeles County Value of $3,900,000 less 8% cost of sale ($312,000) results in value of $3,588,000**

**P.O. Box 10826
Greenville, SC 29603**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset)

**Date debt was incurred**                **Last 4 digits of account number**

Add the dollar value of your entries in Column A on this page. Write that number here:    | $2,790,154.19 |

If this is the last page of your form, add the dollar value totals from all pages. Write that number here:    | $2,790,154.19 |

**Part 2:    List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Erin Elizabeth Burke** |
| | First Name     Middle Name     Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name     Middle Name     Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION |
| Case number (if known) | **2:24-bk-14882** |

☐ Check if this is an amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim.  Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:    List All of Your PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims against you?**
   ☐ No. Go to Part 2.
   ☐ Yes.

2. **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

   (For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|
| **2.1** | **Franchise Tax Board** | | | |

Last 4 digits of account number _____     **$0.00**    **$0.00**    **$0.00**

Priority Creditor's Name
**Special Procedures**
**POB 2952**
**Sacramento, CA 95812**
Number Street City State Zip Code

When was the debt incurred? _____

As of the date you file, the claim is: Check all that apply

**Who incurred the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a  community debt

**Is the claim subject to offset?**
☐ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of PRIORITY unsecured claim:**
☐ Domestic support obligations
☐ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were intoxicated
☐ Other. Specify _____

Debtor 1    **Erin Elizabeth Burke**                                             Case number (if known)    **2:24-bk-14882**

| 2.2 | **Internal Revenue Service** | Last 4 digits of account number | | $727,103.51 | $0.00 | $727,103.51 |

**Internal Revenue Service**
Priority Creditor's Name
**Insolvency I Stop 5022**
**300 N. Los Angeles St., #4062**
**Los Angeles, CA 90012-9903**
Number Street City State Zip Code

Last 4 digits of account number ____    $727,103.51    $0.00    $727,103.51

When was the debt incurred?    **2022**

**Who incurred the debt?** Check one.

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ☐ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of PRIORITY unsecured claim:**

- ☐ Domestic support obligations
- ☐ Taxes and certain other debts you owe the government
- ☐ Claims for death or personal injury while you were intoxicated
- ☐ Other. Specify ____

**2022 corporate taxes. Information being reviewed and tax returns will be amended.**

---

| 2.3 | **Pennsylvania Dept of Revenue** | Last 4 digits of account number | | $49,297.12 | $0.00 | $49,297.12 |

**Pennsylvania Dept of Revenue**
Priority Creditor's Name

**Harrisburg, PA 17128-2005**
Number Street City State Zip Code

Last 4 digits of account number ____    $49,297.12    $0.00    $49,297.12

When was the debt incurred? ____

**Who incurred the debt?** Check one.

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ☐ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of PRIORITY unsecured claim:**

- ☐ Domestic support obligations
- ☐ Taxes and certain other debts you owe the government
- ☐ Claims for death or personal injury while you were intoxicated
- ☐ Other. Specify ____

---

| **Part 2:** | **List All of Your NONPRIORITY Unsecured Claims** |

**3.    Do any creditors have nonpriority unsecured claims against you?**

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

☐ Yes.

**4.    List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

**Total claim**

Debtor 1  **Erin Elizabeth Burke**                                              Case number (if known)   **2:24-bk-14882**

| 4.1 | **Alorica Collections - UPS** | Last 4 digits of account number | | $0.00 |

Nonpriority Creditor's Name
**5161 California Ave
Irvine, CA 92617**
Number Street City State Zip Code

When was the debt incurred?

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

Is the claim subject to offset?

☐ No

☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Other. Specify  **Corporate debt of Burke Décor, LLC. Debtor believes that the Debtor has no liability but including this claim in an overabundance of caution**

---

| 4.2 | **American Express** | Last 4 digits of account number | | $52,544.79 |

Nonpriority Creditor's Name
**PO Box 297879
Fort Lauderdale, FL 33329-7879**
Number Street City State Zip Code

When was the debt incurred?

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

Is the claim subject to offset?

☐ No

☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Other. Specify  **Credit card used for business operations**

---

| 4.3 | **Ampla, LLC** | Last 4 digits of account number | | $0.00 |

Nonpriority Creditor's Name
**1239 Broadway, 12th Floor
New York, NY 10019**
Number Street City State Zip Code

When was the debt incurred?

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

Is the claim subject to offset?

☐ No

☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Other. Specify  **Limited guaranty of corporate debt.  Debtor asserts that limited guaranty not triggered and no obligation due and owing by Debtor.**

Type text here

Debtor 1    **Erin Elizabeth Burke**

Case number *(if known)*    **2:24-bk-14882**

---

**4.4** | **Capital One**
Nonpriority Creditor's Name
**PO Box 30285**
**Salt Lake City, UT 84130-0285**
Number Street City State Zip Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

☐ No
☐ Yes

Last 4 digits of account number _____

When was the debt incurred? _____

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify    **corporate credit card**

**$975,776.35**

---

**4.5** | **Chase Cardmember Services**
Nonpriority Creditor's Name
**PO Box 6294**
**Carol Stream, IL 60197-6294**
Number Street City State Zip Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

☐ No
☐ Yes

Last 4 digits of account number _____

When was the debt incurred? _____

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify    **Credit card used for business operations**

**$154,199.00**

---

**4.6** | **Children's Hospital of Los Angeles**
Nonpriority Creditor's Name
**General Fund Account**
**PO Box 740468**
**Los Angeles, CA 90074-0468**
Number Street City State Zip Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

☐ No
☐ Yes

Last 4 digits of account number _____

When was the debt incurred? _____

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify    **medical**

**$4,557.75**

---

United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Buildin
255 E. Temple Street, Suite 1534
Los Angeles, CA 90012

Debtor 1  **Erin Elizabeth Burke**                                        Case number (if known)  **2:24-bk-14882**

---

| 4.7 | **Clearfund Solutions LLC** | Last 4 digits of account number _____ | $0.00 |
|---|---|---|---|

