Leslie A. Cohen, Esq. (SBN: 93698)
leslie@lesliecohenlaw.com
J'aime Williams Kerper, Esq. (SBN 261148)
jaime@lesliecohenlaw.com
LESLIE COHEN LAW, PC
1615-A Montana Avenue
Santa Monica, CA 90403
Telephone: (310) 394-5900
Facsimile: (310) 394-9280

Attorneys for *The LCF Group, Inc.*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: 2:24-bk-14882-BB |
| ERIN ELIZABETH BURKE. | Chapter 11 |
| Debtor in Possession | **OBJECTION TO FIRST AMENDED SUB-CHAPTER V PLAN; DECLARATION OF J'AIME WILLIAMS KERPER** |
| | Confirmation Hearing:<br>Date: December 11, 2024<br>Time: 11:00 a.m.<br>Courtroom: 1539 |

1

TO THE HONORABLE SHERI BLUEBOND; THE OFFICE OF THE UNITED STATES TRUSTEE; DEBTOR AND ALL INTERESTED PARTIES:

The LCF Group, Inc. ("**LCF**"), creditor in the above-captioned bankruptcy case of Erin Elizabeth Burke ("**Debtor**"), hereby submits its objection to the Debtor's First Amended Sub-Chapter V Plan ("**Plan**") [Docket No. 60], as follows:

## I. BACKGROUND

On May 22, 2024, the Debtor's wholly-owned entity, Burke Decor, LLC, entered into an Agreement for Purchase and Sale of Future Receivables ("**Agreement**") with LCF. See Proof of Claim No. 1. The Debtor personally guaranteed the obligations laid out in the Agreement, and LCF recorded a UCC-1 securing the obligations of both Burke Décor, LLC and the Debtor, along with the Debtor's other entities Au Marche, LLC and DH Décor, LLC. See Id.

Less than 1 month later, on June 20, 2024, the Debtor commenced this bankruptcy case ("**Bankruptcy Case**") by filing a voluntary petition under Chapter 11, Subchapter V, of the Bankruptcy Code. See Plan 1:2.

On June 25, 2024, LCF filed Proof of Claim No. 1 (the "**Claim**") with documentation supporting its secured claim against the Debtor. No objection to the Claim has been filed. See Docket generally.

## II. DISCUSSION

Bankruptcy Code Section 1129(a)(1) provides that a court shall confirm a plan only if it complies with the applicable provisions of the bankruptcy code. See 11 U.S.C. § 1129(a)(1). The burden of proof is on the debtor to provide sufficient evidence that a Chapter 11 Plan is confirmable. See, In re Lennox, 909 F.2d 737, 739 (9th Cir. 1990).

**a.   The Plan Impermissibly Gerrymanders Classes 2a and 2b**

The Bankruptcy Code requires that claims in a class be substantially similar. 11 U.S.C. § 1122(a). Courts "must not approve a plan placing similar claims differently" solely to gerrymander an affirmative voting class. In re Loop 76, LLC, 465 B.R. 525, 537 (B.A.P. 9th Cir. 2012). The nature of each claim determines whether claims are substantially similar.

In re Johnston, 21 F.3d 323, 327 (9th Cir. 1994); Loop 76, 465 B.R. at 538; In re Rexford Props., LLC, 558 B.R. 352, 361 (Bankr. C. D. Cal. 2016). The kind, species, and character of the claim establishes its nature. Id. A Debtor can separately classify substantially similar claims only where it has a "'legitimate business or economic justification' for doing so" and where the separate classification is not an attempt to achieve an impermissible purpose. In re Barakat, 99 F.3d 1520, 1524-26 (9th Cir. 1996). Gerrymandering separate classes to create an accepting class is not allowed. See In re Stockton, CA, 542 B.R. 261, 280 (BAP 9th Cir. 2015) citing Phoenix Mut. Life Ins. Co. v. Greystone III JV (In re Greystone III JV), 995 F.2d 1274, 1279 (5th Cir. 1991) ("[T]hou shall not classify similar claims differently in order to gerrymander an affirmative vote on a reorganization plan").

Here, the Plan impermissibly separately classifies the substantially similar unsecured claims "subject to contingency based on Debtor's guaranty of third party claims" in class 2b from the other unsecured creditors in class 2a. The Plan fails to explain or justify why personal guaranty claims should be separately classified from other claims in the general unsecured class, particularly since both classes are being paid from the same "pot" which is "estimated to be $672,168." See Plan at pp. 14-15.

