DAVID GOLUBCHIK (State Bar No. 185530)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYG.COM

Bankruptcy Counsel for
Erin Elizabeth Burke, Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ERIN ELIZABETH BURKE,<br><br>    Debtor and Debtor in Possession. | Case No. 2:24-bk-14882-BB<br><br>Chapter 11<br>Subchapter V<br><br>**DECLARATION OF ERIN E. BURKE IN SUPPORT OF DEBTOR'S MOTION TO CONFIRM "DEBTOR'S FIRST AMENDED SUB-CHAPTER V PLAN OF REORGANIZATION"**<br><br><u>Plan Confirmation Hearing</u>:<br>Date: December 11, 2024<br>Time: 11:00 a.m.<br>Courtroom: 1539<br>Place: 255 E. Temple Street<br>       Los Angeles, CA 90012 |

///

///

///

///

52013808.1                    1

I, Erin Elizabeth Burke, hereby declare as follows:

1. I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2. I am the debtor and debtor in possession in the above-referenced Chapter 11 bankruptcy case.

3. I have reviewed and am familiar with and am knowledgeable about my personal books and records, which I maintain.

4. I make this declaration in support of my motion ("Motion") to confirm my plan of reorganization (the "Plan").

5. I have read the Plan and the exhibits thereto.

6. I have read the Motion, and I hereby agree and verify the facts set forth therein and incorporate such facts in this declaration.

7. I am an entrepreneur with diverse business interests, primarily focused on the home furnishings sector. My experience has led to the creation and management of a network of interconnected companies that leverage synergies across e-commerce and retail.

8. Prior to the bankruptcy filing, my primary business was centered around Burke Décor, LLC (the "Burke Décor"), a high-end home furnishings and décor retailer. Burke Décor operates primarily as an e-commerce platform, offering a curated selection of luxury home furnishings and décor to a discerning customer base.

9. In addition to Burke Décor, I hold 100% ownership interests in several other limited liability companies, including:

   a. Furnishings LA, LLC (no operations);

   b. 222 N. Brand Blvd Realty LLC (owns commercial building in middle of renovation);

   c. 7373 Market Street Realty LLC (owns commercial building);

   d. 300 Boardman Poland Road Realty LLC (owns commercial building);

   e. Au Marche LLC (no operations);

   f. Enchante LLC (no operations); and

g. DH Décor LLC (no operations).

10. These entities were involved in various aspects of the Debtor's business operations, including real estate holdings and complementary business ventures in the home furnishings and décor space.

11. These entities were involved in various aspects of my business operations, including real estate holdings and complementary business ventures in the home furnishings and décor space.

12. Despite Burke Décor's historically strong brand recognition and loyal customer base, the company has faced significant challenges in recent years. The e-commerce home furnishings space has become increasingly competitive, putting pressure on Burke Décor's margins and market share. This competitive landscape has been further complicated by supply chain disruptions and increased inventory costs, particularly in the wake of global economic uncertainties.

13. The company has also grappled with operational inefficiencies between its online platform and brick-and-mortar showroom, resulting in higher than anticipated costs. These challenges were exacerbated by an overleveraged balance sheet, a consequence of rapid expansion efforts that stretched the company's financial resources.

14. The confluence of these challenges led to severe liquidity constraints for Burke Décor. In an effort to keep the business afloat, I personally guaranteed various business obligations, thereby incurring substantial personal liability. This intertwining of personal and business finances would prove to be a critical factor in the events that followed.

15. Further complicating matters, AMPLA, LLC, the primary lender to Burke Décor, commenced a collection action against Burke Décor and the Debtor, as guarantor of the debt, which action was pending in the U.S. District Court for the Northern District of Ohio and has been, or is in the process of being, dismissed. Moreover, Burke Décor became the subject of a consumer protection matter before the Ohio Attorney General's Office. Adding to these issues, Metropolitan Warehouse & Delivery Corp. brought suit against both Burke Décor, LLC and the Debtor, personally, in the Superior Court of New Jersey.

