DAVID GOLUBCHIK (State Bar No. 185530)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYG.COM

Bankruptcy Counsel for
Erin Elizabeth Burke, Debtor and Debtor in Possession

**FILED & ENTERED**

**DEC 16 2024**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY evangeli   DEPUTY CLERK

**CHANGES MADE BY COURT**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ERIN ELIZABETH BURKE,<br><br>      Debtor and Debtor in Possession. | Case No. 2:24-bk-14882-BB<br><br>Chapter 11<br>Subchapter V<br><br>**ORDER CONFIRMING "DEBTOR'S FIRST AMENDED SUB-CHAPTER V PLAN OF REORGANIZATION"**<br><br><u>Plan Confirmation Hearing</u>:<br>Date:  December 11, 2024<br>Time: 11:00 a.m.<br>Courtroom: 1539<br>Place: 255 E. Temple Street<br>        Los Angeles, CA 90012 |

52013808.1                                     1

1      A hearing (the "Confirmation Hearing") was held on December 11, 2024 at 11:00 a.m. before the Honorable Sheri Bluebond, United States Bankruptcy Judge for the Central District of California, Los Angeles Division, to consider that certain the *Motion To Confirm "Debtor's First Amended Sub-Chapter V Plan Of Reorganization" and Response To Objections To Confirmation* ("Confirmation Motion"), pursuant to which Erin Elizabeth Burke (the "Debtor"), the debtor and debtor-in-possession in the above-captioned chapter 11 bankruptcy case, seeks an order confirming the *Debtor's First Amended Sub-Chapter V Plan Of Reorganization* (the "Plan"). Appearances at the Confirmation Hearing were made as set forth on the record of the Court.

     Based on the Findings Of Fact And Conclusions Of Law In Support Of Order Confirming "Debtor's First Amended Sub-Chapter V Plan Of Reorganization" (the "Findings and Conclusions")[1] signed concurrently herewith and the Court's review of, among other things, the Plan, the Confirmation Motion and Declaration of Erin Burke in support thereof, Declaration of David Golubchik regarding ballot tally for the Plan, the objections to the Plan and Debtor's responses thereto, the statements, representations and argument of counsel at the hearing to consider confirmation of the Plan, and for the reasons set forth on the record at the Confirmation Hearing (which are hereby incorporated by reference pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure), and good cause and adequate notice appearing therefor,

     Based on the foregoing, and for the reasons stated on the record by the Court at the Hearing, and for good cause appearing, therefor,

     **IT IS HEREBY ORDERED AS FOLLOWS:**

     1.    Notice of the Confirmation Hearing and of the time fixed for submitting ballots and filing objections to confirmation of the Plan is approved as adequate and no further notice is necessary or appropriate prior to entry of this Order confirming the Plan ("Confirmation Order").

     2.    The Confirmation Motion is granted, and the Plan and each of its provisions are hereby CONFIRMED pursuant to Section 1191(b) of 11 U.S.C. § 101 *et seq.* (the "Bankruptcy

---

[1] All capitalized terms which are not specifically defined herein shall have the same meanings ascribed to them in the Findings and Conclusions, and all capitalized terms not specifically defined in the Findings and Conclusions shall have herein the same meanings ascribed to them in the Plan.

Code"). The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order. The failure to specifically include any particular provision of the Plan in this Confirmation Order will not diminish the effectiveness of such provision or constitute a waiver thereof, it being the intent of the Court that the Plan is confirmed in its entirety and incorporated herein by reference.

3. All objections to the Confirmation Motion and confirmation of the Plan, to the extent not resolved, are overruled.

4. The effective date of the Plan (the "Effective Date") will be the first business day of the month which is at least fourteen (14) days following the date of entry of this Confirmation Order. In accordance with Rules 2002 and 3020(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as soon as reasonably practicable after the Effective Date has occurred, the Reorganized Debtor shall file and serve a notice of the entry of this Confirmation Order and the occurrence of the Effective Date on the United States Trustee, the Subchapter V Trustee, all holders of claims and other parties in interest.

5. On the Effective Date, and except as expressly provided in this Confirmation Order, the Plan and its provisions shall be binding upon the Debtor, the Reorganized Debtor, any individual or entity acquiring or receiving property or a distribution under the Plan, and any holder of a claim against or interest in the Debtor, including all governmental entities, whether or not the claim or interest of such holder is impaired under the Plan and whether or not such holder has accepted the Plan. Pursuant to 11 U.S.C. §§ 1123(a) and 1142(a) and the provisions of this Confirmation Order, the Plan, and all other Plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

6. The property of the Debtor's bankruptcy estate (the "Estate"), including all cash on deposit in debtor-in-possession bank accounts, and all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities held or asserted by the Debtor, shall vest in the Reorganized Debtor on the Effective Date, free and clear of all liens, claims, encumbrances and interests, except as expressly provided in the Plan.

7. On and after the Effective Date, the Debtor or the Reorganized Debtor, as the case may be, shall be authorized to execute, deliver, file, or record such contracts, instruments, releases, indentures, and other agreements or documents, and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

8. The Reorganized Debtor shall act as the disbursing agent and shall submit a quarterly report to the Subchapter V Trustee, within 45 days after the end of each quarter, detailing the payees and amounts of payment to creditors under the Plan with bank statements as proof of payment. The Reorganized Debtor shall not charge any fee for acting as the disbursing agent and for making the Plan distributions.

