DAVID GOLUBCHIK (State Bar No. 185530)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYG.COM

Bankruptcy Counsel for
Erin Elizabeth Burke, Debtor and Debtor in Possession

**FILED & ENTERED**

**DEC 16 2024**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** evangeli **DEPUTY CLERK**

**CHANGES MADE BY COURT**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ERIN ELIZABETH BURKE,<br><br>　　　　Debtor and Debtor in Possession. | Case No. 2:24-bk-14882-BB<br><br>Chapter 11<br>Subchapter V<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING "DEBTOR'S FIRST AMENDED SUB-CHAPTER V PLAN OF REORGANIZATION"**<br><br><u>Plan Confirmation Hearing</u>:<br>Date: December 11, 2024<br>Time: 11:00 a.m.<br>Courtroom: 1539<br>Place: 255 E. Temple Street<br>　　　　Los Angeles, CA 90012 |

　　　　A hearing (the "<u>Confirmation Hearing</u>") was held on December 11, 2024 at 11:00 a.m. before the Honorable Sheri Bluebond, United States Bankruptcy Judge for the Central District of California, Los Angeles Division, to consider that certain the *Motion To Confirm "Debtor's First Amended Sub-Chapter V Plan Of Reorganization" and Response To Objections To Confirmation* ("<u>Confirmation</u>

52013808.1　　　　　　　　　　　　　　　　　　1

Motion"), pursuant to which Erin Elizabeth Burke (the "Debtor"), the debtor and debtor-in-possession in the above-captioned chapter 11 bankruptcy case, seeks an order confirming the *Debtor's First Amended Sub-Chapter V Plan Of Reorganization* (the "Plan"). Appearances at the Confirmation Hearing were made as set forth on the record of the Court.

The Court, having considered the Plan, the Confirmation Motion and Declaration of Erin Burke in support thereof, Declaration of David Golubchik regarding ballot tally for the Plan, the objections to the Plan and Debtor's responses thereto, the statements, representations and argument of counsel at the hearing to consider confirmation of the Plan, the entire record in this case, having found that proper notice of the Plan confirmation hearing has been provided, and good cause appearing, the Court hereby makes, pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the following Findings of Fact and Conclusions of Law with respect to confirmation of the Plan:

A. *Jurisdiction; Venue; Core Proceeding*. This Court has jurisdiction over the Debtor's Case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) over which this Court has exclusive jurisdiction.

B. *Judicial Notice*. This Court takes judicial notice of the docket of the Debtor's Case maintained by the Clerk of the Court and/or its duly-appointed agent, including, without limitation, all pleadings and other documents filed with, all orders entered by, and all evidence and argument made, proffered or adduced at the hearings held before this Court during the pendency of the Case.

C. *Transmittal and Mailing of Solicitation Materials and Notices*. Service of the Plan, the Notice, the Confirmation Motion, and other solicitation materials was appropriate and sufficient. Appropriate and sufficient notice of the Confirmation Hearing and the other deadlines and matters was given in compliance with 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") and the Bankruptcy Rules, and no other or further notice is or shall be required.

D. *Good Faith Solicitation - 11 U.S.C. § 1125(e)*. The Debtor and her advisors, attorneys and professionals have acted in good faith within the meaning of Section 1129(a)(3) of the Bankruptcy Code, and in compliance with all other applicable provisions of the Bankruptcy Code

and the Bankruptcy Rules in connection with all of their respective activities relating to the solicitation of acceptances of the Plan.

E. *Impaired Classes that have Voted to Accept or Reject the Plan*. Classes 2A and 2B are each impaired under and entitled to vote on the Plan. Class 2A voted to reject the Plan. Class 2B creditors did not return any Plan ballots and therefore have not voted to accept the Plan.

F. *Classes Deemed to Accept Plan*. Classes 1A and 1B are unimpaired under the Plan. Pursuant to Section 1126(f) of the Bankruptcy Code, holders of claims in Classes 1A and 1B are conclusively presumed to have accepted the Plan.