Nonpriority Creditor's Name

**99 Wall Street, Ste 2613**
**New York, NY 10005**

When was the debt incurred? _____

Number Street City State Zip Code

**Who incurred the debt?** Check one.

**As of the date you file, the claim is:** Check all that apply

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

**Is the claim subject to offset?**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

☐ No

☐ Yes

☐ Other. Specify  **Corporate debt of Burke Décor, LLC. Debtor believes that the Debtor has no liability but including this claim in an overabundance of caution**

---

| 4.8 | **Divvy** | Last 4 digits of account number _____ | $0.00 |
|---|---|---|---|

Nonpriority Creditor's Name

**13707 S 200 W**
**Ste 100**
**Draper, UT 84020**

When was the debt incurred? _____

Number Street City State Zip Code

**Who incurred the debt?** Check one.

**As of the date you file, the claim is:** Check all that apply

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

**Is the claim subject to offset?**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

☐ No

☐ Yes

☐ Other. Specify  **Corporate debt of Burke Décor, LLC. Debtor believes that the Debtor has no liability but including this claim in an overabundance of caution**

---

Official Form 106 E/F                    Schedule E/F: Creditors Who Have Unsecured Claims                    Page 5 of 15

Debtor 1  **Erin Elizabeth Burke**                                       Case number (if known)  **2:24-bk-14882**

| 4.9 | **Electronic Arts Inc.** | Last 4 digits of account number _____ | $0.00 |

Nonpriority Creditor's Name

**209 Redwood Shores Parkway**
**Redwood City, CA 94065**
Number Street City State Zip Code

**When was the debt incurred?** _____

**Who incurred the debt?** Check one.

☑ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

☑ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

☑ Contingent

☑ Unliquidated

☑ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

☑ Other. Specify  **Corporate debt of Burke Décor, LLC. Debtor believes that the Debtor has no liability but including this claim in an overabundance of caution**

---

| 4.10 | **Farmers National Bank** | Last 4 digits of account number _____ | $0.00 |

Nonpriority Creditor's Name

**3615 Boardman Canfield Rd**
**Canfield, OH 44406**
Number Street City State Zip Code

**Who incurred the debt?** Check one.

☑ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

☑ No

☐ Yes

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply

☑ Contingent

☑ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

☑ Other. Specify  **Personal guaranty of secured debt re: real property located at 7373 Market Street - Debtor asserts value of property exceeds debt amount and, therefore, no obligation to be due by Debtor.  Loan amount $560,539.**

---

Debtor 1   **Erin Elizabeth Burke**                                    Case number (if known)   **2:24-bk-14882**

---

**4.1 1**

**Farmers National Bank**
Nonpriority Creditor's Name
**3615 Boardman Canfield Rd**
**Canfield, OH 44406**
Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

Last 4 digits of account number _____     **$0.00**

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply

■ Contingent

■ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   **Personal guaranty of secured debt re: real property located at 300 Boardman Poland Rd - Debtor asserts value of property exceeds debt amount and, therefore, no obligation to be due by Debtor. Loan amount $1,873,801**

---

**4.1 2**

**Fedex**
Nonpriority Creditor's Name
**Fedex Corporate Revenue Services**
**3965 Airways, Module G**
**Memphis, TN 38116**
Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

Last 4 digits of account number _____     **$0.00**

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply

■ Contingent

■ Unliquidated

■ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   **Corporate debt of Burke Décor, LLC. Debtor believes that the Debtor has no liability but including this claim in an overabundance of caution**

---

fds

United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building an
255 E. Temple Street, Suite 1534 / Co

Debtor 1    **Erin Elizabeth Burke**

Case number (if known)    **2:24-bk-14882**

| 4.1 3 | **Fedex Freight** | Last 4 digits of account number | $0.00 |

Nonpriority Creditor's Name

**Fedex Corporate Revenue Services**
**3965 Airways, Module G**
**Memphis, TN 38116**

When was the debt incurred?

Number Street City State Zip Code

**Who incurred the debt? Check one.**

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

☑ No

☐ Yes

**As of the date you file, the claim is: Check all that apply**

☑ Contingent
☑ Unliquidated
☑ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  **Corporate debt of Burke Décor, LLC. Debtor believes that the Debtor has no liability but including this claim in an overabundance of caution**

---

| 4.1 4 | **Global Art Production** | Last 4 digits of account number | $0.00 |

Nonpriority Creditor's Name

**13 Marasesti Square, Targu-Mures**
**Mures County, Romania 00054-0327**

When was the debt incurred?

Number Street City State Zip Code

**Who incurred the debt? Check one.**

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

☑ No

☐ Yes

**As of the date you file, the claim is: Check all that apply**

☑ Contingent
☑ Unliquidated
☑ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  **Corporate debt of Burke Décor, LLC. Debtor believes that the Debtor has no liability but including this claim in an overabundance of caution**

Debtor 1  **Erin Elizabeth Burke**                                    Case number (if known)  **2:24-bk-14882**

| 4.1 5 | **Google** | Last 4 digits of account number _____ | $0.00 |

Nonpriority Creditor's Name
**1600 Amphitheatre Parkway**
**Mountain View, CA 94043**
Number Street City State Zip Code

When was the debt incurred?  _____

Who incurred the debt? Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a  community debt

Is the claim subject to offset?

☐ No
☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Other. Specify  **Corporate debt of Burke Décor, LLC. Debtor believes that the Debtor has no liability but including this claim in an overabundance of caution**

---

| 4.1 6 | **Metropolitan Warehouse & Delivery** | Last 4 digits of account number _____ | $153,744.46 |

Nonpriority Creditor's Name
**960 High Street**
**Perth Amboy, NJ 08861**
Number Street City State Zip Code

When was the debt incurred?  _____

Who incurred the debt? Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a  community debt

Is the claim subject to offset?

☐ No
☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Other. Specify  **Corporate debt of Burke Décor, LLC and litigation against Debtor**

---

| 4.1 7 | **Michele Burke** | Last 4 digits of account number _____ | $642,952.68 |

Nonpriority Creditor's Name
**248 Torrey Pines Terrace**
**Del Mar, CA 92014**
Number Street City State Zip Code

When was the debt incurred?  _____

Who incurred the debt? Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a  community debt

Is the claim subject to offset?