Further, a review of Plan Exhibit C undermines the Plan's alleged differentiation of Class 2a and 2b creditors on the basis of contingency guarantees. For example, Exhibit C lists SBA acct enting 7209 in class 2B but SBA acct ending 9102 in 2A despite describing both as "guaranty of claim against Burke Décor." See Plan Exhibit C, p. 2. Exhibit C also lists debts owed to Farmers National Bank, which are described as personal guaranties, in Class 2a. Exhibit C also includes LCF's Claim and other claims in Class 2A, but indicates that they are "claims against third parties not Debtor. Objection will be filed," despite the fact that Claim documents plainly demonstrate that the Debtor executed a personal guaranty, as shown in LCF's proof of claim on file.

Ultimately, to the extent that the Plan is separately classifying similar unsecured claims (despite Exhibit C failing to demonstrate the type of classification the Plan

discusses), such classification is without justification and renders the Plan patently unconfirmable because of its impermissible claim gerrymandering.

### b. The Plan Is Not Fair and Equitable

Pursuant to § 1191(b), if all other confirmation standards are met, the Court can confirm a Plan with respect to the non-accepting impaired creditors if the Plan (1) does not discriminate; and (2) is fair and equitable. See, 11 U.S.C. §§ 1191(b), (c). With respect to unsecured claims, the Debtor must generally commit its disposable income to the payment of the general unsecured claims over the term of the Plan. See, 11 U.S.C. §§ 1191(b), (c)(2)(A).

Here, the Plan fails to satisfy §1191 for several reasons.

First, the Plan proposes to pay unsecured creditors an "estimated" $672,168" – amounting to "approximately 4.1 percent" of the total unsecured claims. See Plan pp. 14-15. The Plan contends that this is fair because the Debtor has insufficient income to make any net disposable income available to pay creditors, so instead, the Debtor is having her mother fund the Plan in an amount that is "100% of the estate's net value in such assets in an amount substantially greater than liquidation value." Plan 6:6-7. The problem with this explanation is that the Debtor's projected income at Exhibit E fails align with the Debtor's MORs or her Schedule I.

The Debtor's Schedule I at Docket No. 20 indicates that she receives $20,500 per month from "Burke Décor, Parent & Boyfriend" and that she is expecting "Additional support from parent for daughter's education and related expenses." See Docket No. 20 at p. 34. However, the Debtor's projections fail to include the financial support she receives from third parties as part of her cash flow, despite the projections including all of the expenses for her daughter's education and expenses. See Plan Exhibit E. Further, the Plan projections indicate that the Debtor will have monthly expenses of between $43,896.08/mo and $46,790.16/mo (depending on the year), despite the expenses on her MORs never reaching anywhere near that level. See Docket Nos. 44, 46, 57, 62. Accordingly, at best, the Plan fails to demonstrate

4

that the Debtor is accurately reflecting her 5-year net disposable income, which undermines her contention that it is insufficient to pay creditors.

Second, despite the fact that LCF has filed its secured Claim with supporting documentation, and there being no objection to the Claim on file, the Plan provides LCF a solely unsecured claim. The Plan fails to offer any authority for failing to provide treatment for the Claim as filed, pursuant to FRBP 3002. In addition, other than Plan Exhibit C stating the Debtor's intent to object to the Claim on the inaccurate basis that it is a "claim against third parties not Debtor," the Plan fails to acknowledge LCF 's asserted security interest. If the Debtor is intending to treat the Claim as a deficiency claim, such intent should be specified and is without prejudice to LCF exercising its rights against its collateral.

Third, the Plan indicates that the Debtor's mother holds a $642,952.68 claim against the Debtor. Accordingly, since it is the Debtor's mother who is providing the funds to pay creditors under the Plan, the Plan should disclose how much is actually being paid to creditors and how much is being paid back to the Debtor's mother on her claim, or alternatively, the Debtor's mother' should waiver her claim.

Fourth, the Plan fails to offer any support for its alleged valuations of the Debtor's directly and indirectly held real estate holdings. The Plan indicates that the debtor has listed the real properties owned by her LLC's for sale but fails to disclose the actual listing prices or any other information related to the valuation of the Debtor's real estate. The online values for the Debtor's properties appear to exceed the Plan stated valuations:

<u>6411 Ivarene Ave, Los Angeles</u>

Plan Exhibit B provides a value for this property of $3,876,000 despite it being valued online between $4,257,500 and $3,985,500 and it appears that the Debtor purchased the home just 2 years ago. See Declaration of J'aime Williams Kerper ("**Kerper Decl**.")

<u>7373 Market St, Boardman, OH</u>

5

Plan Exhibit B provides a value for the Market St. property of $1,075,730; however, no information came up regarding this property being for sale in an online search. See Kerper Decl.