16. Finally, through my wholly-owned LLC, 222 N. Brand Blvd Realty LLC, I own a commercial property in Glendale, CA, which is undergoing substantial renovations. The property is

1  subject to a first priority lien in the amount of approximately $5 million. Based on the costs

2  associated with the renovation (an additional estimated $1.2 million is needed), I placed the property

3  on the market for sale. Notwithstanding my efforts, a sale was not consummated for an amount

4  sufficient to pay off the loan and, I understand, the lender intends to foreclose on the property.

5       17.    The foregoing legal actions and real estate pressures not only added to the financial

6  strain but also consumed valuable time and resources, further exacerbating the company's, and my

7  position.

8       18.    By early 2024, the mounting financial pressures made it clear that a comprehensive

9  restructuring was necessary. I recognized that any effective solution would need to address not only

10 the operational challenges faced by Burke Décor but also my own personal financial situation and

11 the potential personal exposure that I faced as a result of Burke Décor. In order to obtain a respite

12 from litigation and other pressures while reorganizing my efforts, I determined that this filing was

13 necessary and proper.

14      19.    Through this chapter 11 case, I am attempting to address my financial challenges

15 comprehensively and position myself for future success. At the core of her strategy is the

16 restructuring and satisfaction of debt being asserted against me, individually, with the aim of creating

17 a sustainable financial future.

18      20.    In an overabundance of caution, my schedules included personal debt as well as Burke

19 Décor business debt which I am not personally liable for to ensure that all putative creditors receive

20 notice and assert claims. This has occurred and certain filed claims are clearly not my obligation. I

21 intend to file claim objections to address such claims.

22      21.    In addition, this bankruptcy filing has resulted in a stay of litigation, which provided

23 me with an opportunity to analyze my assets and finances in order to propose a feasible plan of

24 reorganization for the benefit of all creditors.

25      22.    I have utilized the time in this bankruptcy case to, not only analyze my assets, but to

26 formulate a reorganization strategy, as discussed below. While I have listed the real properties owned

27 by my LLCs for sale, the process has taken a long time and, in today's market, the timing and likely

28 prospects are uncertain. Fortunately, I received commitment from my mother that, upon

confirmation of the Plan, and not later than seven (7) day before the Effective Date, she will contribute all funds required under this Plan. This will result in maximum and quickest payment to creditors under the circumstances of this case. In addition, since funds will be on hand before the Effective Date of the Plan, there should be no issue with feasibility analysis under the Plan. I believe that this is a huge benefit for all creditors and parties in interest herein.

23. The Plan is a reorganization plan.

24. The Plan is my proposal to reorganize my financial affairs to repay allowed claims of creditors of this bankruptcy estate promptly.

25. As the post-confirmation Debtor, I will acquire all assets and assume all liabilities of the estate as restructured under the Plan.

26. I will sign any reasonable documentation as requested by creditors or required by law to effectuate the acquisition of assets and assumption of liabilities under the Plan.

27. I will fund and effectuate the Plan with cash on hand as of the Effective Date from funds to be contributed by my mother prior to the Effective Date.

28. The Plan designates four classes of claims:

    a. Class 1A under the Plan is comprised of the allowed claim of US Bank, N.A., which holds a first priority lien on the Debtor's primary residence. This claim is unimpaired.

    b. Class 1B under the Plan is comprised of the allowed claim of Bank of America, N.A., which holds a first priority lien on the Debtor's investment portfolio. This claim is unimpaired.

    c. Class 2A consists of general unsecured claims that are not contingent on satisfaction of third party obligations (e.g. guaranty claims); and

    d. Class 2B consists of general unsecured claims that are contingent and unliquidated, the determination of which will be determined subject to satisfaction of obligations, or part thereof, through third parties.

29. The Plan indicates whether each class under the Plan is impaired and what treatment each class will receive.

30. In the Plan, no claim holder is receiving treatment under the Plan different from any other claim holder or interest holder in the same class.