9. THIS CONFIRMATION ORDER SHALL AND DOES ENJOIN THE PROSECUTION, WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, OF ANY CLAIM, OBLIGATION, SUIT, JUDGMENT, DAMAGE, DEMAND, DEBT, RIGHT, CAUSE OF ACTION, EQUITABLE REMEDY, LIABILITY OR INTEREST RELEASED, DISCHARGED, STAYED, OR TERMINATED PURSUANT TO THE PLAN. EXCEPT AS PROVIDED IN THE PLAN OR THIS CONFIRMATION ORDER, AS OF THE EFFECTIVE DATE, ALL ENTITIES THAT HAVE HELD, CURRENTLY HOLD OR MAY HOLD A CLAIM OR OTHER DEBT OR LIABILITY OR EQUITABLE REMEDY THAT WAS STAYED OR IS DISCHARGED OR AN INTEREST OR OTHER RIGHT OF AN EQUITY SECURITY HOLDER THAT IS EXTINGUISHED PURSUANT TO THE TERMS OF THE PLAN ARE PERMANENTLY ENJOINED FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST: (I) (A) THE DEBTOR, (B) THE REORGANIZED DEBTOR, OR (C) THE OFFICERS, DIRECTORS, MANAGERS, AND EQUITY HOLDERS OF THE DEBTOR AS THEIR ALLEGED ALTER EGOS, OR (II) THEIR PROPERTY; ON ACCOUNT OF ANY SUCH DISCHARGED CLAIMS, DEBTS OR LIABILITIES OR EXTINGUISHED INTERESTS OR RIGHTS: (I) COMMENCING OR CONTINUING, IN ANY MANNER OR IN ANY PLACE, ANY ACTION OR OTHER PROCEEDING; (II) ENFORCING, ATTACHING, COLLECTING OR RECOVERING IN ANY MANNER ANY JUDGMENT, AWARD, DECREE OR ORDER; (III) CREATING, PERFECTING OR ENFORCING ANY LIEN OR ENCUMBRANCE; (IV) ASSERTING A

SETOFF, RIGHT OF SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY DEBT, LIABILITY OR OBLIGATION DUE TO THE DEBTOR; AND (V) COMMENCING OR CONTINUING ANY ACTION IN ANY MANNER, IN ANY PLACE, THAT DOES NOT COMPLY WITH OR IS INCONSISTENT WITH THE PROVISIONS OF THE PLAN.  BY ACCEPTING DISTRIBUTIONS PURSUANT TO THE PLAN, EACH HOLDER OF AN ALLOWED CLAIM RECEIVING DISTRIBUTIONS PURSUANT TO THE PLAN SHALL BE DEEMED TO HAVE SPECIFICALLY CONSENTED TO THE INJUNCTIONS SET FORTH IN THIS PARAGRAPH.  THE INJUNCTION DESCRIBED IN THIS PARAGRAPH (THE "INJUNCTION") IS APPLICABLE TO *ALL* CREDITORS AND PARTIES IN INTEREST WITH RESPECT TO CLAIMS OR CAUSES OF ACTION ARISING OR EXISTING PRIOR TO THE EFFECTIVE DATE.

10. ALL CREDITORS AND PARTIES IN INTEREST WHO ARE PRESENTED WITH A COPY OF THIS CONFIRMATION ORDER SHALL BE AND HEREBY ARE CHARGED WITH ACTUAL KNOWLEDGE OF THE INJUNCTION AND WITH ACTUAL KNOWLEDGE THAT THE INJUNCTION IS APPLICABLE TO SAID CREDITOR AND/OR PARTY IN INTEREST ("ACTUAL KNOWLEDGE"), SUCH THAT IT IS IMPOSSIBLE FOR SAID CREDITOR AND/OR PARTY IN INTEREST TO HAVE A GOOD FAITH BELIEF THAT THE INJUNCTION DOES NOT APPLY TO SAID CREDITOR'S AND/OR PARTY IN INTEREST'S CLAIM OR CAUSE OF ACTION. ACCORDINGLY, ANY CREDITOR AND/OR PARTY IN INTEREST CHARGED WITH SUCH ACTUAL KNOWLEDGE MAY BE HELD IN CONTEMPT FOR VIOLATING THE INJUNCTION, WHICH CONTEMPT PROCEEDING SHALL INCLUDE THE REORGANIZED DEBTOR'S REASONABLE ATTORNEYS' FEES AND COSTS FOR ENFORCING THE INJUNCTION.

11. Neither the Plan nor this Confirmation Order shall release or discharge any party other than the Debtor from any liabilities or claims.

12. The Debtor shall receive a discharge, pursuant to Sections 1192 and 1141(d) of the Bankruptcy Code, as soon as practicable after the Reorganized Debtor has completed payment to Classes 2A and 2B under the Plan.  **Once these payments have been completed, the reorganized debtor shall file with the Court and serve on parties in interest a declaration under penalty of perjury attesting to the fact that such payments have been made accompanied by a request for entry of a discharge.**

13. Notwithstanding entry of this Confirmation Order confirming the Plan and occurrence of the Effective Date, and except as otherwise ordered by this Court, this Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the Case and the Plan to the fullest extent permitted by law.

14. A post-confirmation status conference shall be held in the Debtor's bankruptcy case on March 5, 2025 at 11:00 a.m.

15. The Reorganized Debtor shall file a Post-Confirmation Status Report **supported by a declaration under penalty of perjury** on or before February 21, 2025.

###

Date: December 16, 2024

Sheri Bluebond
United States Bankruptcy Judge

52013808.1