G. *Releases, Exculpations and Injunctions*. Each of the release, exculpation and injunction provisions set forth in the Plan: (i) is within the jurisdiction of this Court under 28 U.S.C. §§ 1334(a), 1334(b), and 1334(d); (ii) is an essential means of implementing the Plan pursuant to 11 U.S.C. § 1123(a)(5); (iii) is an integral element of the transactions incorporated into the Plan; (iv) confers material benefits on, and is in the best interests of, the Debtor, the Debtor's bankruptcy estate, and the Debtor's creditors and interest holders; (v) is important to the overall objectives of the Plan to finally resolve all claims among or against the key parties in interest in the Case; and (vi) is consistent with Sections 105, 1123, 1129, 1141, 1191, and 1192 of the Bankruptcy Code, and all other applicable provisions of the Bankruptcy Code. The record of the Confirmation Hearing and the Case is sufficient to support the release, exculpation, and injunction provisions contained in the Plan.

H. *Plan Compliance with Bankruptcy Code - 11 U.S.C. § 1129(a)(1) and 1191(a)*. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying Sections 1191(a) and 1129(a)(1) of the Bankruptcy Code.

1. *Proper Classification - 11 U.S.C. §§ 1122, 1123(a)(1)*. Aside from administrative expense claims and priority tax claims, which need not be classified, the Plan designates four (4) classes of claims against the Debtor. The claims and interests placed in each class where applicable, are substantially similar to other claims and interests in each such class. Valid business, factual and legal reasons exist for separately classifying the various classes of claims and interests created under the Plan, and such classes do not unfairly

discriminate among holders of claims and interests. Thus, the Plan satisfies Sections 1122 and 1123(a)(1) of the Bankruptcy Code.

2. *Specify Unimpaired Class - 11 U.S.C. § 1123(a)(2)*. The Plan specifies that Classes 1A and 1B are unimpaired under the Plan, thereby satisfying Section 1123(a)(2) of the Bankruptcy Code.

3. *Specify Treatment of Impaired Classes - 11 U.S.C. § 1123(a)(3)*. The Plan specifies that Classes 2A and 2B are impaired, thereby satisfying Section 1123(a)(3) of the Bankruptcy Code.

4. *No Discrimination - 11 U.S.C. § 1123(a)(4)*. The Plan provides for the same treatment by the Debtor for each claim or interest in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest, thereby satisfying Section 1123(a)(4) of the Bankruptcy Code.

5. *Implementation of Plan - 11 U.S.C. § 1123(a)(5)*. The Plan, subject to the representations on the Court's record at the Plan confirmation hearing, appropriately sets forth the means of implementation and execution of the Plan.

6. *Non-Voting Equity Securities - 11 U.S.C. § 1123(a)(6)*. Because the Debtor is an individual, this provision is inapplicable to the Debtor.

7. *Selection of Officers and Directors - 11 U.S.C. § 1123(a)(7)*. There is no provision of the Plan that is contrary to the best interests of creditors or public policy with respect to the manner of selection of any officer, director or trustee. Accordingly, the requirements of Section 1123(a)(7) of the Bankruptcy Code are satisfied.

8. *Additional Plan Provisions - 11 U.S.C. § 1123(b)*. The Plan's additional provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code.

9. *Compliance with Fed. R. Bankr. P. 3016*. The Plan is dated and identifies the entity submitting it, thereby satisfying Bankruptcy Rule 3016(a). Further, the Plan describes in specific and conspicuous language all acts to be enjoined and identifies the entities that are

subject to the injunction provided under the Plan, satisfying Bankruptcy Rule 3016(c) to the extent applicable.

10. *Compliance with Fed. R. Bankr. P. 3017*. The Debtor has given appropriate and sufficient notice of the Confirmation Hearing in accordance with Bankruptcy Rule 3017(d). The solicitation materials were transmitted to creditors entitled to vote on the Plan in accordance with Bankruptcy Rule 3017(d).

11. *Compliance with Fed. R. Bankr. P. 3018*. The solicitation of votes to accept or reject the Plan satisfies Bankruptcy Rule 3018. The Plan was transmitted to all creditors entitled to vote on the Plan, sufficient time was prescribed for such creditors to accept or reject the Plan, and the solicitation materials used and solicitation procedures followed comply with Sections 1125 and 1126 of the Bankruptcy Code, thereby satisfying the requirements of Bankruptcy Rule 3018.