☐ No
☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Other. Specify  **Loan for business operations**

Debtor 1  **Erin Elizabeth Burke**                                     Case number (if known)  **2:24-bk-14882**

---

| 4.18 | **Nextroll** | Last 4 digits of account number ___ ___ ___ ___ | $0.00 |

Nonpriority Creditor's Name
**2300 Harrison St.**
**San Francisco, CA 94110**
Number Street City State Zip Code

**When was the debt incurred?** _____

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☐ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify  **Corporate debt of Burke Décor, LLC. Debtor believes that the Debtor has no liability but including this claim in an overabundance of caution**

---

| 4.19 | **Parker Group, Inc.** | Last 4 digits of account number ___ ___ ___ ___ | $1,311,641.95 |

Nonpriority Creditor's Name
**2261 Market Street #4106**
**San Francisco, CA 94114**
Number Street City State Zip Code

**When was the debt incurred?** _____

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☐ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify  **Personal guaranty of corporate debt. Corporation still operating.**

---

| 4.20 | **Paypal, Inc.** | Last 4 digits of account number  7337 | $1,224,909.50 |

Nonpriority Creditor's Name
**c/o American Coradius International**
**2420 Sweet Home Dr, #150**
**Buffalo, NY 14228-2244**
Number Street City State Zip Code

**When was the debt incurred?** _____

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☐ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify  **Corporate debt (not debtor)**

---

Debtor 1  **Erin Elizabeth Burke**                                                          Case number (if known)   **2:24-bk-14882**

| 4.2 1 | **Pinterest** | | Last 4 digits of account number _____ | $0.00 |

Nonpriority Creditor's Name
**651 Brannan St**
**San Francisco, CA 94107**
Number Street City State Zip Code

**When was the debt incurred?** _____

Who incurred the debt? Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a  community debt

**As of the date you file, the claim is:** Check all that apply

☑ Contingent
☑ Unliquidated
☑ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

Is the claim subject to offset?

☑ No

☐ Yes

☑ Other. Specify  **Corporate debt of Burke Décor, LLC. Debtor believes that the Debtor has no liability but including this claim in an overabundance of caution**

---

| 4.2 2 | **Retail Ops** | | Last 4 digits of account number _____ | $0.00 |

Nonpriority Creditor's Name
**600 B St #2120, San Diego, CA 92101**
**Ste 2120**
**San Diego, CA 92101**
Number Street City State Zip Code

**When was the debt incurred?** _____

Who incurred the debt? Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a  community debt

**As of the date you file, the claim is:** Check all that apply

☑ Contingent
☑ Unliquidated
☑ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

Is the claim subject to offset?

☑ No

☐ Yes

☑ Other. Specify  **Corporate debt of Burke Décor, LLC. Debtor believes that the Debtor has no liability but including this claim in an overabundance of caution**

---

Debtor 1 __Erin Elizabeth Burke__     Case number (if known) __2:24-bk-14882__

| 4.23 | **RPM Expedite USA** | **Last 4 digits of account number** _____ | $0.00 |
|---|---|---|---|

Nonpriority Creditor's Name
**601 Westport Pkwy Ste 400**
**Ste 400**
**Grapevine, TX 76177**
Number Street City State Zip Code

**Who incurred the debt?** Check one.

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ☑ No
- ☐ Yes

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply

- ☑ Contingent
- ☑ Unliquidated
- ☑ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify **Corporate debt of Burke Décor, LLC. Debtor believes that the Debtor has no liability but including this claim in an overabundance of caution**

| 4.24 | **RXO Freight Forwarding** | **Last 4 digits of account number** _____ | $0.00 |
|---|---|---|---|

Nonpriority Creditor's Name
**11215 North Community House Road**
**Charlotte, NC 28277**
Number Street City State Zip Code

**Who incurred the debt?** Check one.

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ☑ No
- ☐ Yes

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply

- ☑ Contingent
- ☑ Unliquidated
- ☑ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify **Corporate debt of Burke Décor, LLC. Debtor believes that the Debtor has no liability but including this claim in an overabundance of caution**

Debtor 1  **Erin Elizabeth Burke**                                          Case number (if known)  **2:24-bk-14882**

---

| 4.2 5 | | | |
|---|---|---|---|

**Small Business Administration**
Nonpriority Creditor's Name
**14925 Kingsport Rd**
**Fort Worth, TX 76155**
Number Street City State Zip Code

**Who incurred the debt? Check one.**

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☑ No
☐ Yes

**Last 4 digits of account number**  **9102**                          **$500,000.00**

**When was the debt incurred?**

**As of the date you file, the claim is:** Check all that apply

☑ Contingent
☑ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  **Personal guarantee of corporate debt on the EIDL Loan. Holds a first lien on corporate assets, but is subordinated to Ampla.**

---

| 4.2 6 | | | |
|---|---|---|---|

**Small Business Administration**
Nonpriority Creditor's Name
**14925 Kingsport Rd**
**Fort Worth, TX 76155**
Number Street City State Zip Code

**Who incurred the debt? Check one.**

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☑ No
☐ Yes

**Last 4 digits of account number**  **7209**                          **$500,000.00**

**When was the debt incurred?**

**As of the date you file, the claim is:** Check all that apply

☑ Contingent
☑ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  **personal guaranty of corporate debt - EIDL. Holds first lien on corporate assets.**

---

| 4.2 7 | | | |
|---|---|---|---|

**The Kaplan Group, Inc.**
Nonpriority Creditor's Name
**154 Addie St.**
**Pismo Beach, CA 93449**
Number Street City State Zip Code

**Who incurred the debt? Check one.**

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☑ No
☐ Yes

**Last 4 digits of account number**                          **$0.00**

**When was the debt incurred?**

**As of the date you file, the claim is:** Check all that apply

☑ Contingent
☑ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  **Corporate debt of Burke Décor, LLC. Debtor believes that the Debtor has no liability but including this claim in an overabundance of caution**