<u>300 Boardman Poland Rd, Boardman, OH</u>

Plan Exhibit B provides a value for this property of $2,672,280. However, the property appears to be currently listed for lease[1] at a rate of 8.50/sqft for 51,276 SF, or $435,846/year, and the Plan fails to include such revenue as part of the Debtor's ongoing income.

<u>222 N Brand Blvd, Glendale, CA</u>

Plan Exhibit B provides a value of $4,900,000 despite it currently listed for sale for $5,750,000[2]. No explanation is offered to support the discrepancy between the listing price and valuation in the Plan.

Accordingly, the Plan does not appear to accurately state the values of the Debtor's real property interests, which undermines the Debtor's assertions that the amount being provided by her mother matches the liquidation of her assets or is fair and equitable.

### III.    CONCLUSION

Accordingly, LCF respectfully requests that the Court deny approval the Debtor's Plan and order such other and further relief as the Court deems appropriate.

Dated: November 27, 2024                                LESLIE COHEN LAW, P.C.

                                            By:    /s/ Leslie A. Cohen
                                        LESLIE A. COHEN
                                        Attorney for The LCF GROUP

---

[1] https://www.platzrealtygroup.com/property/300-boardman-poland-lease/
[2] https://www.loopnet.com/Listing/222-N-Brand-Blvd-Glendale-CA/29810358/

## DECLARATION OF J'AIME WILLIAMS KERPER

I, J'aime Williams Kerper, declare as follows:

1. I am a member, in good standing, of the Bar of the State of California, and I am admitted to practice before, among other courts, the United States District Court for the Central District of California. I am Junior Partner at Leslie Cohen Law, PC (the "**Firm**"), attorneys for The LCF Group, Inc. ("**LCF**"). I have personal knowledge of the matters set forth below and, if called to testify, I would and could competently testify thereto.

2. Any terms capitalized in this declaration have the same meaning as defined in the foregoing Objection.

3. On November 26, 2024, I conducted an internet search for the property located at 6411 Ivarene Ave, Los Angeles, and found the following:

   a. $4,169,698 estimated value on Redfin.com
      https://www.redfin.com/CA/Los-Angeles/6411-Ivarene-Ave-90068/home/22813411

   b. $3,985,500 estimated value on realtor.com
      https://www.realtor.com/realestateandhomes-detail/6411-Ivarene-Ave_Los-Angeles_CA_90068_M10436-65814

   c. $4,257,500 on Zillow.com https://www.zillow.com/homedetails/6411-Ivarene-Ave-Los-Angeles-CA-90068/95594337_zpid/

   d. All three websites also state that the property last sold in August 2022 for $3,800,000.

4. On November 26, 2024, I conducted an internet search for the property located at 7373 Market St, Boardman, OH. I was unable to locate any information regarding this property being for sale or lease in an online search.

5. On November 26, 2024, I conducted an internet search for the property located at 300 Boardman Poland Rd, Boardman, OH. This property appears to be

1

1 | currently listed for lease at a rate of 8.50/sqft for 51,276 SF, per the following website:

2 | https://www.platzrealtygroup.com/property/300-boardman-poland-lease/

3 |       6.      On November 26, 2024, I conducted an internet search for the property

4 | located at 222 N Brand Blvd, Glendale, CA. This property appears to be currently listed

5 | for sale for $5,750,000 per the following website: https://www.loopnet.com/Listing/222-N-

6 | Brand-Blvd-Glendale-CA/29810358/

7 |       I declare under penalty of perjury under the laws of the United States of America

8 | that the foregoing is true and correct.

9 |       Executed on this 27th day of November 2024 at Boise, Idaho.

*J'aime Williams Kerper*

2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1615-A Montana Avenue, Santa Monica, CA 90403

A true and correct copy of the foregoing document entitled (*specify*): **OBJECTION TO FIRST AMENDED SUB-CHAPTER V PLAN; DECLARATION OF J'AIME WILLIAMS KERPER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **11/27/24**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Todd S. Garan    ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
David B Golubchik    dbg@lnbyg.com, dbg@lnbyg.com
Gaye N Heck    gheck@bbslaw.com
Gregory Kent Jones (TR)    gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
Alexandria Lattner    alattner@sheppardmullin.com, ehwalters@sheppardmullin.com
Anne C Manalili    anne.manalili@sba.gov
Yihan She    yas@lnbyg.com
David Samuel Shevitz    David.S.Shevitz@usdoj.gov
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov        ☐ Service information continued on attached page

**2**. **SERVED BY UNITED STATES MAIL**:
On **11/27/24**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Sheri Bluebond
U.S. Bankruptcy Court
255 E. Temple Street, Suite 1534
Los Angeles, CA, 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____  I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/27/24 | Clare Hendricks | /s/ Clare Hendricks |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                **F 9013-3.1.PROOF.SERVICE**