31. The Plan describes the means for the Plan's implementation. My mother will provide 100% of funds necessary to fund the Plan not later than seven (7) days before the Effective Date.

32. The Plan contains only provisions that are consistent with the interests of creditors and with public policy.

33. The Plan does not contemplate the specific sale of any assets.

34. The Plan does not contain provisions inconsistent with the applicable provisions of the Bankruptcy Code.

35. I am the proponent of the Plan.

36. I proposed my original chapter 11 plan within the 90-day statutory deadline from the Petition Date.

37. The Plan contains a brief history of my business operations and finances, a liquidation analysis, and disposable income projections.

38. I have proposed the Plan in good faith.

39. The Plan is not proposed by any means forbidden by law.

40. In accordance with the Plan, the Bankruptcy Court must approve all professional fees and expenses before they may be paid.

41. I will remain and continue to manage my asset and financial affairs after the Effective Date.

42. The Plan provides for the payment of all allowed priority unsecured claims

43. As set forth in the Plan, based on Schedules I and J filed on July 5, 2024 (Docket No. 20), my disposable income is calculated as follows:

   Total monthly income (Schedule I): $26,158.00

   - This includes $5,658.00 from Truck World and $20,500.00 from other sources (Burke Decor, Parent & Boyfriend)

   Total monthly expenses (Schedule J): $35,082.00

   Monthly net income: -$8,924.00 ($26,158.00 - $35,082.00)

44. In addition, attached hereto as **Exhibit "1"** are true and correct projections of my disposable income, which were prepared by me with the assistance of my financial advisor, Armory Consulting Co. The projections forth projected disposable income over the next five (5) years which confirm that I do not anticipate generating net disposable income from my employment and compensation.

45. While the current calculation shows a negative monthly net income, my mother, Michele Burke, has committed to contributing 100% of Plan funds to fund the Plan, as detailed in the Declaration of Michele Burke attached to the Plan. This contribution will ensure that creditors receive more than they would in a Chapter 7 liquidation and much faster.

46. Based on valuation of the estate's interest in assets, which includes a liquidation analysis and waterfall therefrom, a true and correct copy of which is attached hereto as **Exhibit "2"**, the Estate's interest in the monetization of my assets and interests totals $1,513,224, which amount will be contributed to fund the Plan. These funds will be transferred to my bankruptcy counsel's trust account no later than seven (7) days before the Effective Date of Plan. Based on the foregoing Plan provisions, the funds are expected to be utilized as follows:

| | | |
|---|---|---|
| Available Funds | - | $1,513,224 |
| Less Administrative Claims | - | <$50,000> |
| Less Priority Unsecured | - | <$754,320> |
| Less Class 1 Arrears | - | <u><$23,512></u> |
| Net Available for Unsecureds | - | $685,392 |

47. Exhibit "2" also contains a demonstration of the liquidation analysis in a hypothetical chapter 7 case if the case were to be converted to chapter 7 instead of the chapter 11 plan being confirmed. As shown therein, all creditors will receive as much or more under the Plan as they would receive under a Chapter 7 liquidation of the Debtor. It is projected that Class 2A and 2B creditors would receive less in a hypothetical chapter 7 liquidation compared to the Plan. Therefore, the Plan meets the requirements of the Best Interest Test.

48. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization.

49. I believe that I am in compliance with all of the fee requirements set forth in section 1930 of title 28. I have timely paid all fees or costs owing to the Clerk of the Court or the Office of the United States Trustee. The Plan also provides for payment of future applicable fees.

50. I have no retiree benefit obligations.

51. I do not have any domestic support obligations.

52. I understand that U.S. Bank filed an objection to confirmation of the Plan asserting that I am in default of payment obligations to U.S. Bank with respect to my mortgage for my primary residence. As of the date of this declaration, I have cured a portion of the default and will cure all such default by the hearing on Plan confirmation. I will provide evidence of such cure.