I. *Debtor's Compliance with Bankruptcy Code - 11 U.S.C. § 1129(a)(2)*. The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Section 1129(a)(2) of the Bankruptcy Code.

J. *Plan Proposed in Good Faith - 11 U.S.C. § 1129(a)(3)*. The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Section 1129(a)(3) of the Bankruptcy Code. In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the formulation of the Plan. Here, the Debtor field the Plan in good faith and discussed its provisions with and to the satisfaction of the Subchapter V Trustee.

K. *Payments for Services or Costs and Expenses - 11 U.S.C. § 1129(a)(4)*. All payments made or to be made by the Debtor or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with the Case, or in connection with the Plan and incident to the Case, have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying Section 1129(a)(4) of the Bankruptcy Code.

L. *Directors, Officers and Insiders - 11 U.S.C. § 1129(a)(5)*. **To the extent applicable, the Plan satisfies the requirements of Section 1129(a)(5) of the Bankruptcy Code.** ~~The Plan~~

1  ~~discloses the identity and affiliations of the individuals [Debtor] proposed to serve, after confirmation~~
2  ~~of the Plan, as a director, officer or manager of the Reorganized Debtor, thereby satisfying Section~~
3  ~~1129(a)(5) of the Bankruptcy Code.~~

4    M. *No Rate Changes - 11 U.S.C. § 1129(a)(6)*.  Because the Debtor is an individual, there
5  is no regulatory commission having jurisdiction after confirmation of the Plan over the rates of the
6  Debtor and no rate change provided for in the Plan requiring approval of any such commission.
7  Therefore, Section 1129(a)(6) of the Bankruptcy Code is not applicable.

8    N. *Best Interests of Creditors - 11 U.S.C. § 1129(a)(7)*.  The Plan satisfies Section
9  1129(a)(7) of the Bankruptcy Code since, with respect to each impaired class, each holder of a claim
10 or interest in such class has either (i) accepted the Plan, or (ii) will receive or retain under the Plan
11 on account of such claim or interest property of a value, as of the Effective Date, that is not less than
12 the amount such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the
13 Bankruptcy Code.

14   O. *Acceptance by Certain Classes - 11 U.S.C. §§ 1129(a)(8) and 1191(a)*.  Classes 1A
15 and 1B are unimpaired under the Plan and, therefore, deemed to have accepted the Plan under Section
16 1126(f) of the Bankruptcy Code.  However, as discussed below, required classes have not voted to
17 accept the Plan and, therefore, the plan cannot be confirmed under 11 U.S.C. § 1191(a).

18   P. *Rejection by Certain Classes - 11 U.S.C. §§ 1129(a)(8) and 1191(b)*.  Classes 2A and
19 2B, which are classes of impaired claims, have voted to reject the Plan.  The Plan does not meet the
20 requirements of 11 U.S.C. § 1129(a)(8) with respect to Classes 2A and 2B, but the Plan nonetheless
21 is confirmable pursuant to 11 U.S.C. § 1191(b) because the Plan does not discriminate unfairly and
22 is fair and equitable with respect to Classes 2A and 2B.

23   Q. *Plan Does Not Discriminate Unfairly And Is Fair and Equitable to Class 3 - 11 U.S.C.*
24 *§ 1191(b)*.  The Plan meets the requirements of Section 1191(b) for confirmation on Classes 2A and
25 2B.  The Plan's treatment of the creditors in Class 2A and 2B does not discriminate unfairly because
26 all unsecured claims (in Classes 2A and 2B) are treated in exactly the same manner under the Plan.
27 Therefore, the Plan does not unfairly discriminate against Classes 2A and 2B.  The Plan's treatment
28 of creditors in Classes 2A and 2B is fair and equitable since the Plan provides for funding by the

1  Debtor's mother in advance of the Effective Date of 100% of the liquidation value of the assets of
2  the estate, which will be distributed to creditors.  Therefore, the requirements of Section 1191(b) of
3  the Bankruptcy Code have been satisfied for confirmation of the Plan.