---

Debtor 1    **Erin Elizabeth Burke**                                           Case number *(if known)*    **2:24-bk-14882**

---

| 4.28 | | | |
|---|---|---|---|

**THE LCF GROUP, INC.**
Nonpriority Creditor's Name
**3000 Marcus Avenue**
**Suite 2W15**
**Lake Success, NY 11042**
Number Street City State Zip Code

**Who incurred the debt? Check one.**

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☐ No

☐ Yes

Last 4 digits of account number _____    $0.00

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Other. Specify **Corporate debt of Burke Décor, LLC. Debtor believes that the Debtor has no liability but including this claim in an overabundance of caution**

---

| 4.29 | | | |
|---|---|---|---|

**Zions First Natl Bank**
Nonpriority Creditor's Name
**PO Box 30709**
**Salt Lake City, UT 84130-0709**
Number Street City State Zip Code

**Who incurred the debt? Check one.**

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☐ No

☐ Yes

Last 4 digits of account number _____    $0.00

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Other. Specify **Personal guaranty of secured debt re: real property located at 222 N. Brand Blvd. - Debtor asserts value of property exceeds debt amount and, therefore, no obligation to be due by Debtor.  Loan amount $4,914,893**

---

**Part 3:**    **List Others to Be Notified About a Debt That You Already Listed**

5. **Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.**

Name and Address
**Porter Wright Morris & Arthur LLP**
**Attn: David Shouvlin, Esq.**
**41 . High St., Suites 2800-3200**
**Columbus, OH 43215**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.3** of *(Check one):*    ☐ Part 1: Creditors with Priority Unsecured Claims
☐ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number _____

---

Name and Address
**Ronald Davison, Esq.**
**105 Eisenhower Pkwy**
**Roseland, NJ 07068**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.16** of *(Check one):*    ☐ Part 1: Creditors with Priority Unsecured Claims
☐ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number _____

---

Debtor 1   **Erin Elizabeth Burke**                                                 Case number (if known)   **2:24-bk-14882**

---

| Part 4: | Add the Amounts for Each Type of Unsecured Claim |
|---|---|

6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

| | | | | | Total Claim |
|---|---|---|---|---|---|
| Total claims from Part 1 | 6a. | **Domestic support obligations** | 6a. | $ | 0.00 |
| | 6b. | **Taxes and certain other debts you owe the government** | 6b. | $ | 776,400.63 |
| | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. | $ | 0.00 |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $ | 0.00 |
| | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. | $ | 776,400.63 |

| | | | | | Total Claim |
|---|---|---|---|---|---|
| Total claims from Part 2 | 6f. | **Student loans** | 6f. | $ | 0.00 |
| | 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $ | 0.00 |
| | 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ | 0.00 |
| | 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ | 5,520,326.48 |
| | 6j. | **Total Nonpriority.** Add lines 6f through 6i. | 6j. | $ | 5,520,326.48 |

## EXHIBIT "B" – ESTATE ASSET VALUATION AND LIQUIDATION ANALYSIS

**Erin Burke**                                                                                           **Unaudited**
**Liquidation Analysis**
**Projected as of the Effective Date (November 1, 2024)**
**10/8/2024**

| | Estimated Market Value | Exemptions | Secured Claim | Taxes/ Other | Selling Costs | Net Value | |
|---|---|---|---|---|---|---|---|
| **Real Properties** | | | | | | | |
| 6411 Ivarene Ave., LA, CA 90068 | $ 3,876,000 | $ 189,500 | $ 2,787,138 | $ 23,512 | $ 310,080 | $ 565,770 | [1] |
| 7373 Market Street Realty LLC | 1,075,730 | - | 560,539 | 60,562 | 86,058 | 368,570 | [2] |
| 300 Bdmn Poland Realty LLC | 2,672,280 | - | 1,873,801 | 156,269 | 213,782 | 428,427 | [3] |
| 222 N. Brand Blvd Realty LLC | 4,900,000 | - | 5,000,000 | - | - | - | [4] |
| | | | | | | | |
| **Automobiles** | | | | | | | |
| Range Rover, 2021 (33,468 odo.) | 60,412 | 7,500 | - | | 6,041 | 46,871 | [5] |
| Range Rover, 2018 (121,000 odo.) | 22,707 | | - | | 2,270 | 20,437 | [6] |
| **Other Personal Property** | | | | | | | |
| Household goods and furnishings | 10,000 | 10,000 | | | | - | [7] |
| Electronics | 500 | 500 | | | | - | [7] |
| Clothes | 1,000 | 1,000 | | | | - | [7] |
| Jewelry | 1,000 | 1,000 | | | | - | [7] |
| **Financial Assets** | | | | | | | |
| Cash | 1,000 | 1,000 | | | | - | [7] |
| Bank Account | | | | | | | |
| EWB x9964 | | | | | | 5,000 | |
| | | | | | | | |
| Brokerage Accounts | | | | | | | |
| Merrill Lynch | 32,808 | | 20,150 | | | 12,658 | |
| Charles Schwab | 36,523 | | | | | 36,523 | |
| | | | | | | | |
| **Other- Equity Interests** | | | | | | | |
| Burke Décor, LLC | - | | | | | | [8] |
| Au Marche LLC | - | | | | | | [8] |
| Furnishings LA, LLC | - | | | | | | [8] |
| Enchante, LLC | - | | | | | | [8] |
| | | | | | | | |
| **Available Proceeds** | | | | | | **$ 1,484,257** | |
| | | | | | | | |
| Chapter 7 Trustee Fees | | | | | | 67,778 | [9] |
| *Available Proceeds* | | | | | | 1,416,479 | |
| | | | | | | | |
| Chapter 7 Administration Costs | | | | | | 150,000 | [10] |
| *Available Proceeds* | | | | | | 1,266,479 | |
| | | | | | | | |
| Chapter 11 Administration Claims | | | | | | 50,000 | [11] |
| *Available Proceeds* | | | | | | 1,216,479 | |
| | | | | | | | |
| Priority Tax Claims | | | | | | 754,561 | [12] |
| *Available Proceeds* | | | | | | 461,918 | |
| | | | | | | | |
| **General Unsecured Claims** | | | | | | 16,237,404 | [13] |
| *Available Proceeds* | | | | | | N/A | |

| *General Unsecured Claims Recoveries* | |
|---|---|
| **Liquidation** | **2.8%** |
| **Chaper 11 Plan** | **4.2%** |

## Notes to the Liquidation Analysis

[1]  Market value estimated by Debtor based upon comparables data, net of projected renovation and repair costs.  Exemptions per Debtor's Schedules.