53. I understand that LCF filed an objection to confirmation of my Plan and assert that they have a secured claim against my assets. I understand that LCF recorded a UCC-1 financing statement in the State of Ohio, where my business (Burke Décor) is located. Currently, and at the time that LCF recorded its lien, I was not a resident of the State of Ohio and none of my personal assets were located in the State of Ohio. My personal assets disclosed in my Schedules are all located in my home in Los Angeles, California. As a result, I do not think that LCF has a lien on my personal assets.

54. Based on the foregoing, I respectively request that the Court confirm my Plan.

I declare and verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on this 4th day of December 2024, at Los Angeles, California.

_____
ERIN E. BURKE

52013808.1    8

# Exhibit 1

Erin Burke  \*\*\*\* HYPOTHETICAL DRAFT- SUBJECT TO MODIFICATION \*\*\*
Plan Projections & Notes
10/8/2024

|   |   | 2025 | 2026 | 2027 | 2028 | 2029 | Total |
|---|---|---|---|---|---|---|---|
|   | Beginning Cash | $ 10,000 | $ 348,134 | $ (116,956) | $ (588,485) | $ (1,066,671) | $ 10,000 |
| 1 | Wages- BD | - | - | - | - | - | - |
| 2 | Wages- TW | 67,890 | 69,926 | 72,024 | 74,185 | 76,410 | 360,435 |
| 3 | 300 Bdmn Poland Rd., Boardman, OH | 428,427 |   |   |   |   | 428,427 |
| 4 | 7373 Market St., Boardman, OH | 368,570 |   |   |   |   | 368,570 |
| 5 | 222 N. Brand Blvd., Glendale, CA | - |   |   |   |   | - |
|   | Total Income | 864,887 | 69,926 | 72,024 | 74,185 | 76,410 | 1,157,433 |
| 6 | Home Mortgage | 267,980 | 267,980 | 267,980 | 267,980 | 267,980 | 1,339,900 |
|   | Utilities | 15,450 | 15,914 | 16,391 | 16,883 | 17,389 | 82,026 |
| 7 | Education, Child | 66,000 | 67,980 | 70,019 | 72,120 | 74,284 | 350,403 |
| 8 | Child Activities | 12,360 | 12,731 | 13,113 | 13,506 | 13,911 | 65,621 |
|   | Food- Groceries & Dining | 49,440 | 50,923 | 52,451 | 54,024 | 55,645 | 262,484 |
| 9 | Housekeeping/ Pool/ Gardening | 18,540 | 19,096 | 19,669 | 20,259 | 20,867 | 98,431 |
|   | Travel & Entertainment | 18,540 | 19,096 | 19,669 | 20,259 | 20,867 | 98,431 |
|   | Household Supplies | 18,540 | 19,096 | 19,669 | 20,259 | 20,867 | 98,431 |
| 10 | Repairs | 12,360 | 12,731 | 13,113 | 13,506 | 13,911 | 65,621 |
| 11 | Auto | 9,270 | 9,548 | 9,835 | 10,130 | 10,433 | 49,216 |
| 12 | Subscriptions | 3,090 | 3,183 | 3,278 | 3,377 | 3,478 | 16,405 |
|   | Income Tax | 10,183 | 10,489 | 10,804 | 11,128 | 11,462 | 54,065 |
| 13 | Other- (insur, auto) | 25,000 | 26,250 | 27,563 | 28,941 | 30,388 | 138,141 |
|   | Total Expenses | 526,753 | 535,017 | 543,553 | 552,371 | 561,482 | 2,719,175 |
|   | Net Disposable Income | $ 348,134 | $ (116,956) | $ (588,485) | $ (1,066,671) | $ (1,551,743) | $ (1,551,743) |

**Notes**

General: All expenses assumed to increase by 3% each year, except for the home mortgage, and Other, which increases at 5% per year.