4  R. *Treatment of Administrative, Priority and Tax Claims -- 11 U.S.C. § 1129(a)(9)*.
5  There will be sufficient cash on the later of the Effective Date or the date of entry of an order allowing
6  the applicable administrative expense claim to pay all allowed administrative expense claims in full
7  (or as otherwise agreed to by the holders of such allowed administrative expense claims).  There are
8  no holders of claims under Section 507(a)(3), (4), (5), (6), or (7) of the Bankruptcy Code in this Case.
9  There will also be sufficient funds on hand to satisfy the priority tax claims under Section 507(a)(8)
10 against the Debtor and its bankruptcy estate (*i.e.*, the priority tax claim of the Franchise Tax Board),
11 which will be paid in full upon determination of the obligation based on amended returns to be filed
12 by the Effective Date of the Plan.  Based upon the foregoing, the Plan satisfies the requirements of
13 Section 1129(a)(9) of the Bankruptcy Code.

14 S. *Rejection by Impaired Class - 11 U.S.C. § 1129(a)(10)*.  Classes 2A and 2B are classes
15 of impaired claims entitled to vote and have not voted to accept the Plan in accordance with Section
16 1126(c) of the Bankruptcy Code. Therefore, the requirement of Section 1129(a)(10) of the
17 Bankruptcy Code that at least one class of claims against the Debtor that is impaired under the Plan
18 has accepted the Plan, determined without including any acceptance of the Plan by any insider, has
19 not been satisfied. However, as set forth above, Section 1191(b) provides that, if the requirement of
20 Section 1129(a)(10) is not met, the court may nonetheless confirm the plan pursuant to Section
21 1191(b) and (c) if the plan does not discriminate unfairly and is fair and equitable with respect to the
22 classes that did not vote to accept the plan.

23 T. *Feasibility - 11 U.S.C. § 1129(a)(11)*.  The Reorganized Debtor will have enough cash
24 on hand on the Effective Date to pay all the claims that are entitled to be paid on such date.  The
25 transactions described in the Plan will generate sufficient funds to pay all classes of claims in
26 accordance with the terms of the Plan.  Based upon the foregoing and in reliance upon the Debtor's
27 representation that her mother will provide sufficient funding to meet any cash flow shortfalls in her
28

52013808.1                                    7

post-confirmation projections, the Court finds that the Debtor has satisfied the requirements of Section 1129(a)(11) of the Bankruptcy Code.

U. *Payment of Fees - 11 U.S.C. § 1129(a)(12)*. All fees payable under 28 U.S.C. § 1930 on or before the Effective Date, as determined by the Court, have been paid or will be paid on the Effective Date, thus satisfying the requirements of Section 1129(a)(12) of the Bankruptcy Code. However, because this is a Subchapter V case, quarterly fees to the Office of the U.S. Trustee are not required herein.

V. *Continuation of Retiree Benefits - 11 U.S.C. § 1129(a)(13)*. Because the Debtor is an individual, this provision is inapplicable to this case.

W. *Payment of Domestic Support Obligations- 11 U.S.C. § 1129(a)(14)*. Section 1129(a)(14) does not apply to the Debtor because she does not have any domestic support obligations.

X. *Distribution to Creditor Who Objects to the Plan – 11 U.S.C. § 1129(a)(15)*. Pursuant to the Plan, the value of the property to be distributed under the Plan is not less than the projected disposable income of the Debtor to be received during the 5-year beginning on the date that the first payment is due under the plan, or during the period for which the plan provides payments, whichever is longer. As a result, this provision is satisfied.

Y. *Transfers of Property – 11 U.S.C. § 1129(a)(16)*. Section 1129(a)(16) of the Bankruptcy Code does not apply to this Case because the Debtor is not a non-profit corporation.

Z. *Principal Purpose - 11 U.S.C. § 1129(d)*. The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of Section 5 of the Securities Act of 1933. The Plan therefore satisfies the requirements of Section 1129(d) of the Bankruptcy Code.

AA. *Burden of Proof*. The Debtor, as the proponent of the Plan, has met her burden of proving the elements of Sections 1191 of the Bankruptcy Code by a preponderance of the evidence.

//
//
//
//
//

BB.  *Satisfaction of Confirmation Requirements*.  The Plan satisfies the requirements for confirmation set forth in Section 1191(b) of the Bankruptcy Code.

###

Date: December 16, 2024

_____
Sheri Bluebond
United States Bankruptcy Judge