[2]  Market value estimated by Debtor's realtor, net of secured claim, past due real estate taxes, and selling costs.

[3]  Market value estimated by Debtor's realtor, net of secured claim, past due real estate taxes, and selling costs.

[4]  Anticipated foreclosure of property; market value estimated below secured claim.

[5]  Estimated per Kelly Blue Book value, less exemption per Debtor's Schedules, less selling costs.

[6]  Estimated per Kelly Blue Book value, less selling costs.

[7]  Exemption per Debtor's Schedules.

[8]  Entities which are either operational with negative equity; are non-operational; or is a holding company.

[9]  Fees for the Chapter 7 Trustee, per formula.

[10]  Estimated fees for the Chapter 7 Trustee's professionals.

[11]  Estimated fees for the Chapter 11 professionals.

[12]  IRS and PA state claims.

[13]  General Unsecured Claims derived from Schedules and reconciled with filed proofs of claim.

## EXHIBIT "C" – SCHEDULED AND FILED CLAIM CHART

| Creditor | Claim No. | Date Claim Filed | FILED CLAIM | | | SCHEDULED CLAIM | | | | OBJECTION |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Secured | Priority | General Unsecured | Schedule "D" Secured | Schedule "E" Priority | Schedule "F" Unsecured | CU/UD | Basis of Objection, if Any |
| Zions First Natl Bank | 15 | 8/28/24 | | | $5,053,112.17 | | | | CU | Y |
| THE LCF GROUP, INC. | 1 | 6/25/24 | $178,430.00 | | | | | $0.00 | CUD | Y |
| The Kaplan Group, Inc. | | | | | | | | $0.00 | CUD | N |
| Small Business Administration (Acct ending - 7209) | | | | | | | | $500,000.00 | CU | Y |
| Small Business Administration (Acct ending - 7209) | 8 | 7/17/24 | | | $1,040,308.66 | | | | CU | N |
| Small Business Administration (Acct ending - 9102) | | | | | | | | $500,000.00 | CU | N |
| RKO Freight Forwarding | | | | | | | | $0.00 | CUD | N |
| RPHI Expedite USA | | | | | | | | $0.00 | CUD | N |
| Retail Ops | | | | | | | | $0.00 | CUD | Y |
| Pinterest | 12 | 8/28/24 | | | $391,818.12 | | | $0.00 | CUD | Y |
| Parker Group, Inc. | 10 | 7/23/24 | | | $1,000,000.00 | | | $1,311,641.95 | CU | Y |
| Nextrol | | | | | | | | $0.00 | CUD | N |
| Michelle Burke | | | | | | | | $542,952.68 | CUD | N |
| Metropolitan Warehouse & Delivery | | | | | | | | $153,744.46 | CUD | N |
| Google | | | | | | | | $0.00 | CUD | N |
| Global Art Production | 3, 4 & 5 (Duplicates) | 7/5/24 | | | $85,252.96 | | | | CUD | Y |
| Fedex Freight | | | | | | | | $0.00 | CUD | N |
| Fedex | | | | | | | | $0.00 | CUD | N |
| Farmers National Bank (Personal guaranty for Market St. Property) | | | | | | | | $0.00 | CU | N |
| Farmers National Bank (Personal guaranty for Poland Rd. Property) | | | | | | | | $0.00 | CU | N |
| Electronic Arts Inc. | | | | | | | | $0.00 | CUD | N |
| Divvy | | | | | | | | $0.00 | CUD | N |
| Clearfund Solutions LLC | | | | | | | | $0.00 | CUD | N |
| Children's Hospital of Los Angeles | | | | | $160,769.99 | | | $4,557.75 | CUD | N |
| Chase Cardmember Services | 6 | 7/14/24 | | | $154,199.00 | | | $154,199.00 | | N |
| Capital One | 2 | 7/2/24 | | | $975,780.35 | | | $975,776.35 | C | N |
| Amita, LLC | 14 | 8/29/24 | | | $6,540,742.66 | | | $0.00 | CUD | N |
| American Express | 9 | 7/19/24 | | | $54,063.02 | | | $52,844.79 | CUD | N |
| Abrica Collections - UPS | | | | | | | | $0.00 | CUD | N |
| Pennsylvania Dept of Revenue | 11 | 8/7/24 | | $49,057.57 | $11,790.91 | | $49,297.12 | | | Y |
| Internal Revenue Service | 7 | 7/17/24 | | $705,263.53 | $105,908.08 | | $727,103.51 | | CUD | Y |
| Franchise Tax Board | | | | | | | $0.00 | | | N |
| Shellpoint Mortgage Servicing | 13 | 8/29/24 | $2,799,773.51 | | | $2,790,154.19 | | | | N |
| Los Angeles County Tax Collector | | | | | | $0.00 | | | | N |
| Bank of America, N.A. | 16 | 8/25/24 | $20,186.88 | | | | | | | N |
| Payrol, Inc. | | | | | $1,224,909.50 | | | | CUD | N |
| TOTALS | | | $2,819,960.39 | $754,321.10 | $10,551,021.59 | $2,790,154.19 | $778,400.63 | $3,295,416.98 | | |