1. Debtor anticipates wages from her Burke Décor business to cease by 12/31/24.
2. Debtor receives salary from her parent's business, Truck World.
3. 300 Bdmn Poland Rd., Boardman, OH : Anticipated net sale proceeds.
4. 7373 Market St., Boardman, OH: Anticipated net sale proceeds.
5. 222 N. Brand Blvd., Glendale, CA: Assumes foreclosure by mortgagee.
6. Home Mortgage: Includes impound of property taxes and homeowner's insurance for Debtor's primary residence.
7. Education, Child: Debtor's second-grade child attends private school, and requires special education services.
8. Child Activities: Tutoring and sports.
9. Housekeeping/ Pool/ Gardening: Monthly costs for maintenance and cleaning services.
10. Repairs: Ordinary course household repairs; excludes work-in-process remodel of bathroom.
11. Auto: Fuel, maintenance, parking, tolls.
12. Subscriptions: Hulu, Netflix, Amazon.
13. Other- (health, auto insur): Commencing 1/1/25, Debtor anticipates Burke Décor will no longer pay for her auto or health insurance coverages.

# Exhibit 2

**Erin Burke**                                                       **Unaudited**
**Liquidation Analysis**
**Projected as of the Effective Date (November 1, 2024)**
10/8/2024

| | Estimated Market Value | Exemptions | Secured Claim | Taxes/ Other | Selling Costs | Net Value | |
|---|---|---|---|---|---|---|---|
| **Real Properties** | | | | | | | |
| 6411 Ivarene Ave., LA, CA 90068 | $ 3,876,000 | $ 189,500 | $ 2,787,138 | $ 23,512 | $ 310,080 | $ 565,770 | [1] |
| 7373 Market Street Realty LLC | 1,075,730 | - | 560,539 | 60,562 | 86,058 | 368,570 | [2] |
| 300 Bdmn Poland Realty LLC | 2,672,280 | - | 1,873,801 | 156,269 | 213,782 | 428,427 | [3] |
| 222 N. Brand Blvd Realty LLC | 4,900,000 | - | 5,000,000 | - | - | - | [4] |
| **Automobiles** | | | | | | | |
| Range Rover, 2021 (33,468 odo.) | 60,412 | 7,500 | - | | 6,041 | 46,871 | [5] |
| Range Rover, 2018 (121,000 odo.) | 22,707 | | - | | 2,270 | 20,437 | [6] |
| **Other Personal Property** | | | | | | | |
| Household goods and furnishings | 10,000 | 10,000 | | | | - | [7] |
| Electronics | 500 | 500 | | | | - | [7] |
| Clothes | 1,000 | 1,000 | | | | - | [7] |
| Jewelry | 1,000 | 1,000 | | | | - | [7] |
| **Financial Assets** | | | | | | | |
| Cash | 1,000 | 1,000 | | | | - | [7] |
| Bank Account | | | | | | | |
|   EWB x9964 | | | | | | 5,000 | |
| **Brokerage Accounts** | | | | | | | |
|   Merrill Lynch | 32,808 | | 20,150 | | | 12,658 | |
|   Charles Schwab | 36,523 | | | | | 36,523 | |
| **Other- Equity Interests** | | | | | | | |
|   Burke Décor, LLC | - | | | | | | [8] |
|   Au Marche LLC | - | | | | | | [8] |
|   Furnishings LA, LLC | - | | | | | | [8] |
|   Enchante, LLC | - | | | | | | [8] |
| **Available Proceeds** | | | | | | $ 1,484,257 | |

| | | |
|---|---|---|
| Chapter 7 Trustee Fees | 67,778 | [9] |
| *Available Proceeds* | 1,416,479 | |
| Chapter 7 Administration Costs | 150,000 | [10] |
| *Available Proceeds* | 1,266,479 | |
| Chapter 11 Administration Claims | 50,000 | [11] |
| *Available Proceeds* | 1,216,479 | |
| Priority Tax Claims | 754,561 | [12] |
| *Available Proceeds* | 461,918 | |
| **General Unsecured Claims** | 16,237,404 | [13] |
| *Available Proceeds* | N/A | |

---

***General Unsecured Claims Recoveries***

| | |
|---|---|
| **Liquidation** | 2.8% |
| **Chaper 11 Plan** | 4.2% |

P. 1 of 1

## Notes to the Liquidation Analysis

[1] Market value estimated by Debtor based upon comparables data, net of projected renovation and repair costs. Exemptions per Debtor's Schedules.