**PROPOSED TREATMENT OF CLAIM**

| Creditor | Plan Classification | Proposed Secured Amount | Proposed Priority Amount | Proposed Unsecured Amount | Comment |
|---|---|---|---|---|---|
| Zions First Natl Bank | 2B | | | $5,053,112.17 | Guaranty of secured debt asserted against 222 N. Brand Blvd Realty LLC - Contingent |
| THE LCF GROUP, INC. | 2A | | | $178,430.00 | Claim against third parties and not Debtor . Objection will be filed |
| The Kajalan Group, Inc. | 2A | | | $0.00 | |
| Small Business Administration (Acct ending - 7209) | 2B | | | $529,085.34 | Guaranty of claim against Burke Décor where claim is in 1st position and fully protected . Objection will be filed.- |
| Small Business Administration (Acct ending - 9102) | 2A | | | $511,233.32 | Guaranty of claim against Burke Décor where claim is in 3rd position - Contingent |
| RXO Freight Forwarding | 2A | | | $0.00 | |
| RPM Expedite USA | 2A | | | $0.00 | |
| Retail Ops | 2A | | | $0.00 | |
| Pinterest | 2A | | | $391,818.12 | Claim against third parties and not Debtor. Objection will be filed |
| Parker Group, Inc. | 2B | | | $1,000,000.00 | Guaranty of Burke Décor debt - Contingent |
| Nextroll | 2A | | | $0.00 | |
| Michele Burke | 2A | | | $642,952.68 | |
| Metropolitan Warehouse & Delivery | 2A | | | $0.00 | |
| Google | 2A | | | $0.00 | |
| Global Art Production | 2A | | | $85,252.96 | Claim against third parties and not Debtor . Objection will be filed |
| Fedex Freight | 2A | | | $0.00 | |
| Fedex | 2A | | | $0.00 | |
| Farmers National Bank (Personal guaranty for Market St. Property) | 2A | | | $0.00 | |
| Farmers National Bank (Personal guaranty for Poland Rd. Property) | 2A | | | $0.00 | |
| Electronic Arts Inc. | 2A | | | $0.00 | |
| Divvy | 2A | | | $0.00 | |
| Clearfund Solutions LLC | 2A | | | $0.00 | |
| Children's Hospital of Los Angeles | 2A | | | $4,557.75 | |
| Chase Cardmember Services | 2A | | | $154,199.00 | |
| Capital One | 2A | | | $975,776.35 | |
| Amyla, LLC | 2B | | | $6,540,742.66 | Guaranty of Burke Décor secured debt - Contingent |
| American Express | 2A | | | $52,544.79 | |
| Alorica Collections - UPS | 2A | | | $0.00 | |
| Pennsylvania Dept of Revenue | Priority Unsecured | | $49,057.57 | $11,790.91 | Taxes being analyzed to file amended returns which may affect final claim |
| Internal Revenue Service | Priority Unsecured | | $705,263.53 | $105,908.08 | Taxes being analyzed to file amended returns which may affect final claim |
| Franchise Tax Board | Priority Unsecured | | | $0.00 | |
| Shellpoint Mortgage Servicing | 1A | $2,790,154.19 | | | |
| Los Angeles County Tax Collector | 1A | $0.00 | | | |
| Bank of America, N.A. | 1B | $20,186.88 | | | Claim secured by account portfolio of approximately $32,000; amount will be offset in satisfaction of claim |
| Paypal, Inc. | | | | $0.00 | |
| TOTALS | | $2,810,341.07 | $754,321.10 | $16,237,404.13 | Class 2A - $3,114,463.96 / Class 2B - $13,122,940.17 |

**EXHIBIT "D" –PROOF OF FUNDS**

**BANK OF AMERICA**                                     PRIVATE BANK

September 18, 2024

David B. Golubchik, Esq.
Levene, Neale, Bender, Yoo & Golubchik, L.L.P.
2818 La Cienega Avenue
Los Angeles, CA   90034

Re:     MICHELE BURKE

Dear Mr. Golubchik:

Our client, Michele Burke, (the "Client") has asked me to provide you with this confidential verification of funds with Bank of America, N.A. (the "Bank") in connection with your request.

As of September 18, 2024, our Client has funds on deposit in excess of $1,500,000.00 held with the Bank.

A copy of this letter is being sent to our Client.  If you have any additional questions, please do not hesitate to contact me at 310.785.6086.

Sincerely,

Armen D. Ajemian
Senior Vice President, Private Client Manager

cc:     Michele Burke

*This verification is being delivered to you with the approval of our Client.  Please note that the information set forth in this letter is subject to change without notice, and is provided in strict confidence to you for your own use only, without any responsibility, guarantee, commitment or liability on the part of the Bank, its affiliates or any of its or its affiliates' directors, officers or employees.  In no event will the Bank be liable for any special, indirect, exemplary or consequential damages, including but not limited to lost profits. To the extent that Client holds any amounts referenced above in joint accounts, the Bank and its affiliates make no representation as to the legal rights of Client with respect to the joint accounts in the event of death, divorce or otherwise. The Bank cannot provide any credit ratings or opinions of the creditworthiness of the Client or any of its/his/her affiliates, and the above information does not constitute an opinion of the Bank of the Client's ability to successfully perform its obligations under any agreement it may enter into with you, the Bank or any other entity.  Finally, the Bank undertakes no responsibility to update the information set forth in this letter.*

Bank of America Private Bank is a division of Bank of America, N.A., Member FDIC and a wholly owned subsidiary of Bank of America Corporation.