[2] Market value estimated by Debtor's realtor, net of secured claim, past due real estate taxes, and selling costs.

[3] Market value estimated by Debtor's realtor, net of secured claim, past due real estate taxes, and selling costs.

[4] Anticipated foreclosure of property; market value estimated below secured claim.

[5] Estimated per Kelly Blue Book value, less exemption per Debtor's Schedules, less selling costs.

[6] Estimated per Kelly Blue Book value, less selling costs.

[7] Exemption per Debtor's Schedules.

[8] Entities which are either operational with negative equity; are non-operational; or is a holding company.

[9] Fees for the Chapter 7 Trustee, per formula.

[10] Estimated fees for the Chapter 7 Trustee's professionals.

[11] Estimated fees for the Chapter 11 professionals.

[12] IRS and PA state claims.

[13] General Unsecured Claims derived from Schedules and reconciled with filed proofs of claim.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034.

A true and correct copy of the foregoing document entitled: **Declaration Of Erin E. Burke In Support Of Debtor's Motion To Confirm "Debtor's First Amended Sub-Chapter V Plan Of Reorganization"** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 4, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- Todd S. Garan    ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- David B Golubchik    dbg@lnbyg.com, dbg@lnbyg.com
- Gaye N Heck    gheck@bbslaw.com
- Gregory Kent Jones (TR)    gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
- Alexandria Lattner    alattner@sheppardmullin.com, ehwalters@sheppardmullin.com
- Anne C Manalili    anne.manalili@sba.gov
- Yihan She    yas@lnbyg.com
- David Samuel Shevitz    David.S.Shevitz@usdoj.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

**2. <u>SERVED BY UNITED STATES MAIL</u>**: On **December 4, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service list attached

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **December 4, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