**EXHIBIT "E" – PROJECTED DISPOSABLE INCOME**

Erin Burke
Plan Projections & Notes
10/8/2024

**** HYPOTHETICAL DRAFT- SUBJECT TO MODIFICATION ***

| | | 2025 | 2026 | 2027 | 2028 | 2029 | Total |
|---|---|---|---|---|---|---|---|
| | Beginning Cash | $ 10,000 | $ 348,134 | $ (116,956) | $ (588,485) | $ (1,066,671) | $ 10,000 |
| 1 | Wages- BD | - | | | | | - |
| 2 | Wages- TW | 67,890 | 69,926 | 72,024 | 74,185 | 76,410 | 360,435 |
| 3 | 300 Bdmn Poland Rd., Boardman, OH | 428,427 | | | | | 428,427 |
| 4 | 7373 Market St., Boardman, OH | 368,570 | | | | | 368,570 |
| 5 | 222 N. Brand Blvd, Glendale, CA | - | | | | | - |
| | Total Income | 864,887 | 69,926 | 72,024 | 74,185 | 76,410 | 1,157,433 |
| 6 | Home Mortgage | 267,980 | 267,980 | 267,980 | 267,980 | 267,980 | 1,339,900 |
| | Utilities | 15,450 | 15,914 | 16,391 | 16,883 | 17,389 | 82,026 |
| 7 | Education, Child | 66,000 | 67,980 | 70,019 | 72,120 | 74,284 | 350,403 |
| 8 | Child Activities | 12,360 | 12,731 | 13,113 | 13,506 | 13,911 | 65,621 |
| | Food- Groceries & Dining | 49,440 | 50,923 | 52,451 | 54,024 | 55,645 | 262,484 |
| 9 | Housekeeping/ Pool/ Gardening | 18,540 | 19,096 | 19,669 | 20,259 | 20,867 | 98,431 |
| | Travel & Entertainment | 18,540 | 19,096 | 19,669 | 20,259 | 20,867 | 98,431 |
| | Household Supplies | 12,360 | 12,731 | 13,113 | 13,506 | 13,911 | 65,621 |
| 10 | Repairs | 9,270 | 9,548 | 9,835 | 10,130 | 10,433 | 49,216 |
| 11 | Auto | 3,090 | 3,183 | 3,278 | 3,377 | 3,478 | 16,405 |
| 12 | Subscriptions | 10,183 | 10,489 | 10,804 | 11,128 | 11,462 | 54,065 |
| 13 | Other- (Insur, auto) | 25,000 | 26,250 | 27,563 | 28,941 | 30,388 | 138,141 |
| | Total Expenses | 526,753 | 535,017 | 543,553 | 552,371 | 561,482 | 2,719,175 |
| | Net Disposable Income | $ 348,134 | $ (116,956) | $ (588,485) | $ (1,066,671) | $ (1,551,743) | $ (1,551,743) |

Notes

General: All expenses assumed to increase by 3% each year, except for the home mortgage, and Other, which increases at 5% per year.

1 Debtor anticipates wages from her Burke Décor business to cease by 12/31/24.

2 Debtor receives salary from her parent's business, Truck World.

3 300 Bdmn Poland Rd., Boardman, OH : Anticipated net sale proceeds.

4 7373 Market St., Boardman, OH: Anticipated net sale proceeds.

5 222 N. Brand Blvd, Glendale, CA: Assumes foreclosure by mortgage.

6 Home Mortgage: Includes impound of property taxes and homeowner's insurance for Debtor's primary residence.

7 Education, Child: Debtor's second-grade child attends private school, and requires special education services.

8 Child Activities: Tutoring and sports.

9 Housekeeping/ Pool/ Gardening: Monthly costs for maintenance and cleaning services.

10 Repairs: Ordinary course household repairs; excludes work-in-process remodel of bathroom.

11 Auto: Fuel, maintenance, parking, tolls.

12 Subscriptions: Hulu, Netflix, Amazon.

13 Other- (health, auto insur): Commencing 1/1/25, Debtor anticipates Burke Décor will no longer pay for her auto or health insurance coverages.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034.

A true and correct copy of the foregoing document entitled: **Debtor's First Amended Sub-Chapter V Plan Of Reorganization** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**Served with:**

- **Ballot For Accepting Or Rejecting Plan**

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 25, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Todd S. Garan    ch11ecf@aldridgepite.com,
  TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- David B Golubchik    dbg@lnbyg.com, dbg@lnbyg.com
- Gaye N Heck    gheck@bbslaw.com
- Gregory Kent Jones (TR)    gjones@sycr.com,
  smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
- Alexandria Lattner    alattner@sheppardmullin.com, ehwalters@sheppardmullin.com
- Anne C Manalili    anne.manalili@sba.gov
- Yihan She    yas@lnbyg.com
- David Samuel Shevitz    David.S.Shevitz@usdoj.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

**2.  SERVED BY UNITED STATES MAIL**: On **October 25, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

None.                                                                                  ☒Service list attached

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 25, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

None.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 25, 2024 | Rebecka Merritt | /s/ Rebecka Merritt |
|---|---|---|
| _Date_ | _Type Name_ | _Signature_ |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_                                                **F 9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-2
Case 2:24-bk-14882-BB
Central District of California
Los Angeles
Fri Oct 25 13:00:58 PDT 2024

U.S. SMALL BUSINESS ADMINISTRATION
312 N SPRING ST 5TH FLOOR
LOS ANGELES CA 90012-4701

salesforce.com, inc.
Bialson, Bergen & Schwab
c/o Lawrence Schwab/Gaye N Heclk
633 Menlo Ave
Suite 100
Menlo Park, CA 94025-4711

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

Alorica Collections - UPS
5161 California Ave
Irvine, CA 92617-3086

American Express
PO Box 297879
Fort Lauderdale, FL 33329-7879

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

Ampla, LLC
1239 Broadway, 12th Floor
New York, NY 10001-4336

BIALSON, BERGEN & SCHWAB,
a Professional Corporation
Gaye Nell Heck, Esq.
830 Menlo Ave., Suite 201
Menlo Park, CA 94025-4734

Bank of America, N.A.
Sheppard Mullin Richter & Hampton LLP
Attn: Michael T. Driscoll
30 Rockefeller Center
New York, NY 10112-0079

Capital One
PO Box 30285
Salt Lake City, UT 84130-0285

Capital One N.A.
by AIS InfoSource LP as agent
PO Box 71083
Charlotte, NC  28272-1083

(p)JPMORGAN CHASE BANK  N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

Children's Hospital of Los Angeles
General Fund Account
PO Box 740468
Los Angeles, CA 90074-0468