None.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 4, 2024 | Rebecka Merritt | /s/ Rebecka Merritt |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    **F 9013-3.1.PROOF.SERVICE**

```
Label Matrix for local noticing          (p)U S  SMALL BUSINESS ADMINISTRATION       salesforce.com, inc.
0973-2                                   312 N SPRING ST 5TH FLOOR                   Bialson, Bergen & Schwab
Case 2:24-bk-14882-BB                    LOS ANGELES CA 90012-4701                   c/o Lawrence Schwab/Gaye N Heclk
Central District of California                                                       633 Menlo Ave
Los Angeles                                                                          Suite 100
Wed Dec  4 13:36:08 PST 2024                                                         Menlo Park, CA 94025-4711

Los Angeles Division                     Alorica Collections - UPS                   American Express
255 East Temple Street,                  5161 California Ave                         PO Box 297879
Los Angeles, CA 90012-3332               Irvine, CA 92617-3086                       Fort Lauderdale, FL 33329-7879


American Express National Bank           Ampla, LLC                                  BIALSON, BERGEN & SCHWAB,
c/o Becket and Lee LLP                   1239 Broadway, 12th Floor                   a Professional Corporation
PO Box 3001                              New York, NY 10001-4336                     Gaye Nell Heck, Esq.
Malvern  PA 19355-0701                                                               830 Menlo Ave., Suite 201
                                                                                     Menlo Park, CA 94025-4734


Bank of America, N.A.                    Capital One                                 Capital One N.A.
Sheppard Mullin Richter & Hampton LLP    PO Box 30285                                by AIS InfoSource LP as agent
Attn: Michael T. Driscoll                Salt Lake City, UT 84130-0285               PO Box 71083
30 Rockefeller Center                                                                Charlotte, NC  28272-1083
New York, NY 10112-0079


(p)JPMORGAN CHASE BANK  N A              Children's Hospital of Los Angeles          Clearfund Solutions LLC
BANKRUPTCY MAIL INTAKE TEAM              General Fund Account                        99 Wall Street, Ste 2613
700 KANSAS LANE FLOOR 01                 PO Box 740468                               New York, NY 10005-4301
MONROE LA 71203-4774                     Los Angeles, CA 90074-0468


Diana Berberian                          Divvy                                       Electronic Arts Inc.
13464 Albers St                          13707 S 200 W                               209 Redwood Shores Parkway
Sherman Oaks, CA 91401-5320              Ste 100                                     Redwood City, CA 94065-1175
                                         Draper, UT 84020-2443


Farmers National Bank                    Fedex                                       Fedex Freight
3615 Boardman Canfield Rd                Fedex Corporate Revenue Services            Fedex Corporate Revenue Services
Canfield, OH 44406-9009                  3965 Airways, Module G                      3965 Airways, Module G
                                         Memphis, TN 38116                           Memphis, TN 38116


(p)FIRST ENTERTAINMENT CREDIT UNION      Franchise Tax Board                         Franchise Tax Board
6735 FOREST LAWN DR                      Bankruptcy Section MS A340                  Special Procedures
HOLLYWOOD CA 90068-1055                  PO Box 2952                                 POB 2952
                                         Sacramento CA 95812-2952                    Sacramento, CA 95812-2952


Glenn P, Berger                          Global Art Production                       Global Art Production SRL
Jaffe & Asher LLP                        13 Marasesti Square, Targu-Mures            Piata Marasesti 13
445 Hamilton Ave., Suite 405             Mures County, Romania 00054-0327            Mures
White Plains, NY 10601-1825                                                          Romania


Google                                   INTERNAL REVENUE SERVICE                    (p)INTERNAL REVENUE SERVICE
1600 Amphitheatre Parkway                P.O. BOX 7346                               CENTRALIZED INSOLVENCY OPERATIONS
Mountain View, CA 94043-1351             PHILADELPHIA, PA 19101-7346                 PO BOX 7346
                                                                                     PHILADELPHIA PA 19101-7346
```