Clearfund Solutions LLC
99 Wall Street, Ste 2613
New York, NY 10005-4301

Diana Berberian
13464 Albers St
Sherman Oaks, CA 91401-5320

Divvy
13707 S 200 W
Ste 100
Draper, UT 84020-2443

Electronic Arts Inc.
209 Redwood Shores Parkway
Redwood City, CA 94065-1175

Farmers National Bank
3615 Boardman Canfield Rd
Canfield, OH 44406-9009

Fedex
Fedex Corporate Revenue Services
3965 Airways, Module G
Memphis, TN 38116

Fedex Freight
Fedex Corporate Revenue Services
3965 Airways, Module G
Memphis, TN 38116

(p)FIRST ENTERTAINMENT CREDIT UNION
6735 FOREST LAWN DR
HOLLYWOOD CA 90068-1055

Franchise Tax Board
Bankruptcy Section MS A340
PO Box 2952
Sacramento CA 95812-2952

Franchise Tax Board
Special Procedures
POB 2952
Sacramento, CA 95812-2952

Glenn P, Berger
Jaffe & Asher LLP
445 Hamilton Ave., Suite 405
White Plains, NY 10601-1825

Global Art Production
13 Marasesti Square, Targu-Mures
Mures County, Romania 00054-0327

Global Art Production SRL
Piata Marasesti 13
Mures
Romania

Google
1600 Amphitheatre Parkway
Mountain View, CA 94043-1351

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o National Bankruptcy Services, LLC
P.O. Box 9013
Addison, Texas 75001-9013

LOS ANGELES COUNTY TREASURER AND TAX COLLE
ATTN BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

Metropolitan Warehouse & Delivery
960 High Street
Perth Amboy, NJ 08861-3086

Michele Burke
248 Torrey Pines Terrace
Del Mar, CA 92014-3334

Nextroll
2300 Harrison St.
San Francisco, CA 94110-2013

PA Department of Revenue
Bankruptcy Division
PO Box 280946
Harrisburg, PA 17128-0946

Parker Group, Inc.
2261 MArket Street #4106
San Francisco, CA 94114-1612

Parker Group, Inc.
Jaffe & Asher LLP
445 Hamilton Ave., Suite 405
White Plains, NY 10601-1825

Paylpal, Inc
c/o American Coradius International
2420 Sweet Home Dr, #150
Buffalo, NY 14228-2244

Pennsylvania Dept of Revenue
Harrisburg, PA 17128-2005

Pinterest
651 Brannan St
San Francisco, CA 94107-1532

Pinterest, Inc.
C/O BIALSON, BERGEN & SCHWAB
ATTN: LAWRENCE SCHWAB/GAYE HECK
830 MENLO AVE., SUITE 201
MENLO PARK, CA 94025-4734

Porter Wright Morris & Arthur LLP
Attn: David Shouvlin, Esq.
41 . High St., Suites 2800-3200
Columbus, OH 43215

RPM Expedite USA
601 Westport Pkwy Ste 400
Ste 400
Grapevine, TX 76051-6750

RXO Freight Forwarding
11215 North Community House Road
Charlotte, NC 28277-4960

Retail Ops
600 B St #2120, San Diego, CA 92101
Ste 2120
San Diego, CA 92101-4526

Ronald Davison, Esq.
105 Eisenhower Pkwy
Roseland, NJ 07068-1640

Shellpoint Mortgage Servicing
P.O. Box 10826
Greenville, SC 29603-0826

Small Business Administration
14925 Kingsport Rd
Fort Worth, TX 76155-2243

THE LCF GROUP, INC.
3000 Marcus Avenue
Suite 2W15
Lake Success, NY 11042-1005

(p)THE KAPLAN GROUP   INC
154 ADDIE ST
PISMO BEACH CA 93449-2681

U.S. Bank Trust National Association
c/o NewRez LLC d/b/a Shellpoint Mortgage
P.O. Box 10826
Greenville SC 29603-0826

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Zions Bancorporation,N.A. dba Zions First Nt
c/o Buchalter, A Professional Corp
Attn: Anthony J. Napolitano, Esq.
1000 Wilshire Blvd., Ste. 1500
Los Angeles, CA  90017-1730

Zions First Natl Bank
PO Box 30709
Salt Lake City, UT 84130-0709

David B Golubchik
Levene, Neale, Bender, Yoo & Golubchik L
2818 La Cienega Avenue
Los Angeles, CA 90034-2618

Erin Elizabeth Burke
6411 Ivarene Ave
Los Angeles, CA 90068-2823

Gregory Kent Jones (TR)
Stradling Yocca Carlson & Rauth
10100 N. Santa Monica Blvd., Suite 1400
Los Angeles, CA 90067-4140

Yihan She
Levene Neale Bender Yoo & Golubchik, LLP
2818 La Cienega Ave
Los Angeles, CA 90034-2618

Honorable Sheri Bluebond
United States Bankruptcy Court
255 E. Temple Street
Suite 1534 / Courtroom 1539
Los Angeles, CA 90012

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| U.S. Small Business Administration | Chase Cardmember Services | First Entertainment Credit Union |
| Office of General Counsel | PO Box 6294 | Attn: Mercy Andrade |
| 312 N Spring St, 5th Floor | Carol Stream, IL 60197-6294 | 6735 Forest Lawn Drive |
| Los Angeles, CA 90012 | | Hollywood, CA 90068 |
| | | |
| Internal Revenue Service | Los Angeles County Tax Collector | The Kaplan Group, Inc. |
| Insolvency I Stop 5022 | P.O. Box 54018 | 154 Addie St. |
| 300 N. Los Angeles St., #4062 | Los Angeles, CA 90054-0018 | Pismo Beach, CA 93449 |
| Los Angeles, CA 90012-9903 | | |

(d)U.S. Small Business Administration
Office of General Counsel - LADO
312 North Spring Street, Floor 5
Los Angeles, CA 90012


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Armory Consulting Co. | (u)BANK OF AMERICA, N.A. | (u)Courtesy NEF |

| | | | |
|---|---|---|---|
| (u)Levene, Neale, Bender, Yoo & Golubchik L.L | (u)Merrill Lynch, Pierce, Fenner & Smith, Inc | End of Label Matrix | |
| | | Mailable recipients | 58 |
| | | Bypassed recipients | 5 |
| | | Total | 63 |