| | | |
|---|---|---|
| JPMorgan Chase Bank, N.A.<br>s/b/m/t Chase Bank USA, N.A.<br>c/o National Bankruptcy Services, LLC<br>P.O. Box 9013<br>Addison, Texas 75001-9013 | (p)LOS ANGELES COUNTY TREASURER AND TAX COLLE<br>ATTN BANKRUPTCY UNIT<br>PO BOX 54110<br>LOS ANGELES CA 90054-0110 | Metropolitan Warehouse & Delivery<br>960 High Street<br>Perth Amboy, NJ 08861-3086 |
| Michele Burke<br>248 Torrey Pines Terrace<br>Del Mar, CA 92014-3334 | Nextroll<br>2300 Harrison St.<br>San Francisco, CA 94110-2013 | PA Department of Revenue<br>Bankruptcy Division<br>PO Box 280946<br>Harrisburg, PA 17128-0946 |
| Parker Group, Inc.<br>2261 MArket Street #4106<br>San Francisco, CA 94114-1612 | Parker Group, Inc.<br>Jaffe & Asher LLP<br>445 Hamilton Ave., Suite 405<br>White Plains, NY 10601-1825 | Paylpal, Inc<br>c/o American Coradius International<br>2420 Sweet Home Dr, #150<br>Buffalo, NY 14228-2244 |
| Pennsylvania Dept of Revenue<br>Harrisburg, PA 17128-2005 | Pinterest<br>651 Brannan St<br>San Francisco, CA 94107-1532 | Pinterest, Inc.<br>C/O BIALSON, BERGEN & SCHWAB<br>ATTN: LAWRENCE SCHWAB/GAYE HECK<br>830 MENLO AVE., SUITE 201<br>MENLO PARK, CA 94025-4734 |
| Porter Wright Morris & Arthur LLP<br>Attn: David Shouvlin, Esq.<br>41 . High St., Suites 2800-3200<br>Columbus, OH 43215 | RPM Expedite USA<br>601 Westport Pkwy Ste 400<br>Ste 400<br>Grapevine, TX 76051-6750 | RXO Freight Forwarding<br>11215 North Community House Road<br>Charlotte, NC 28277-4960 |
| Retail Ops<br>600 B St #2120, San Diego, CA 92101<br>Ste 2120<br>San Diego, CA 92101-4526 | Ronald Davison, Esq.<br>105 Eisenhower Pkwy<br>Roseland, NJ 07068-1640 | Shellpoint Mortgage Servicing<br>P.O. Box 10826<br>Greenville, SC 29603-0826 |
| Small Business Administration<br>14925 Kingsport Rd<br>Fort Worth, TX 76155-2243 | THE LCF GROUP, INC.<br>3000 Marcus Avenue<br>Suite 2W15<br>Lake Success, NY 11042-1005 | (p)THE KAPLAN GROUP  INC<br>154 ADDIE ST<br>PISMO BEACH CA 93449-2681 |
| U.S. Bank Trust National Association<br>c/o NewRez LLC d/b/a Shellpoint Mortgage<br>P.O. Box 10826<br>Greenville SC 29603-0826 | United States Trustee (LA)<br>915 Wilshire Blvd, Suite 1850<br>Los Angeles, CA 90017-3560 | Zions Bancorporation,N.A. dba Zions First Nt<br>c/o Buchalter, A Professional Corp<br>Attn:  Anthony J. Napolitano, Esq.<br>1000 Wilshire Blvd., Ste. 1500<br>Los Angeles, CA  90017-1730 |
| Zions First Natl Bank<br>PO Box 30709<br>Salt Lake City, UT 84130-0709 | David B Golubchik<br>Levene, Neale, Bender, Yoo & Golubchik L<br>2818 La Cienega Avenue<br>Los Angeles, CA 90034-2618 | Erin Elizabeth Burke<br>6411 Ivarene Ave<br>Los Angeles, CA 90068-2823 |
| Gregory Kent Jones (TR)<br>Stradling Yocca Carlson & Rauth<br>10100 N. Santa Monica Blvd., Suite 1400<br>Los Angeles, CA 90067-4140 | Yihan She<br>Levene Neale Bender Yoo & Golubchik, LLP<br>2818 La Cienega Ave<br>Los Angeles, CA 90034-2618 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| U.S. Small Business Administration<br>Office of General Counsel<br>312 N Spring St, 5th Floor<br>Los Angeles, CA 90012 | Chase Cardmember Services<br>PO Box 6294<br>Carol Stream, IL 60197-6294 | First Entertainment Credit Union<br>Attn: Mercy Andrade<br>6735 Forest Lawn Drive<br>Hollywood, CA  90068 |
| Internal Revenue Service<br>Insolvency I Stop 5022<br>300 N. Los Angeles St., #4062<br>Los Angeles, CA 90012-9903 | Los Angeles County Tax Collector<br>P.O. Box 54018<br>Los Angeles, CA 90054-0018 | The Kaplan Group, Inc.<br>154 Addie St.<br>Pismo Beach, CA 93449 |

(d)U.S. Small Business Administration
Office of General Counsel - LADO
312 North Spring Street, Floor 5
Los Angeles, CA 90012


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Armory Consulting Co. | (u)BANK OF AMERICA, N.A. | (u)Courtesy NEF |
| (u)Levene, Neale, Bender, Yoo & Golubchik L.L | (u)Merrill Lynch, Pierce, Fenner & Smith, Inc | (u)The LCF Group, Inc. |
| (u)U.S. Bank Trust National Association, not | End of Label Matrix<br>Mailable recipients    58<br>Bypassed recipients     7<br>Total                  65 | |